# Supreme Court of Florida

_____

No. SC18-1860
_____

**IN RE: STANDARD JURY INSTRUCTIONS IN CRIMINAL CASES—
REPORT 2018-12.**

May 30, 2019

PER CURIAM.

The Supreme Court Committee on Standard Jury Instructions in Criminal

Cases (Committee) has submitted proposed changes to the standard jury

instructions and asks that the Court authorize the amended standard instructions for

publication and use. We have jurisdiction. *See* art. V, § 2(a), Fla. Const.

On November 8, 2018, the Committee filed a report proposing amendments

to the following existing instructions: 3.6(m) (Affirmative Defense: Temporary

Possession of Controlled Substance for Legal Disposal); 3.6(n) (Affirmative

Defense: Controlled Substance Was Lawfully Obtained from a Practitioner or

Pursuant to a Valid Prescription); 25.2 (Sale, Purchase, Manufacture, Delivery, or

Possession with Intent to Sell, Purchase, Manufacture, or Deliver a Controlled

Substance); 25.3 (Sale, Purchase, Delivery, or Possession in Excess of Ten Grams

of a Controlled Substance); 25.4 (Delivery of a Controlled Substance to or Use of Minor); 25.5 (Bringing a Controlled Substance into the State); 25.6 (Sell, Manufacture, Deliver, or Possession with Intent to Sell, Manufacture or Deliver a Controlled Substance in Specified Locations); 25.8 (Obtaining a Controlled Substance by Fraud, etc.); 25.14 (Use or Possession with Intent to Use Drug Paraphernalia); 25.15 (Delivery, Possession with Intent to Deliver, or Manufacture with Intent to Deliver Drug Paraphernalia); 25.17 (Contraband in County Detention Facility); 25.18 (Contraband in Juvenile [Detention Facility] [Commitment Program]); 25.19 (Unlawful Sale, Manufacture, Alteration, Delivery, Uttering or Possession of Counterfeit-Resistant Prescription Blanks for Controlled Substances); 25.20 (Possession of Contraband [in] [upon the Grounds of] a State Correctional Institution); and 25.21 ([Introduction] [Removal] of Contraband [into] [from] a State Correctional Institution).  The Committee also proposes deleting instructions 25.9 (Trafficking in Cannabis), 25.10 (Trafficking in Cocaine), 25.11 (Trafficking in [Morphine] [Opium] [Hydromorphone] [Heroin] [(Specific Substance Alleged)]), 25.11(a) (Trafficking in Hydrocodone), 25.11(b) (Trafficking in Oxycodone), 25.12 (Trafficking in Phencyclidine), 25.13 (Trafficking in Methaqualone), 25.13(a) (Trafficking in [Amphetamine] [Methamphetamine]), 25.13(b) (Trafficking in Flunitrazepam), 25.13(c) (Trafficking in [GHB] [GBL] [1,4-Butanediol]), 25.13(d) (Trafficking in

- 2 -

Phenethylamines (Includes MDMA)), and 25.13(e) (Trafficking in LSD). In addition, a new instruction, 25.7(a) (Trafficking in (Name of Controlled Substance)), is proposed. The proposals were published in *The Florida Bar News*; the Committee did not receive any comments.

We authorize the proposed amendments to the instructions for publication and use as proposed with certain modifications, and discuss the more significant amendments to the instructions.

First, to the extent that the instructions address the concept of "possession," they include the new format as previously authorized by the Court. *See, e.g.*, *In re Std. Jury Instrs. in Criminal Cases—Report 2018-10*, 259 So. 3d 765, 766 (Fla. 2018); *In re Std. Jury Instrs. in Criminal Cases—Report 2018-08*, 259 So. 3d 754, 756 (Fla. 2018); *In re Std. Jury Instrs. in Criminal Cases—Report 2017-03*, 238 So. 3d 182 (Fla. 2018).

Next, the instructions that include the affirmative defense inference pertaining to lack of knowledge of the illicit nature of a controlled substance, *see* sections 893.101(2) and 893.101(3), Florida Statutes (2018), are revised consistent with the language previously authorized in instruction 25.7 (Possession of a Controlled Substance). *See In re Std. Jury Instrs. in Criminal Cases—Report 2017-03*, 238 So. 3d at 191.

On the Court's own motion, we amend the table of lesser-included offenses for instructions 25.17, 25.18, and 25.21 to reflect that possession of a controlled substance is not necessarily a category one lesser-included offense of contraband in either a county detention facility, a juvenile detention facility or commitment program, or a state correctional institution, respectively.

Lastly, instructions 25.9, 25.10, 25.11, 25.11(a), 25.11(b), 25.12, 25.13, 25.13(a), 25.13(b), 25.13(c), 25.13(d), and 25.13(e), which individually pertain to trafficking of a specifically named controlled substance, are hereby deleted. In their place, new instruction 25.7(a) is authorized, which provides for the insertion of the name of the particular drug charged.

Having considered the Committee's report, we authorize the new and amended instructions as set forth in the appendix to this opinion for publication and use.[1] In addition, instructions 25.9, 25.10, 25.11, 25.11(a), 25.11(b), 25.12, 25.13, 25.13(a), 25.13(b), 25.13(c), 25.13(d), and 25.13(e) are deleted. New language is indicated by underlining, and deleted language is indicated by struck-through type. We caution all interested parties that any comments associated with

---

1. The amendments as reflected in the appendix are to the Criminal Jury Instructions as they appear on the Court's website at www.floridasupremecourt.org /jury_instructions/instructions.shtml. We recognize that there may be minor discrepancies between the instructions as they appear on the website and the published versions of the instructions. Any discrepancies as to instructions authorized for publication and use after October 25, 2007, should be resolved by reference to the published opinion of this Court authorizing the instruction.

the instructions reflect only the opinion of the Committee and are not necessarily indicative of the views of this Court as to their correctness or applicability. In authorizing the publication and use of these instructions, we express no opinion on their correctness and remind all interested parties that this authorization forecloses neither requesting additional or alternative instructions nor contesting the legal correctness of the instructions. The instructions as set forth in the appendix shall become effective when this opinion becomes final.

It is so ordered.

CANADY, C.J., and POLSTON, LABARGA, LAWSON, LAGOA, LUCK, and MUÑIZ, JJ., concur.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION AND, IF FILED, DETERMINED.

Original Proceeding – Supreme Court Committee on Standard Jury Instructions in Criminal Cases

Judge F. Rand Wallis, Chair, Supreme Court Committee on Standard Jury Instructions in Criminal Cases, Daytona Beach, Florida; and Bart Schneider, Staff Liaison, Office of the State Courts Administrator, Tallahassee, Florida,

for Petitioner

## 3.6(m)  AFFIRMATIVE DEFENSE: TEMPORARY POSSESSION OF <u>A</u> CONTROLLED SUBSTANCE FOR LEGAL DISPOSAL

**It is a defense to the charge of [possession of a controlled substance] [trafficking via possession] for a person to briefly possess a controlled substance for the sole purpose of legal disposal. In order to find the defendant briefly possessed a controlled substance for the sole purpose of legal disposal, you must find all of the following:**

1. (Defendant) **possessed the controlled substance.**

2. (Defendant) **acquired the controlled substance without unlawful intent.**

3. **The possession of the controlled substance was brief and** (defendant) **sought to dispose of the controlled substance without delay.**

4. **The temporary possession was solely for the purpose of legal disposal.**

*Definitions.*
**"Legal disposal" means to destroy or throw away the controlled substance or to turn in the controlled substance to a law enforcement officer.**

<u>**To "possess a substance" means the defendant a) knew of the existence of the substance and b) intentionally exercised control over that substance.**</u>

*<u>Give if applicable.</u>*
<u>**Control can be exercised over a substance whether the substance is carried on a person, near a person, or in a completely separate location. Mere proximity to a substance does not establish that the person intentionally exercised control over the substance in the absence of additional evidence. Control can be established by proof that** (defendant) **had direct personal power to control the substance or the present ability to direct its control by another.**</u>

*<u>Joint possession. Give if applicable.</u>*

**Possession of a substance may be sole or joint, that is, two or more persons may possess a substance.**

**This defense does not apply if** (defendant) **disposed of or surrendered a controlled substance because [he] [she] believed a law enforcement officer had discovered, or would have imminently discovered that [he] [she] was in possession of a controlled substance.**

*There is no statute for the defense of "legal disposal" and, as of October 2018, the case law is silent as to (1) which party bears the burden of persuasion of the affirmative defense and (2) the standard for the burden of persuasion. Under the common law, defendants had both the burden of production and the burden of persuasion on an affirmative defense by a preponderance of the evidence.*
*The Florida Supreme Court has often decided, however, that once a defendant meets the burden of production on an affirmative defense, the burden of persuasion is on the State to disprove the affirmative defense beyond a reasonable doubt (e.g., self-defense and consent to enter in a burglary prosecution). In the absence of case law, trial judges must resolve the issue via a special instruction. See the opinion in Dixon v. United States, 548 U.S. 1 (2006), for further guidance.*

*If burden of persuasion is on the defendant:*
**If you find that defendant proved** *(insert appropriate burden of persuasion)* **that [he] [she] temporarily possessed the controlled substance solely for legal disposal, you should find [him] [her] not guilty. If the defendant did not prove** *(insert appropriate burden of persuasion)* **that [he] [she] temporarily possessed the controlled substance solely for legal disposal, you should find [him] [her] guilty if all the elements of the charge have been proven beyond a reasonable doubt.**

*If burden of persuasion is on the State:*
**If you find that the State proved** *(insert appropriate burden of persuasion)* **that the defendant did not temporarily possess the controlled substance solely for legal disposal, you should find [him] [her] guilty, if all of the elements of the charge have been proven beyond a reasonable doubt. However, if you are not convinced** *(insert appropriate burden of persuasion)* **that the defendant did not temporarily possess the controlled substance solely for legal disposal, you should find [him] [her] not guilty.**

**Comments**

*See Ramsubhag v. State, 937 So. 2d 1192 (Fla. 4th DCA 2006)* and *Stanton v. State, 746 So. 2d 1229 (Fla. 3d DCA 1999)* for discussion on this topic.

This instruction was adopted in 2013 [141 So. 3d 132] and amended in 2019.

### 3.6(n)  AFFIRMATIVE DEFENSE: CONTROLLED SUBSTANCE WAS LAWFULLY OBTAINED FROM A PRACTITIONER OR PURSUANT TO A VALID PRESCRIPTION
§§ 499.03(1), 893.13(6)(a) Fla. Stats.

**It is a defense to the charge of [possession] [trafficking via possession] for a person to possess a controlled substance which [he] [she] lawfully obtained from a practitioner or pursuant to a valid prescription or order of a practitioner while acting in the course of his or her professional practice.**

*Like all affirmative defenses and pursuant to § 893.10(1), Fla. Stat., the burden of going forward with evidence of the "controlled substance was lawfully obtained" defense is upon the defendant. Fla. Stats. 893.10(1), 893.13(6)(a), and 499.03(1) are silent, however, as to the burden of persuasion for the affirmative defense. There is no case law, as of October 2018, as to (1) which party bears the burden of persuasion of the affirmative defense and (2) the standard for the burden of persuasion. Under the common law, defendants had both the burden of production and the burden of persuasion on an affirmative defense by a preponderance of the evidence.*

*The Florida Supreme Court has often decided, however, that once a defendant meets the burden of production on an affirmative defense, the burden of persuasion is on the State to disprove the affirmative defense beyond a reasonable doubt (e.g., self-defense and consent to enter in a burglary prosecution). In the absence of case law, trial judges must resolve the issue via a special instruction. See the opinion in Dixon v. United States, 548 U.S. 1 (2006), for further guidance.*

*For example, if the burden to prove the affirmative defense is on the defendant under the preponderance of the evidence standard.*

**If you find the defendant proved by a preponderance of the evidence that [he] [she] lawfully obtained the controlled substance from a practitioner or pursuant to a valid prescription or order of a practitioner while acting in the course of his or her professional practice, you should find [him] [her] not guilty of [possession of a controlled substance] [trafficking via possession]. If the defendant did not prove by a preponderance of the evidence that [he] [she]**

**lawfully obtained the controlled substance from a practitioner or pursuant to a valid prescription or order of a practitioner while acting in the course of his or her professional practice, you should find [him] [her] guilty, if all the elements of the charge have been proven beyond a reasonable doubt.**

*Or, if the burden of disproving the affirmative defense is on the State under the beyond a reasonable doubt standard.*
**If you find that the State proved beyond a reasonable doubt that the defendant did not lawfully obtain the controlled substance from a practitioner or pursuant to a valid prescription or order of a practitioner while acting in the course of his or her professional practice, you should find [him] [her] guilty, if all of the elements of the charge have also been proven beyond a reasonable doubt. However, if you have a reasonable doubt as to whether the defendant lawfully obtained the controlled substance from a practitioner or pursuant to a valid prescription or order of a practitioner while acting in the course of his or her professional practice, you should find [him] [her] not guilty of [possession of a controlled substance] [trafficking via possession].**

*Definitions.*
**To "possess a substance" means the defendant a) knew of the existence of the substance and b) intentionally exercised control over that substance.**

*Give if applicable.*
**Control can be exercised over a substance whether the substance is carried on a person, near a person, or in a completely separate location. Mere proximity to a substance does not establish that the person intentionally exercised control over the substance in the absence of additional evidence. Control can be established by proof that** (defendant) **had direct personal power to control the substance or the present ability to direct its control by another.**

*Joint possession. Give if applicable.*
**Possession of a substance may be sole or joint, that is, two or more persons may possess a substance.**

*§ 893.02(~~21~~23), Fla. Stat.*
**"Practitioner" means a physician licensed pursuant to chapter 458, a dentist licensed pursuant to chapter 466, a veterinarian licensed pursuant to chapter 474, an osteopathic physician licensed pursuant to chapter 459, an advanced registered nurse practitioner certified under chapter 464, a naturopath licensed pursuant to chapter 462, a certified optometrist licensed**

**under chapter 463, a psychiatric nurse who has an advanced registered nurse practitioner certified under § 464.012, Fla. Stat., and who has a master's or doctoral degree in psychiatric nursing, holds a national advanced practice certification as a psychiatric mental health advanced practice nurse, and has 2 years of post-master's clinical experience under the supervision of a physician,** ~~or~~ **a podiatric physician licensed pursuant to chapter 461, or a physician assistant licensed under chapter 458 or chapter 459, provided such practitioner holds a valid federal controlled substance registry number.**

*§ 893.02(~~22~~24), Fla. Stat.*

~~**"Prescription" means and includes an order for drugs or medicinal supplies written, signed, or transmitted by word of mouth, telephone, telegram, or other means of communication by a duly licensed practitioner licensed by the laws of the state to prescribe such drugs or medicinal supplies, issued in good faith and in the course of professional practice, intended to be filled, compounded, or dispensed by another person licensed by the laws of the state to do so. The term also includes an order for drugs or medicinal supplies so transmitted or written by a physician, dentist, veterinarian, or other practitioner licensed to practice in a state other than Florida if the pharmacist called upon to fill the order determines, in the exercise of his or her professional judgment, that the order was issued pursuant to a valid patient-physician relationship, that it is authentic, and that the drugs or medicinal supplies ordered are considered necessary for the continuation of treatment of a chronic or recurrent illness.~~**"Prescription" includes any order for drugs or medicinal supplies which is written or transmitted by any means of communication by a licensed practitioner authorized by the laws of this state to prescribe such drugs or medicinal supplies, is issued in good faith and in the course of professional practice, is intended to be dispensed by a person authorized by the laws of this state to do so, and meets the requirements of § 893.04, Fla. Stat.** (*If there is a dispute about whether the requirements were met, the judge should insert those requirements or the requirement(s) in dispute.)*

**[The term also includes an order for drugs or medicinal supplies transmitted or written by a physician, dentist, veterinarian, or other practitioner licensed to practice in a state other than Florida, but only if the pharmacist called upon to fill such an order determines, in the exercise of his or her professional judgment, that the order was issued pursuant to a valid patient-physician relationship, that it is authentic, and that the drugs or medicinal supplies ordered are considered necessary for the continuation of treatment of a chronic or recurrent illness.]**

## Comments

A special instruction is necessary where there is evidence that the defendant acted as an agent for the person who had a prescription. *See McCoy v. State*, 56 So. 3d 37 (Fla. 1st DCA 2010).

It is undecided whether a defendant may rely on the prescription defense when he or she is charged with Possession With Intent. *See Celeste v. State*, 79 So. 3d 898 (Fla. 5th DCA 2012); *Ayotte v. State*, 67 So. 3d 330 (Fla. 1st DCA 2011); and *Wagner v. State*, 88 So. 3d 250 (Fla. 4th DCA 2012).

*See Knipp v. State*, 67 So. 3d 376 (Fla. 4th DCA 2011) regarding the availability of the prescription defense for a person who obtained the prescription in violation of the doctor shopping statute.

This instruction was adopted in 2013 [141 So. 3d 132] and amended in 2019.

## 25.2 SALE, PURCHASE, MANUFACTURE, DELIVERY, OR POSSESSION WITH INTENT TO SELL, PURCHASE, MANUFACTURE, OR DELIVER A CONTROLLED SUBSTANCE
§ 893.13(1)(a), Fla. Stat.; and§ 893.13(2)(a), Fla. Stat.

**Certain drugs and chemical substances are by law known as "controlled substances."** (Specific substance alleged) **is a controlled substance.**

**To prove the crime of** (crime charged)**, the State must prove the following three elements beyond a reasonable doubt:**

1. (Defendant) **[sold] [manufactured] [delivered] [purchased] [possessed with intent to [sell] [manufacture] [deliver] [purchase]] a certain substance.**

2. **The substance was** (specific substance alleged)**.**

3. (Defendant) **had knowledge of the presence of the substance.**

*Delivery of 20 Grams or Less of Cannabis without consideration is a misdemeanor. See § 893.13(3), Fla. Stat. If the State charges the felony of Delivery*

- 11 -

*of More Than 20 Grams of Cannabis, the jury must make a finding as to the weight. Give if applicable.*

**If you find that** (defendant) **is guilty of Delivery of Cannabis, you must then determine if the State proved beyond a reasonable doubt that the cannabis weighed more than 20 grams.**

*Definitions. Give as applicable.*
*Cannabis. §§ 893.02(3)~~; 893.13(3); 893.13(6)(b)~~, Fla. Stats~~.~~*
*See Comment section for medical marijuana.*

**Cannabis means all parts of any plant of the genus *Cannabis*, whether growing or not and the seeds thereof<u>; and the resin extracted from any part of the plant; and every compound, manufacture, salt, derivative, mixture, or preparation of the plant or its seeds or resin.</u>**

*Sell.*
**"Sell" means to transfer or deliver something to another person in exchange for money or something of value or a promise of money or something of value.**

*Manufacture. § 893.02(15)(a), Fla. Stat.*
**"Manufacture" means the production, preparation, propagation, compounding, cultivating, growing, conversion, or processing of a controlled substance, either directly or indirectly, by extraction from substances of natural origin, or independently by means of chemical synthesis, or by a combination of extraction and chemical synthesis, and includes any packaging of the substance or labeling or relabeling of its container.**

*Give if applicable.*
**The term "manufacture" does not include the preparation, compounding, packaging, or labeling of a controlled substance by:**

**1. A practitioner or pharmacist as an incident to his or her administering or delivering of a controlled substance in the course of his or her professional practice.**

**2. A practitioner, or by his or her authorized agent under the practitioner's supervision, for the purpose of, or as an incident to, research, teaching, or chemical analysis, and not for sale.**

*Deliver. § 893.02(6), Fla. Stat.*

**"Deliver" or "delivery"** means the actual, constructive, or attempted transfer from one person to another of a controlled substance, whether or not there is an agency relationship.

*Possession.*
**There are two types of possession: actual possession and constructive possession.**

*Actual possession.*
**Actual possession means the person is aware of the presence of the substance and:**

a.  **The substance is in the hand of or on the person, or**
b.  **The substance is in a container in the hand of or on the person, or**
c.  **The substance is so close as to be within ready reach and is under the control of the person.**

*Constructive possession.*
**Constructive possession means the person is aware of the presence of the substance, the substance is in a place over which the person has control, and the person has the ability to control the substance.**

*Give if applicable.*
**Mere proximity to a substance is not sufficient to establish the power and intention to control that substance when the substance is in a place that the person does not control.**

*Give if applicable.*
**In order to establish** (defendant's) **constructive possession of a substance that was in a place [he] [she] did not control, the State must prove** (defendant) **(1) knew that the substance was within [his] [her] presence and (2) exercised control or ownership over the substance itself.**

*Joint possession.*
**Possession of a substance may be sole or joint, that is, two or more persons may be aware of the presence of the substance and may jointly exercise control over it. In that case, each of those persons is considered to be in possession of the substance.**

*Give if applicable. § 893.02(19), Fla. Stat.*

~~"**Possession**" **includes temporary possession for the purpose of verification or testing, irrespective of dominion or control.**~~

*~~Inferences.~~*
*~~Exclusive control. Henderson v. State, 88 So. 3d 1060 (Fla. 1st DCA 2012); Meme v. State, 72 So. 3d 254 (Fla. 4th DCA 2011).~~*
~~**If you find that** (defendant)**:**~~

~~a.     **had direct physical custody of the substance, [or]**~~
~~b.     **was within ready reach of the substance and the substance was under [his] [her] control, [or]**~~
~~c.     **had exclusive control of the place where the substance was located,**~~

~~**you may infer that [he] [she] was aware of the presence of the substance and had the power and intention to control it.**~~

~~**If** (defendant) **did not have exclusive control over the place where a substance was located, you may not infer [he] [she] had knowledge of the presence of the substance or the power and intention to control it, in the absence of other incriminating evidence.**~~

*~~Give if applicable. See Duncan v. State, 986 So. 2d 653 (Fla. 4th DCA 2008).~~*
~~**However, you may infer that** (defendant) **knew of the presence of the substance and had the power and intention to control it if [he] [she] had joint control over the place where the substance was located, and the substance was located in a common area in plain view and in the presence of the defendant.**~~

**To prove** (defendant) **"possessed a substance," the State must prove beyond a reasonable doubt that [he] [she] a) knew of the existence of the substance and b) intentionally exercised control over that substance.**

*Give if applicable.*
**Control can be exercised over a substance whether the substance is carried on a person, near a person, or in a completely separate location. Mere proximity to a substance does not establish that the person intentionally exercised control over the substance in the absence of additional evidence. Control can be established by proof that** (defendant) **had direct personal power to control the substance or the present ability to direct its control by another.**

*Joint possession. Give if applicable.*

- 14 -

**Possession of a substance may be sole or joint, that is, two or more persons may possess a substance.**

*Affirmative defense: Lack of knowledge of illicit nature. Give if applicable. § 893.101(2) and (3), Fla. Stat.*

**Lack of knowledge of the illicit nature of a controlled substance is a defense to** (crime charged)**.**

**You** ~~are permitted~~**may but are not required to infer that** (defendant) **was aware of the illicit nature of the controlled substance if you find that [he] [she]** ~~knew of the presence of~~**possessed the controlled substance** ~~and exercised control or ownership over the substance~~**.**

*Give if applicable. See McMillon v. State, 813 So. 2d 56 (Fla. 2002).*

**You** ~~are permitted~~**may but are not required to infer that a person who sells a controlled substance knows of its illicit nature.**

**If you are convinced beyond a reasonable doubt that** (defendant) **knew of the illicit nature of the controlled substance, and all of the elements of the charge have been proved, you should find [him] [her] guilty of** (crime charged)**.**

**If you have a reasonable doubt on the question of whether** (defendant) **knew of the illicit nature of the controlled substance, you should find [him] [her] not guilty of** (crime charged)**.**

**Lesser Included Offenses**

| SALE, PURCHASE, MANUFACTURE, DELIVERY OR POSSESSION WITH INTENT— 893.13(1)(a) and (2)(a) | | | |
|---|---|---|---|
| **CATEGORY ONE** | **CATEGORY TWO** | **FLA. STAT.** | **INS. NO.** |
| *Possession of a Controlled Substance, if Possession With Intent is charged | | 893.13(6) | 25.7 |
| *Delivery of 20 Grams or Less of Cannabis, if Delivery of More than 20 Grams of Cannabis is charged | | 893.13(3) | 25.2 |
| | Attempt, except when delivery is charged | 777.04(1) | 5.1 |

### Comments

*The crime of Possession of a Controlled Substance is not a necessarily lesser-included crime of Manufacture of a Controlled Substance. *Anderson v. State*, 447 So. 2d 236 (Fla. 1st DCA 1983). Also, Possession of a Controlled Substance is not a necessary lesser-included offense of Sale of a Controlled Substance. *State v. McCloud*, 577 So. 2d 939 (Fla. 1991). It is unclear if the courts will determine that a person charged with Purchase or Delivery of a Controlled Substance is necessarily charged with Possession of a Controlled Substance.

If the State alleges the defendant possessed cannabis, in an amount more than 20 grams, with intent to sell, purchase, deliver, or manufacture the cannabis, there will be both a felony necessary lesser-included offense of simple possession and a misdemeanor lesser-included offense of simple possession. See § 893.13(6)(b), Fla. Stat.

There is no crime of Attempted Delivery because the definition of "delivery" in § 893.03(6), Fla. Stat. includes the attempt to transfer from one person to another.

Starting in 2014, the ~~l~~Legislature passed laws pertaining to "medical cannabis" or "low-THC cannabis," which is excluded from the definition of "cannabis" in § 893.02(3), Fla. Stat.; is defined in § 381.986(1), Fla. Stat.; and must be manufactured, possessed, sold, purchased, delivered, distributed, or dispensed in conformance with § 381.986, Fla. Stat. A special instruction will be necessary in cases where a defendant relies on a cannabis-related prescription defense.

This instruction was adopted in 1981 and amended in 1989 [543 So. 2d 1205], 1997 [697 So. 2d 84], 2007 [969 So. 2d 245], 2014 [153 So. 3d 192], 2016 [191 So. 3d 291], ~~and~~ 2017 [216 So. 3d 497], and 2019.


**25.3 SALE, PURCHASE, DELIVERY, OR POSSESSION IN EXCESS OF TEN GRAMS OF A CONTROLLED SUBSTANCE**
§ 893.13(1)(b), Fla. Stat.; § 893.13(2)(b), Fla. Stat.; and § 893.13(6)(c), Fla. Stat.
*~~This instruction will have to be altered if a combination of substances is alleged.~~*

**Certain drugs and chemical substances are by law known as "controlled substances."** (Specific substance alleged) **is a controlled substance.**

**To prove the crime of** (crime charged)**, the State must prove the following ~~three~~four elements beyond a reasonable doubt:**

1. (Defendant) **[sold] [purchased] [delivered] [or] [possessed]** ~~a certain substance that weighed more than 10 grams~~**[a certain substance] [a mixture] [a combination of substances].**

2. **The [substance] [mixture] [combination of substances] ~~was~~contained** (specific substance alleged)**.**

3. **The [substance] [mixture] [combination of substances] weighed more than 10 grams.**

~~3~~4**.** (Defendant) **had knowledge of the presence of the substance.**

*Definitions. Give as applicable.*
*Sell.*

**"Sell"** means to transfer or deliver something to another person in exchange for money or something of value or a promise of money or something of value.

*Deliver. § 893.02(6), Fla. Stat.*
**"Deliver" or "delivery" means the actual, constructive, or attempted transfer from one person to another of a controlled substance, whether or not there is an agency relationship.**

*Mixture. § 893.02(16), Fla. Stat.*
**"Mixture" means any physical combination of two or more substances, including, but not limited to, a blend, an aggregation, a suspension, an emulsion, a solution, or a dosage unit, whether or not such combination can be separated into its components by physical means, whether mechanical or thermal.**

*Possession.*
**There are two types of possession: actual possession and constructive possession.**

*Actual possession.*
**Actual possession means the person is aware of the presence of the substance and:**

> a. **The substance is in the hand of or on the person, or**
> b. **The substance is in a container in the hand of or on the person, or**
> c. **The substance is so close as to be within ready reach and is under the control of the person.**

*Constructive possession.*
**Constructive possession means the person is aware of the presence of the substance, the substance is in a place over which the person has control, and the person has the ability to control the substance.**

*Give if applicable.*
**Mere proximity to a substance is not sufficient to establish the power and intention to control that substance when the substance is in a place that the person does not control.**

*Give if applicable.*
**In order to establish** (defendant's) **constructive possession of a substance that was in a place [he] [she] did not control, the State must prove** (defendant)

**(1) knew that the substance was within [his] [her] presence and (2) exercised control or ownership over the substance itself.**

*Joint possession.*
**Possession of a substance may be sole or joint, that is, two or more persons may be aware of the presence of the substance and may jointly exercise control over it. In that case, each of those persons is considered to be in possession of the substance.**

*Give if applicable. § 893.02(19), Fla. Stat.*
**"Possession" includes temporary possession for the purpose of verification or testing, irrespective of dominion or control.**

*Inferences.*
*Exclusive control. Henderson v. State, 88 So. 3d 1060 (Fla. 1st DCA 2012); Meme v. State, 72 So. 3d 254 (Fla. 4th DCA 2011).*
**If you find that** (defendant)**:**

> a. **had direct physical custody of the substance, [or]**
> b. **was within ready reach of the substance and the substance was under [his] [her] control, [or]**
> c. **had exclusive control of the place where the substance was located,**

**you may infer that [he] [she] was aware of the presence of the substance and had the power and intention to control it.**

**If** (defendant) **did not have exclusive control over the place where a substance was located, you may not infer [he] [she] had knowledge of the presence of the substance or the power and intention to control it, in the absence of other incriminating evidence.**

*Give if applicable. See Duncan v. State, 986 So. 2d 653 (Fla. 4th DCA 2008).*
**However, you may infer that** (defendant) **knew of the presence of the substance and had the power and intention to control it if [he] [she] had joint control over the place where the substance was located, and the substance was located in a common area in plain view and in the presence of the defendant.**

<u>**To prove** (defendant) **"possessed a substance," the State must prove beyond a reasonable doubt that [he] [she] a) knew of the existence of the substance and b) intentionally exercised control over that substance.**</u>

*<u>Give if applicable.</u>*

**Control can be exercised over a substance whether the substance is carried on a person, near a person, or in a completely separate location. Mere proximity to a substance does not establish that the person intentionally exercised control over the substance in the absence of additional evidence. Control can be established by proof that** (defendant) **had direct personal power to control the substance or the present ability to direct its control by another.**

*Joint possession. Give if applicable.*
**Possession of a substance may be sole or joint, that is, two or more persons may possess a substance.**

*Affirmative defense: Lack of knowledge of illicit nature. Give if applicable. § 893.101(2) and (3), Fla. Stat.*
**Lack of knowledge of the illicit nature of a controlled substance is a defense to** (crime charged)**. You** ~~are permitted~~ **may but are not required to infer that** (defendant) **was aware of the illicit nature of the controlled substance if you find that [he] [she]** ~~knew of the presence of~~**possessed the controlled substance** ~~and exercised control or ownership over the substance~~**.**

*Give if applicable. See McMillon v. State, 813 So. 2d 56 (Fla. 2002).*
**You** ~~are permitted~~**may but are not required to infer that a person who sells a controlled substance knows of its illicit nature.**

**If you are convinced beyond a reasonable doubt that** (defendant) **knew of the illicit nature of the controlled substance, and all of the elements of the charge have been proved, you should find [him] [her] guilty of** (crime charged)**.**

**If you have a reasonable doubt on the question of whether** (defendant) **knew of the illicit nature of the controlled substance, you should find [him] [her] not guilty of** (crime charged)**.**

**Lesser Included Offenses**

| SALE, PURCHASE, DELIVERY,OR POSSESSION IN EXCESS OF 10 GRAMS — 893.13(1)(b), (2)(b), and (6)(c) | | | |
|---|---|---|---|
| CATEGORY ONE | CATEGORY TWO | FLA. STAT. | INS. NO. |
| | | | |

| | | | |
|---|---|---|---|
| Sale, purchase, or delivery of controlled substance if sale, purchase, or delivery is charged | | 893.13(1)(a) and (2)(a) | 25.2 |
| *Possession of a controlled substance, if possession is charged | | 893.13(6) | 25.7 |
| | Attempt, except when delivery is charged | 777.04(1) | 5.1 |

**Comments**

*It is unclear if the courts will determine that Possession of a Controlled Substance is necessarily included in a charge of Purchase or Delivery of a Controlled Substance. Possession is not a necessary lesser-included offense of either Sale or Manufacture of a Controlled Substance. *State v. McCloud*, 577 So. 2d 939 (Fla. 1991); *Anderson v. State*, 447 So. 2d 236 (Fla. 1st DCA 1983).

There is no crime of Attempted Delivery because the definition of "delivery" in § 893.03(6), Fla. Stat., includes the attempt to transfer from one person to another.

This instruction was adopted in 1981 and amended in 1989 [543 So. 2d 1205], 1997 [697 So. 2d 84], 2007 [969 So. 2d 245], 2014 [153 So. 3d 192], 2016 [191 So. 3d 291], and 2017 [216 So. 3d 497], and 2019.


**25.4 DELIVERY OF A CONTROLLED SUBSTANCE TO OR USE OF MINOR**
§ 893.13(4), Fla. Stat.

**Certain drugs and chemical substances are by law known as "controlled substances."** (Specific substance alleged) **is a controlled substance.**

**To prove the crime of** (crime charged)**, the State must prove the following four elements beyond a reasonable doubt:**

*Give 1a, 1b, and/or 1c as applicable.*
1.   a.   (Defendant) **delivered a certain substance to a person under the age of 18 years.**

    **b.**     (Defendant) **used or hired a person under the age of 18 years as an agent or employee in the sale or delivery of a** ~~certain~~ **substance.**

    **c.**     (Defendant) **used a person under the age of 18 years to assist in avoiding detection or apprehension for** (violation of chapter 893, Fla. Stat., alleged)**.**

**2.**    **The substance was** (specific substance alleged)**.**

**3.**    (Defendant) **was 18 years of age or older at the time.**

**4.**    (Defendant) **had knowledge of the presence of the substance.**

*Definition.*
*Deliver. § 893.02(6), Fla. Stat.*
**"Deliver" or "delivery" means the actual, constructive, or attempted transfer from one person to another of a controlled substance, whether or not there is an agency relationship.**

*Affirmative defense: Lack of knowledge of illicit nature. Give if applicable.*
*§ 893.101(2) and (3), Fla. Stat.*
**Lack of knowledge of the illicit nature of a controlled substance is a defense to** (crime charged)**. You** ~~are permitted~~**may but are not required to infer that** (defendant) **was aware of the illicit nature of the controlled substance if you find that [he] [she]** ~~knew of the presence of~~**possessed the controlled** ~~substance and exercised control or ownership over the substance.~~

**To prove** (defendant) **"possessed a substance," the State must prove beyond a reasonable doubt that [he] [she] a) knew of the existence of the substance and b) intentionally exercised control over that substance.**

*Give if applicable.*
**Control can be exercised over a substance whether the substance is carried on a person, near a person, or in a completely separate location. Mere proximity to a substance does not establish that the person intentionally exercised control over the substance in the absence of additional evidence. Control can be established by proof that** (defendant) **had direct personal power to control the substance or the present ability to direct its control by another.**

*Joint possession. Give if applicable.*

**Possession of a substance may be sole or joint, that is, two or more persons may possess a substance.**

**If you are convinced beyond a reasonable doubt that** (defendant) **knew of the illicit nature of the controlled substance, and all of the elements of the charge have been proved, you should find [him] [her] guilty of** (crime charged)**.**

**If you have a reasonable doubt on the question of whether** (defendant) **knew of the illicit nature of the controlled substance, you should find [him] [her] not guilty of** (crime charged)**.**

### Lesser Included Offenses

| DELIVERY OF A CONTROLLED SUBSTANCE TO OR USE OF A MINOR — 893.13(4) | | | |
|---|---|---|---|
| **CATEGORY ONE** | **CATEGORY TWO** | **FLA. STAT.** | **INS. NO.** |
| *Delivery of a Controlled Substance | | 893.13(1)(a) | 25.2 |

### Comments

*It is unclear if the courts will determine that Possession of a Controlled Substance is a necessarily lesser-included offense of a charge involving Delivery of a Controlled Substance. Possession is not a necessary lesser-included offense of either Sale or Manufacture of a Controlled Substance. *State v. McCloud*, 577 So. 2d 939 (Fla. 1991); *Anderson v. State*, 447 So. 2d 236 (Fla. 1st DCA 1983).

There is no crime of Attempted Delivery because the definition of "delivery" in § 893.03(6), Fla. Stat., includes the attempt to transfer from one person to another.

This instruction was adopted in 1981 and amended in 1989 [543 So. 2d 1205], 2007 [969 So. 2d 245], 2014 [153 So. 3d 192], 2016 [191 So. 3d 291], and 2017 [216 So. 3d 497], and 2019.

## 25.5 BRINGING A CONTROLLED SUBSTANCE INTO THE STATE
§ 893.13(5), Fla. Stat.

Certain drugs and chemical substances are by law known as "controlled substances." (Specific substance alleged) **is a controlled substance.**

**To prove the crime of Bringing a Controlled Substance Into the State, the State must prove the following three elements beyond a reasonable doubt:**

1. (Defendant) **brought a** ~~certain~~ **substance into Florida.**

2. **The substance was** (specific substance alleged)**.**

3. (Defendant) **had knowledge of the presence of the substance.**

*Affirmative defense: Lack of knowledge of illicit nature. Give if applicable. § 893.101(2) and (3), Fla. Stat.*
**Lack of knowledge of the illicit nature of a controlled substance is a defense to Bringing a Controlled Substance Into the State. You** ~~are permitted~~ **may but are not required to infer that** (defendant) **was aware of the illicit nature of the controlled substance if you find that [he] [she]** ~~knew of the presence of~~**possessed the controlled substance** ~~and exercised control or ownership over the substance~~**.**

**To prove** (defendant) **"possessed a substance," the State must prove beyond a reasonable doubt that [he] [she] a) knew of the existence of the substance and b) intentionally exercised control over that substance.**

*Give if applicable.*
**Control can be exercised over a substance whether the substance is carried on a person, near a person, or in a completely separate location. Mere proximity to a substance does not establish that the person intentionally exercised control over the substance in the absence of additional evidence. Control can be established by proof that** (defendant) **had direct personal power to control the substance or the present ability to direct its control by another.**

*Joint possession. Give if applicable.*
**Possession of a substance may be sole or joint, that is, two or more persons may possess a substance.**

**If you are convinced beyond a reasonable doubt that** (defendant) **knew of the illicit nature of the controlled substance, and all of the elements of the**

**charge have been proved, you should find [him] [her] guilty of Bringing a Controlled Substance Into the State.**

**If you have a reasonable doubt on the question of whether** (defendant) **knew of the illicit nature of the controlled substance, you should find [him] [her] not guilty of Bringing a Controlled Substance Into the State.**

## Lesser Included Offenses

| BRINGING A CONTROLLED SUBSTANCE INTO THE STATE — 893.13(5) | | | |
|---|---|---|---|
| CATEGORY ONE | CATEGORY TWO | FLA. STAT. | INS. NO. |
| *None | | | |
| | Attempt | 777.04(1) | 5.1 |

## Comments

*It is unclear if the courts will determine that Possession of a Controlled Substance is necessarily included in a charge of Bringing a Controlled Substance into the State. Possession is not a necessary lesser-included offense of either Sale or Manufacture of a Controlled Substance. *State v. McCloud*, 577 So. 2d 939 (Fla. 1991); *Anderson v. State*, 447 So. 2d 236 (Fla. 1st DCA 1983).

Starting in 2014, the lLegislature passed laws pertaining to "medical cannabis" or "low-THC cannabis," which is excluded from the definition of "cannabis" in § 893.02(3), Fla. Stat.; is defined in § 381.986(1), Fla. Stat.; and must be manufactured, possessed, sold, purchased, delivered, distributed, or dispensed in conformance with § 381.986, Fla. Stat. A special instruction will be necessary in cases where a defendant relies on a cannabis-related prescription defense.

This instruction was adopted in 1981 and amended in 1997 [697 So. 2d 84], 2007 [969 So. 2d 245], 2014 [153 So. 3d 192], 2016 [191 So. 3d 291], and 2017 [216 So. 3d 497], and 2019.

## 25.6 SELL, MANUFACTURE, DELIVER, OR POSSESSION WITH INTENT TO SELL, MANUFACTURE OR DELIVER A CONTROLLED SUBSTANCE IN SPECIFIED LOCATIONS

§ 893.13(1)(c)–(f) and (h), Fla. Stat.

**Certain drugs and chemical substances are by law known as "controlled substances."** (Specific substance alleged) **is a controlled substance.**

**To prove the crime of** (crime charged)**, the State must prove the following four elements beyond a reasonable doubt:**

1. (Defendant) **[sold] [manufactured] [delivered] [possessed with intent to [sell] [manufacture] [deliver]] a certain substance.**

*Give as applicable. § 893.13(1)(c)–(f) and (h), Fla. Stat.*
2. **The [sale] [manufacture] [delivery] [possession with intent to [sell] [manufacture] [deliver]] took place in, on, or within 1,000 feet of:**

   **[the real property comprising a child care facility];**

   **[the real property comprising a public or private [elementary] [middle] [secondary] school between the hours of 6:00 a.m. and 12:00 midnight];**

   **[the real property comprising [a state, county, or municipal park] [a community center] [a publicly-owned recreational facility];**

   **[the real property comprising a public or private college, university, or other postsecondary educational institution];**

   **[a physical place for worship at which a church or religious organization regularly conducts religious services];**

   **[a convenience business];**

   **[the real property comprising a public housing facility];**

   **[the real property comprising an assisted living facility].**

3. **The substance was** (specific substance alleged)**.**

4. (Defendant) **had knowledge of the presence of the substance.**

*Definitions. Give as applicable.*
*Sell.*

**"Sell"** means to transfer or deliver something to another person in exchange for money or something of value or a promise of money or something of value.

*Manufacture. § 893.02(15)(a), Fla. Stat.*
**"Manufacture"** means the production, preparation, propagation, compounding, cultivating, growing, conversion, or processing of a controlled substance, either directly or indirectly, by extraction from substances of natural origin, or independently by means of chemical synthesis, or by a combination of extraction and chemical synthesis, and includes any packaging of the substance or labeling or relabeling of its container.

*Give if applicable.*
The term **"manufacture"** does not include the preparation, compounding, packaging, or labeling of a controlled substance by:

1. A practitioner or pharmacist as an incident to his or her administering or delivering of a controlled substance in the course of his or her professional practice.

2. A practitioner, or by his or her authorized agent under the practitioner's supervision, for the purpose of, or as an incident to, research, teaching, or chemical analysis, and not for sale.

*Deliver. § 893.02(6), Fla. Stat.*
**"Deliver"** or **"delivery"** means the actual, constructive, or attempted transfer from one person to another of a controlled substance, whether or not there is an agency relationship.

*Possession.*
~~There are two types of possession: actual possession and constructive possession.~~

*~~Actual possession.~~*
~~Actual possession means the person is aware of the presence of the substance and:~~

> ~~a. The substance is in the hand of or on the person, or~~
> ~~b. The substance is in a container in the hand of or on the person, or~~

> c.     ~~The substance is so close as to be within ready reach and is under the control of the person.~~

~~*Constructive possession.*~~
~~**Constructive possession means the person is aware of the presence of the substance, the substance is in a place over which the person has control, and the person has the ability to control the substance.**~~

~~*Give if applicable.*~~
~~**Mere proximity to a substance is not sufficient to establish the power and intention to control that substance when the substance is in a place that the person does not control.**~~

~~*Give if applicable.*~~
~~**In order to establish** (defendant's) **constructive possession of a substance that was in a place [he] [she] did not control, the State must prove** (defendant) **(1) knew that the substance was within [his] [her] presence and (2) exercised control or ownership over the substance itself.**~~

~~*Joint possession.*~~
~~**Possession of a substance may be sole or joint, that is, two or more persons may be aware of the presence of the substance and may jointly exercise control over it. In that case, each of those persons is considered to be in possession of the substance.**~~

~~*Give if applicable. § 893.02(19), Fla. Stat.*~~
~~**"Possession" includes temporary possession for the purpose of verification or testing, irrespective of dominion or control.**~~

~~*Inferences.*~~
~~*Exclusive control. Henderson v. State, 88 So. 3d 1060 (Fla. 1st DCA 2012); Meme v. State, 72 So. 3d 254 (Fla. 4th DCA 2011).*~~
~~**If you find that** (defendant)**:**~~
> a.     ~~**had direct physical custody of the substance, [or]**~~
> b.     ~~**was within ready reach of the substance and the substance was under [his] [her] control, [or]**~~
> c.     ~~**had exclusive control of the place where the substance was located,**~~

~~**you may infer that [he] [she] was aware of the presence of the substance and had the power and intention to control it.**~~

**If** (defendant) ~~did not have exclusive control over the place where a substance was located, you may not infer [he] [she] had knowledge of the presence of the substance or the power and intention to control it, in the absence of other incriminating evidence.~~

*~~Give if applicable. See Duncan v. State, 986 So. 2d 653 (Fla. 4th DCA 2008).~~*
~~**However, you may infer that** (defendant) **knew of the presence of the substance and had the power and intention to control it if [he] [she] had joint control over the place where the substance was located, and the substance was located in a common area in plain view and in the presence of the defendant.**~~

**To prove** (defendant) **"possessed a substance," the State must prove beyond a reasonable doubt that [he] [she] a) knew of the existence of the substance and b) intentionally exercised control over that substance.**

*Give if applicable.*
**Control can be exercised over a substance whether the substance is carried on a person, near a person, or in a completely separate location. Mere proximity to a substance does not establish that the person intentionally exercised control over the substance in the absence of additional evidence. Control can be established by proof that** (defendant) **had direct personal power to control the substance or the present ability to direct its control by another.**

*Joint possession. Give if applicable.*
**Possession of a substance may be sole or joint, that is, two or more persons may possess a substance.**

*Child care facility. § 402.302, Fla. Stat.*
**"Child care facility" means any child care center or arrangement which provides child care for more than five children unrelated to the operator and which receives a payment, fee, or grant for any of the children receiving care. It does not matter if the child care facility is operated for profit or as a nonprofit operation.**

*Convenience business. § 812.171, Fla. Stat.*
**A "convenience business" means any place of business that is primarily engaged in the retail sale of groceries, or both groceries and gasoline, and that is open for business at any time between the hours of 11 p.m. and 5 a.m. The term does not include any of the following: a business that is primarily a restaurant, or one that always has at least five employees on the premises**

**after 11 p.m. and before 5 a.m., or one that has at least 10,000 square feet of retail floor space.  The term "convenience business" also does not include any business in which the owner or members of [his] [her] family work between the hours of 11 p.m. and 5 a.m.**

*Real property comprising a public housing facility. § 421.03(12), Fla. Stat.*
**The term "real property comprising a public housing facility" is defined as the real property of a public corporation created as a housing authority by statute.**

*Community Center. § 893.13(1)(c), Fla. Stat.*
**The term "community center" means a facility operated by a nonprofit community-based organization for the provision of recreational, social, or educational services to the public.**

*Assisted living facility. § 429.02(5), Fla. Stat.*
**"Assisted living facility" means any building or buildings, section or distinct part of a building, private home, boarding home, home for the aged, or other residential facility, whether operated for profit or not, which undertakes through its ownership or management to provide housing, meals, and one or more personal services for a period exceeding 24 hours to one or more adults who are not relatives of the owner or administrator.**

*Affirmative defense: Lack of knowledge of illicit nature. Give if applicable. § 893.101(2) and (3), Fla. Stat.*
**Lack of knowledge of the illicit nature of a controlled substance is a defense to** (crime charged)**. You** ~~are permitted~~**may but are not required to infer that** (defendant) **was aware of the illicit nature of the controlled substance if you find that [he] [she]** ~~knew of the presence of~~**possessed the controlled substance** ~~and exercised control or ownership over the substance~~**.**

*Give if applicable. See McMillon v. State, 813 So. 2d 56 (Fla. 2002).*
**You** ~~are permitted~~**may but are not required to infer that a person who sells a controlled substance knows of its illicit nature.**

**If you are convinced beyond a reasonable doubt that** (defendant) **knew of the illicit nature of the controlled substance, and all of the elements of the charge have been proved, you should find [him] [her] guilty of** (crime charged)**.**

**If you have a reasonable doubt on the question of whether** (defendant) **knew of the illicit nature of the controlled substance, you should find [him] [her] not guilty of** (crime charged)**.**

**Lesser Included Offenses**

| SELL, MANUFACTURE, DELIVER, OR POSSESSION WITH INTENT TO SELL, MANUFACTURE OR DELIVER A CONTROLLED SUBSTANCE IN SPECIFIED LOCATIONS — 893.13(1)(c)–(f) and (h) | | | |
|---|---|---|---|
| **CATEGORY ONE** | **CATEGORY TWO** | **FLA. STAT.** | **INS. NO.** |
| *Sale, Manufacture, or Delivery of a controlled substance, if Sale, Manufacture, or Delivery is charged | | 893.13(1)(a) | 25.2 |
| *Possession of a Controlled Substance, if Possession with Intent to Sell, Manufacture, or Deliver is charged | | 893.13(6) | 25.7 |

**Comments**

*The crime of Possession of a Controlled Substance is not a necessarily lesser-included crime of Manufacture of a Controlled Substance. *Anderson v. State*, 447 So. 2d 236 (Fla. 1st DCA 1983). Also, Possession of a Controlled Substance is not a necessary lesser-included offense of Sale of a Controlled Substance. *State v. McCloud*, 577 So. 2d 939 (Fla. 1991). It is unclear if the courts will determine that a person charged with Purchase or Delivery of a Controlled Substance is necessarily charged with Possession of a Controlled Substance.

Starting in 2014, the Legislature passed laws pertaining to "medical cannabis" or "low-THC cannabis," which is excluded from the definition of "cannabis" in § 893.02(3), Fla. Stat.; is defined in § 381.986(1), Fla. Stat.; and must be manufactured, possessed, sold, purchased, delivered, distributed, or dispensed in conformance with § 381.986, Fla. Stat. A special instruction will be necessary in cases where a defendant relies on a cannabis-related prescription defense.

This instruction was adopted in 1981 and amended in 1989 [543 So. 2d 1205], 1997 [697 So. 2d 84], 2000 [765 So. 2d 692], 2007 [969 So. 2d 245], 2014 [153 So. 3d 192], 2016 [191 So. 3d 291], and 2017 [216 So. 3d 497], and 2019.

## 25.7(a) TRAFFICKING IN (NAME OF CONTROLLED SUBSTANCE)
§ 893.135(1), Fla. Stat.

**Certain drugs and chemical substances are by law known as "controlled substances."** (Name of controlled substance) **is a controlled substance.**

**To prove the crime of Trafficking in** (name of controlled substance)**, the State must prove the following three elements beyond a reasonable doubt:**

1. (Defendant) **knowingly [possessed] [sold] [purchased] [manufactured] [delivered] [brought into Florida] a substance.**

2. **The substance was [**(name of controlled substance)**] [a mixture containing** (name of controlled substance)**].**

3. **The [**(name of controlled substance)**] [mixture containing** (name of controlled substance)**] weighed [**(insert weight alleged)**].**

*If applicable under the facts of the case and pursuant to § 893.135(2), Fla. Stat., instructions on the following elements 1 and 2 should be given instead of elements 1 and 2 above. For example, if it is alleged that the defendant intended to sell heroin but actually sold cocaine, instructions on elements 1 and 2 below would be given.*

1. (Defendant) **intended to [possess] [sell] [purchase] [manufacture] [deliver] [bring into Florida]** (a controlled substance enumerated in § 893.135(1), Fla. Stat.)**.**

2. **The defendant actually [possessed] [sold] [purchased] [manufactured] [delivered] [brought into Florida]** (a controlled substance enumerated in § 893.135(1), Fla. Stat.)**.**

*Definitions. Give as applicable.*
*Sell.*
**"Sell" means to transfer or deliver something to another person in exchange for money or something of value or a promise of money or something of value.**

*Manufacture. § 893.02(15)(a), Fla. Stat.*
**"Manufacture" means the production, preparation, propagation, compounding, cultivating, growing, conversion, or processing of a controlled**

**substance, either directly or indirectly, by extraction from substances of natural origin, or independently by means of chemical synthesis, or by a combination of extraction and chemical synthesis, and includes any packaging of the substance or labeling or relabeling of its container.**

*Give if applicable.*
**The term "manufacture" does not include the preparation, compounding, packaging, or labeling of a controlled substance by:**

1. **A practitioner or pharmacist as an incident to his or her administering or delivering of a controlled substance in the course of his or her professional practice.**

2. **A practitioner, or by his or her authorized agent under the practitioner's supervision, for the purpose of, or as an incident to, research, teaching, or chemical analysis, and not for sale.**

*Deliver. § 893.02(6), Fla. Stat.*
**"Deliver" or "delivery" means the actual, constructive, or attempted transfer from one person to another of a controlled substance, whether or not there is an agency relationship.**

*Mixture. § 893.02(16), Fla. Stat.*
**"Mixture" means any physical combination of two or more substances, including, but not limited to, a blend, an aggregation, a suspension, an emulsion, a solution, or a dosage unit, whether or not such combination can be separated into its components by physical means, whether mechanical or thermal.**

*Possession.*
**To prove** (defendant) **knowingly possessed a substance, the State must prove beyond a reasonable doubt that [he] [she] a) knew of the existence of the substance and b) intentionally exercised control over that substance.**

*Give if applicable.*
**Control can be exercised over a substance whether the substance is carried on a person, near a person, or in a completely separate location. Mere proximity to a substance does not establish that the person intentionally exercised control over the substance in the absence of additional evidence. Control can be established by proof that** (defendant) **had direct personal power to control the substance or the present ability to direct its control by another.**

*Joint possession. Give if applicable.*
**Possession of a substance may be sole or joint, that is, two or more persons may possess a substance.**

*Affirmative defense: Lack of knowledge of illicit nature. Give if applicable. § 893.101(2) and (3), Fla. Stat.*
**Lack of knowledge of the illicit nature of a controlled substance is a defense to Trafficking in** (name of controlled substance)**. You may but are not required to infer that** (defendant) **was aware of the illicit nature of the controlled substance if you find that [he] [she] possessed the controlled substance.**

*Give if applicable. McMillon v. State, 813 So. 2d 56 (Fla. 2002).*
**You may but are not required to infer that a person who sells a controlled substance knows of its illicit nature.**

**If you are convinced beyond a reasonable doubt that** (defendant) **knew of the illicit nature of the controlled substance, and all of the elements of the charge have been proved, you should find [him] [her] guilty of Trafficking in** (name of controlled substance)**.**

**If you have a reasonable doubt on the question of whether** (defendant) **knew of the illicit nature of the controlled substance, you should find [him] [her] not guilty of Trafficking in** (name of controlled substance)**.**

*State v. Weller, 590 So. 2d 923 (Fla. 1991).*
**If you find the defendant guilty of Trafficking in** (name of controlled substance)**, you must further determine by your verdict whether the State has further proved beyond a reasonable doubt that:**

*§ 893.135(1) Fla. Stat. contains differing weights and associated penalties for various controlled substances. Give if applicable, as determined by the date of the offense, up to the weight charged.*

  **a.** **the [**(name of controlled substance)**] [mixture containing** (name of controlled substance)**] weighed [**(insert weight)**] but less than [**(insert weight)**].**

  **b.** **the [**(name of controlled substance)**] [mixture containing** (name of controlled substance)**] weighed [**(insert weight)**] but less than [**(insert weight)**].**

**c.** **the [**(name of controlled substance)**] [mixture containing** (name of controlled substance)**] weighed [**(insert weight)**] but less than [**(insert weight)**].**

## Lesser Included Offenses

Trafficking can be committed by possession, sale, purchase, manufacture, delivery, or by bringing into this state a certain amount of drugs. Accordingly, before deciding the appropriate lesser-included offenses, trial judges should review not only the evidence but also the charging document to see what type of trafficking was alleged. For example, if a defendant is charged only with Trafficking via Sale, then Possession of a Controlled Substance should not be given as a lesser-included offense because of *State v. McCloud*, 577 So. 2d 939 (Fla. 1991)(holding that possession of cocaine is not a lesser-included offense of sale of cocaine). Also, there is no crime of Attempted Delivery because the definition of "delivery" in § 893.03(6), Fla. Stat., includes the attempt to transfer from one person to another.

## Comments

One way to commit Trafficking in Cannabis is to knowingly possess, sell, purchase, manufacture, deliver, or bring into the state 300 or more cannabis plants. Also, the trafficking statute for some of the controlled substances include not only the controlled substance or a mixture containing that controlled substance, but also a salt, derivative, isomer, salt of an isomer, analog, substituted controlled substance, ester, ether, salt of an ester, or salt of an ether of that controlled substance. A special instruction is needed in those cases.

There is no crime of attempted conspiracy. *Hutchinson v. State*, 315 So. 2d 546 (Fla. 2d DCA 1975).

This instruction was adopted in 2019.

## 25.8 OBTAINING A CONTROLLED SUBSTANCE BY FRAUD, ETC.
§ 893.13(7)(a)9., Fla. Stat.

**Certain drugs and chemical substances are by law known as "controlled substances."** (Specific substance alleged) **is a controlled substance.**

- 35 -

**To prove the crime of Obtaining a Controlled Substance by [Misrepresentation] [Fraud] [Forgery] [Deception] [Subterfuge], the State must prove the following three elements beyond a reasonable doubt:**

1. (Defendant) **[acquired or obtained] [attempted to acquire or obtain] possession of a certain substance.**

2. **The substance was** (specific substance alleged)**.**

3. (Defendant) **[acquired or obtained] [attempted to acquire or obtain] the substance by [misrepresentation] [fraud] [forgery] [deception] [subterfuge].**

*Affirmative defense: Lack of knowledge of illicit nature. Give if applicable. § 893.101(2) and (3), Fla. Stat.*
**Lack of knowledge of the illicit nature of a controlled substance is a defense to the crime of Obtaining a Controlled Substance by [Misrepresentation] [Fraud] [Forgery] [Deception] [Subterfuge].**

**You** ~~are permitted~~**may but are not required** **to infer that** (defendant) **was aware of the illicit nature of the controlled substance if you find that** (defendant) ~~was in actual or constructive possession of~~**[he] [she] possessed the controlled substance.** ~~*Read explanation of actual and/or constructive possession, as applicable.*~~

**To prove** (defendant) **"possessed a substance," the State must prove beyond a reasonable doubt that [he] [she] a) knew of the existence of the substance and b) intentionally exercised control over that substance.**

*Give if applicable.*
**Control can be exercised over a substance whether the substance is carried on a person, near a person, or in a completely separate location. Mere proximity to a substance does not establish that the person intentionally exercised control over the substance in the absence of additional evidence. Control can be established by proof that** (defendant) **had direct personal power to control the substance or the present ability to direct its control by another.**

*Joint possession. Give if applicable.*
**Possession of a substance may be sole or joint, that is, two or more persons may possess a substance.**

**If you are convinced beyond a reasonable doubt that** (defendant) **knew of the illicit nature of the controlled substance, and all of the elements of the charge have been proved, you should find [him] [her] guilty of Obtaining a Controlled Substance by [Misrepresentation] [Fraud] [Forgery] [Deception] [Subterfuge].**

**If you have a reasonable doubt on the question of whether** (defendant) **knew of the illicit nature of the controlled substance, you should find [him] [her] not guilty of Obtaining a Controlled Substance by [Misrepresentation] [Fraud] [Forgery] [Deception] [Subterfuge].**

## Lesser Included Offenses

*No lesser included offenses have been identified for this offense.

## Comments

*It is unclear if the courts will determine that a person charged with Obtaining a Controlled Substance by Fraud, etc. is necessarily charged with [Attempted] Possession of a Controlled Substance.

Starting in 2014, the lLegislature passed laws pertaining to "medical cannabis" or "low-THC cannabis," which is excluded from the definition of "cannabis" in § 893.02(3), Fla. Stat.; is defined in § 381.986(1), Fla. Stat.; and must be manufactured, possessed, sold, purchased, delivered, distributed, or dispensed in conformance with § 381.986, Fla. Stat. A special instruction will be necessary in cases where a defendant relies on a cannabis-related prescription defense.

This instruction was adopted in 1981 and amended in 1989 [543 So. 2d 1205], 2007 [969 So. 2d 245], 2014 [153 So. 3d 192], 2016 [191 So. 3d 291], ~~and~~ 2017 [216 So. 3d 497], and 2019.

## ~~25.9 TRAFFICKING IN CANNABIS~~
~~§ 893.135(1)(a), Fla. Stat.~~
~~**Certain drugs and chemical substances are by law known as "controlled substances." Cannabis is a controlled substance.**~~

~~**To prove the crime of Trafficking in Cannabis, the State must prove the following three elements beyond a reasonable doubt:**~~

1.    (Defendant) **knowingly [possessed] [sold] [purchased] [manufactured] [delivered] [brought into Florida] a certain substance.**

2.    **The substance was cannabis.**

3.    **The cannabis [weighed more than 25 pounds] [constituted 300 or more cannabis plants].**

*If applicable under the facts of the case and pursuant to § 893.135(2), Fla. Stat., instructions on the following elements 1 and 2 should be given instead of elements 1 and 2 above. For example, if it is alleged that the defendant intended to sell heroin but actually sold cannabis, instructions on elements 1 and 2 below would be given.*

1.    (Defendant) **intended to [sell] [purchase] [manufacture] [deliver] [bring into Florida] [possess]** (an enumerated controlled substance in § 893.135(1), Fla. Stat.).

2.    **The defendant actually [sold] [purchased] [manufactured] [delivered] [brought into Florida] [possessed] cannabis.**

*Definitions. Give as applicable.*
*Cannabis. § 893.02(3), Fla. Stat.*
*See Comment section for medical marijuana.*
**"Cannabis" means all parts of any plant of the genus Cannabis whether growing or not; the seeds thereof; the resin extracted from any part of the plant; and every compound, manufacture, salt, derivative, mixture, or preparation of the plant or its seeds or resin.**

*Sell.*
**"Sell" means to transfer or deliver something to another person in exchange for money or something of value or a promise of money or something of value.**

*Manufacture. § 893.02(15)(a), Fla. Stat.*
**"Manufacture" means the production, preparation, propagation, compounding, cultivating, growing, conversion, or processing of a controlled substance, either directly or indirectly, by extraction from substances of natural origin, or independently by means of chemical synthesis, or by a combination of extraction and chemical synthesis, and includes any packaging of the substance or labeling or relabeling of its container.**

*Give if applicable.*
**The term "manufacture" does not include the preparation, compounding, packaging, or labeling of a controlled substance by:**

1. **A practitioner or pharmacist as an incident to his or her administering or delivering of a controlled substance in the course of his or her professional practice.**

2. **A practitioner, or by his or her authorized agent under the practitioner's supervision, for the purpose of, or as an incident to, research, teaching, or chemical analysis, and not for sale.**

*Deliver. § 893.02(6), Fla. Stat.*
**"Deliver" or "delivery" means the actual, constructive, or attempted transfer from one person to another of a controlled substance, whether or not there is an agency relationship.**

*Possession.*
**There are two types of possession: actual possession and constructive possession.**

*Actual possession.*
**Actual possession means the person is aware of the presence of the substance and:**

    a. **The substance is in the hand of or on the person, or**
    b. **The substance is in a container in the hand of or on the person, or**
    c. **The substance is so close as to be within ready reach and is under the control of the person.**

*Constructive possession.*
**Constructive possession means the person is aware of the presence of the substance, the substance is in a place over which the person has control, and the person has the ability to control the substance.**

*Give if applicable.*
**Mere proximity to a substance is not sufficient to establish the power and intention to control that substance when the substance is in a place that the person does not control.**

*Give if applicable.*

In order to establish (defendant's) **constructive possession of a substance that was in a place [he] [she] did not control, the State must prove** (defendant) **(1) knew that the substance was within [his] [her] presence and (2) exercised control or ownership over the substance itself.**

*Joint possession.*
**Possession of a substance may be sole or joint, that is, two or more persons may be aware of the presence of the substance and may jointly exercise control over it. In that case, each of those persons is considered to be in possession of the substance.**

*Give if applicable. § 893.02(19), Fla. Stat.*
**"Possession" includes temporary possession for the purpose of verification or testing, irrespective of dominion or control.**

*Inference.*
*Exclusive control. Henderson v. State, 88 So. 3d 1060 (Fla. 1st DCA 2012); Meme v. State, 72 So. 3d 254 (Fla. 4th DCA 2011).*
**If you find that** (defendant)**:**

> a.    **had direct physical custody of the substance, [or]**
> b.    **was within ready reach of the substance and the substance was under [his] [her] control, [or]**
> c.    **had exclusive control of the place where the substance was located,**

**you may infer that [he] [she] was aware of the presence of the substance and had the power and intention to control it.**

**If** (defendant) **did not have exclusive control over the place where a substance was located, you may not infer [he] [she] had knowledge of the presence of the substance or the power and intention to control it, in the absence of other incriminating evidence.**

*Give if applicable. See Duncan v. State, 986 So. 2d 653 (Fla. 4th DCA 2008).*
**However, you may infer that** (defendant) **knew of the presence of the substance and had the power and intention to control it if [he] [she] had joint control over the place where the substance was located, and the substance was located in a common area in plain view and in the presence of the defendant.**

*Affirmative defense: Lack of knowledge of illicit nature. Give if applicable. § 893.101(2) and (3), Fla. Stat.*

**Lack of knowledge of the illicit nature of a controlled substance is a defense to Trafficking in Cannabis. You are permitted to infer that** (defendant) **was aware of the illicit nature of the controlled substance if you find that [he] [she] knew of the presence of the substance and exercised control or ownership over the substance.**

*Give if applicable. See McMillon v. State, 813 So. 2d 56 (Fla. 2002).*
**You are permitted to infer that a person who sells a controlled substance knows of its illicit nature.**

**If you are convinced beyond a reasonable doubt that** (defendant) **knew of the illicit nature of the controlled substance, and all of the elements of the charge have been proved, you should find [him] [her] guilty of Trafficking in Cannabis.**

**If you have a reasonable doubt on the question of whether** (defendant) **knew of the illicit nature of the controlled substance, you should find [him] [her] not guilty of Trafficking in Cannabis.**

*See State v. Weller, 590 So. 2d 923 (Fla. 1991).*
**If you find the defendant guilty of Trafficking in Cannabis, you must further determine by your verdict whether the State has proved beyond a reasonable doubt that:**

*Enhanced penalty. See § 893.135(1)(a)1.–3., Fla. Stat. to verify the weights or amounts specified in the statute, as determined by the date of the offense. Give if applicable up to extent of charge.*

> a. **[The cannabis weighed more than 25 pounds but less than 2,000 pounds.] [constituted 300 or more cannabis plants but not more than 2,000 cannabis plants.]]**
>
> b. **[The cannabis [weighed 2,000 pounds or more but less than 10,000 pounds.] [constituted 2,000 or more cannabis plants but not more than 10,000 cannabis plants.]]**
>
> c. **[The cannabis [weighed 10,000 pounds or more.] [constituted 10,000 or more cannabis plants.]**

**Lesser Included Offenses**

Trafficking can be committed by sale, purchase, manufacture, delivery, bringing into this state, or actual or constructive possession of a certain amount of drugs. Each of these alternatives has its own statute for lower quantities of controlled substances. Accordingly, before deciding the appropriate lesser-included offenses, trial judges should review not only the evidence but also the charging document to see what type of trafficking was alleged. For example, if a defendant is charged *only* with Trafficking via Sale, then Possession of a Controlled Substance should not be given as a lesser-included offense.

### Comments

There is no crime of Attempted Delivery because the definition of "delivery" in § 893.03(6), Fla. Stat., includes the attempt to transfer from one person to another. There is no crime of attempted conspiracy. *Hutchinson v. State*, 315 So. 2d 546 (Fla. 2d DCA 1975).

Starting in 2014, the legislature passed laws pertaining to "medical cannabis" or "low-THC cannabis," which is excluded from the definition of "cannabis" in § 893.02(3), Fla. Stat.; is defined in § 381.986(1), Fla. Stat.; and must be manufactured, possessed, sold, purchased, delivered, distributed, or dispensed in conformance with § 381.986, Fla. Stat. A special instruction will be necessary in cases where a defendant relies on a cannabis-related prescription defense.

This instruction was adopted in 1981 and amended in 1987 [509 So. 2d 917], 1989 [543 So. 2d 1205], 1997 [697 So. 2d 84], 2007 [969 So. 2d 245], 2013 [112 So. 3d 1211], 2014 [153 So. 3d 192], 2016 [191 So. 3d 291], and 2017.

### 25.10 TRAFFICKING IN COCAINE
§ 893.135(1)(b), Fla. Stat.

Certain drugs and chemical substances are by law known as "controlled substances." Cocaine [or any mixture containing cocaine] is a controlled substance.

To prove the crime of Trafficking in Cocaine, the State must prove the following three elements beyond a reasonable doubt:

1. (Defendant) **knowingly [possessed] [sold] [purchased] [manufactured] [delivered] [brought into Florida] a certain substance.**

2. **The substance was [cocaine] [a mixture containing cocaine].**

3. **The [cocaine] [mixture containing cocaine] weighed 28 grams or more.**

*If applicable under the facts of the case and pursuant to § 893.135(2), Fla. Stat., instructions on the following elements 1 and 2 should be given instead of elements 1 and 2 above. For example, if it is alleged that the defendant intended to sell heroin but actually sold cocaine, instructions on elements 1 and 2 below would be given.*

1. (Defendant) **intended to [sell] [purchase] [manufacture] [deliver] [bring into Florida] [possess] (an enumerated controlled substance in § 893.135(1), Fla. Stat.).**

2. **The defendant actually [sold] [purchased] [manufactured] [delivered] [brought into Florida] [possessed] cocaine or a mixture containing cocaine.**

*Definitions. Give as applicable.*
*Sell.*
**"Sell" means to transfer or deliver something to another person in exchange for money or something of value or a promise of money or something of value.**

*Manufacture. § 893.02(15)(a), Fla. Stat.*
**"Manufacture" means the production, preparation, propagation, compounding, cultivating, growing, conversion, or processing of a controlled substance, either directly or indirectly, by extraction from substances of natural origin, or independently by means of chemical synthesis, or by a combination of extraction and chemical synthesis, and includes any packaging of the substance or labeling or relabeling of its container.**

*Give if applicable.*
**The term "manufacture" does not include the preparation, compounding, packaging, or labeling of a controlled substance by:**

1. A practitioner or pharmacist as an incident to his or her administering or delivering of a controlled substance in the course of his or her professional practice.

2. A practitioner, or by his or her authorized agent under the practitioner's supervision, for the purpose of, or as an incident to, research, teaching, or chemical analysis, and not for sale.

*Deliver. § 893.02(6), Fla. Stat.*
"Deliver" or "delivery" means the actual, constructive, or attempted transfer from one person to another of a controlled substance, whether or not there is an agency relationship.

*Mixture. § 893.02(16), Fla. Stat.*
"Mixture" means any physical combination of two or more substances, including, but not limited to, a blend, an aggregation, a suspension, an emulsion, a solution, or a dosage unit, whether or not such combination can be separated into its components by physical means, whether mechanical or thermal.

*Possession.*
There are two types of possession: actual possession and constructive possession.

*Actual possession.*
Actual possession means the person is aware of the presence of the substance and:

    a. The substance is in the hand of or on the person, or
    b. The substance is in a container in the hand of or on the person, or
    c. The substance is so close as to be within ready reach and is under the control of the person.

*Constructive possession.*
Constructive possession means the person is aware of the presence of the substance, the substance is in a place over which the person has control, and the person has the ability to control the substance.

*Give if applicable.*
Mere proximity to a substance is not sufficient to establish the power and intention to control that substance when the substance is in a place that the person does not control.

*Give if applicable.*

**In order to establish** (defendant's) **constructive possession of a substance that was in a place [he] [she] did not control, the State must prove** (defendant) **(1) knew that the substance was within [his] [her] presence and (2) exercised control or ownership over the substance itself.**

*Joint possession.*

**Possession of a substance may be sole or joint, that is, two or more persons may be aware of the presence of the substance and may jointly exercise control over it. In that case, each of those persons is considered to be in possession of the substance.**

*Give if applicable. § 893.02(19), Fla. Stat.*

**"Possession" includes temporary possession for the purpose of verification or testing, irrespective of dominion or control.**

*Inference.*
*Exclusive control. Henderson v. State, 88 So. 3d 1060 (Fla. 1st DCA 2012); Meme v. State, 72 So. 3d 254 (Fla. 4th DCA 2011).*

**If you find that** (defendant)**:**

> a. **had direct physical custody of the substance, [or]**
> b. **was within ready reach of the substance and the substance was under [his] [her] control, [or]**
> c. **had exclusive control of the place where the substance was located,**

**you may infer that [he] [she] was aware of the presence of the substance and had the power and intention to control it.**

**If** (defendant) **did not have exclusive control over the place where a substance was located, you may not infer [he] [she] had knowledge of the presence of the substance or the power and intention to control it, in the absence of other incriminating evidence.**

*Give if applicable. See Duncan v. State, 986 So. 2d 653 (Fla. 4th DCA 2008).*

**However, you may infer that** (defendant) **knew of the presence of the substance and had the power and intention to control it if [he] [she] had joint control over the place where the substance was located, and the substance was located in a common area in plain view and in the presence of the defendant.**

*Affirmative defense: Lack of knowledge of illicit nature. Give if applicable. § 893.101(2) and (3), Fla. Stat.*

~~Lack of knowledge of the illicit nature of a controlled substance is a defense to Trafficking in Cocaine.~~

~~You are permitted to infer that~~ (defendant) ~~was aware of the illicit nature of the controlled substance if you find that [he] [she] knew of the presence of the substance and exercised control or ownership over the substance.~~

*Give if applicable. See McMillon v. State, 813 So. 2d 56 (Fla. 2002).*
~~You are permitted to infer that a person who sells a controlled substance knows of its illicit nature.~~

~~If you are convinced beyond a reasonable doubt that~~ (defendant) ~~knew of the illicit nature of the controlled substance, and all of the elements of the charge have been proved, you should find [him] [her] guilty of Trafficking in Cocaine.~~

~~If you have a reasonable doubt on the question of whether~~ (defendant) ~~knew of the illicit nature of the controlled substance, you should find [him] [her] not guilty of Trafficking in Cocaine.~~

*See State v. Weller, 590 So. 2d 923 (Fla. 1991).*
~~If you find the defendant guilty of Trafficking in Cocaine, you must further determine by your verdict whether the State has further proved beyond a reasonable doubt that:~~

*Enhanced penalty. See § 893.135(1)(b)1.  2., Fla. Stat. to verify the weights or amounts specified in the statute, as determined by the date of the offense. Give if applicable up to extent of charge.*

~~a.~~ ~~[The [cocaine][mixture containing cocaine] weighed 28 grams or more but less than 200 grams.]~~

~~b.~~ ~~[The [cocaine][mixture containing cocaine] weighed 200 grams or more but less than 400 grams.]~~

~~c.~~ ~~[The [cocaine][mixture containing cocaine] weighed 400 grams or more but less than 150 kilograms.]~~

~~d.~~ ~~[The [cocaine][mixture containing cocaine] weighed 150 kilograms or more.]~~

## Lesser Included Offenses

Trafficking can be committed by sale, purchase, manufacture, delivery, bringing into this state, or actual or constructive possession of a certain amount of drugs. Each of these alternatives has its own statute for lower quantities of controlled substances. Accordingly, before deciding the appropriate lesser-included offenses, trial judges should review not only the evidence but also the charging document to see what type of trafficking was alleged. For example, if a defendant is charged *only* with Trafficking via Sale, then Possession of a Controlled Substance should not be given as a lesser-included offense.

## Comments

There is no crime of Attempted Delivery because the definition of "delivery" in § 893.03(6), Fla. Stat., includes the attempt to transfer from one person to another. There is no crime of attempted conspiracy. *Hutchinson v. State*, 315 So. 2d 546 (Fla. 2d DCA 1975).

This instruction was adopted in 1981 and amended in 1985 [477 So. 2d 985], 1987 [509 So. 2d 917], 1989 [543 So. 2d 1205], 1997 [697 So. 2d 84], 2007 [969 So. 2d 245], 2013 [112 So. 3d 1211], 2014 [153 So. 3d 192], 2016 [191 So. 3d 291], and 2017.

## 25.11 TRAFFICKING IN [MORPHINE] [OPIUM] [HYDROMORPHONE] [HEROIN] [(SPECIFIC SUBSTANCE ALLEGED)]
§ 893.135(1)(c)1. and § 893.135(1)(c)4., Fla. Stat.

Certain drugs and chemical substances are by law known as "controlled substances." (Specific substance alleged) or any mixture containing (specific substance alleged) is a controlled substance.

To prove the crime of Trafficking in [(specific substance alleged)], the State must prove the following three elements beyond a reasonable doubt:

1. (Defendant) knowingly [possessed] [sold] [purchased] [manufactured] [delivered] [brought into Florida] a certain substance.

- 47 -

~~2.~~ **~~The substance was [morphine] [opium] [hydromorphone] [heroin]~~** ~~[(specific substance alleged)]~~ **~~[a mixture containing [morphine] [opium] [hydromorphone] [heroin]~~** ~~[(specific substance alleged)].~~

~~3.~~ **~~The [morphine] [opium] [hydromorphone] [heroin]~~** ~~[(specific substance alleged)]~~ **~~[mixture containing [morphine] [opium] [hydromorphone] [heroin]~~** ~~[(specific substance alleged)]~~ **~~weighed 4 grams or more.~~**

*~~If applicable under the facts of the case and pursuant to § 893.135(2), Fla. Stat., instructions on the following elements 1 and 2 should be given instead of elements 1 and 2 above. For example, if it is alleged that the defendant intended to sell heroin but actually sold hydromorphone, instructions on elements 1 and 2 below would be given.~~*

~~1.~~ ~~(Defendant)~~ **~~intended to [sell] [purchase] [manufacture] [deliver] [bring into Florida] [possess]~~** ~~(an enumerated controlled substance in § 893.135(1), Fla. Stat.).~~

~~2.~~ **~~The defendant actually [sold] [purchased] [manufactured] [delivered] [brought into Florida] [possessed]~~** ~~(specific substance alleged)~~ **~~or a mixture containing~~** ~~(specific substance alleged).~~

*~~Definitions. Give as applicable.~~*
*~~Sell.~~*
**~~"Sell" means to transfer or deliver something to another person in exchange for money or something of value or a promise of money or something of value.~~**

*~~Manufacture. § 893.02(15)(a), Fla. Stat.~~*
**~~"Manufacture" means the production, preparation, propagation, compounding, cultivating, growing, conversion, or processing of a controlled substance, either directly or indirectly, by extraction from substances of natural origin, or independently by means of chemical synthesis, or by a combination of extraction and chemical synthesis, and includes any packaging of the substance or labeling or relabeling of its container.~~**

*~~Give if applicable.~~*
**~~The term "manufacture" does not include the preparation, compounding, packaging, or labeling of a controlled substance by:~~**

1. ~~A practitioner or pharmacist as an incident to his or her administering or delivering of a controlled substance in the course of his or her professional practice.~~

2. ~~A practitioner, or by his or her authorized agent under the practitioner's supervision, for the purpose of, or as an incident to, research, teaching, or chemical analysis, and not for sale.~~

*~~Deliver. § 893.02(6), Fla. Stat.~~*
~~"Deliver" or "delivery" means the actual, constructive, or attempted transfer from one person to another of a controlled substance, whether or not there is an agency relationship.~~

*~~Mixture. § 893.02(16), Fla. Stat.~~*
~~"Mixture" means any physical combination of two or more substances, including, but not limited to, a blend, an aggregation, a suspension, an emulsion, a solution, or a dosage unit, whether or not such combination can be separated into its components by physical means, whether mechanical or thermal.~~

*~~Possession.~~*
~~There are two types of possession: actual possession and constructive possession.~~

*~~Actual possession.~~*
~~Actual possession means the person is aware of the presence of the substance and:~~

  a. ~~The substance is in the hand of or on the person, or~~
  b. ~~The substance is in a container in the hand of or on the person, or~~
  c. ~~The substance is so close as to be within ready reach and is under the control of the person.~~

*~~Constructive possession.~~*
~~Constructive possession means the person is aware of the presence of the substance, the substance is in a place over which the person has control, and the person has the ability to control the substance.~~

*~~Give if applicable.~~*
~~Mere proximity to a substance is not sufficient to establish the power and intention to control that substance when the substance is in a place that the person does not control.~~

*Give if applicable.*

~~In order to establish~~ (defendant's) ~~constructive possession of a substance that was in a place [he] [she] did not control, the State must prove~~ (defendant) ~~(1) knew that the substance was within [his] [her] presence and (2) exercised control or ownership over the substance itself.~~

*Joint possession.*

~~Possession of a substance may be sole or joint, that is, two or more persons may be aware of the presence of the substance and may jointly exercise control over it. In that case, each of those persons is considered to be in possession of the substance.~~

*Give if applicable. § 893.02(19), Fla. Stat.*

~~"Possession" includes temporary possession for the purpose of verification or testing, irrespective of dominion or control.~~

*Inference.*
*Exclusive control. Henderson v. State, 88 So. 3d 1060 (Fla. 1st DCA 2012); Meme v. State, 72 So. 3d 254 (Fla. 4th DCA 2011).*

~~If you find that~~ (defendant)~~:~~

- a. ~~had direct physical custody of the substance, [or]~~
- b. ~~was within ready reach of the substance and the substance was under [his] [her] control, [or]~~
- c. ~~had exclusive control of the place where the substance was located,~~

~~you may infer that [he] [she] was aware of the presence of the substance and had the power and intention to control it.~~

~~If~~ (defendant) ~~did not have exclusive control over the place where a substance was located, you may not infer [he] [she] had knowledge of the presence of the substance or the power and intention to control it, in the absence of other incriminating evidence.~~

*Give if applicable. See Duncan v. State, 986 So. 2d 653 (Fla. 4th DCA 2008).*

~~However, you may infer that~~ (defendant) ~~knew of the presence of the substance and had the power and intention to control it if [he] [she] had joint control over the place where the substance was located, and the substance was located in a common area in plain view and in the presence of the defendant.~~

*Affirmative defense: Lack of knowledge of illicit nature. Give if applicable. §* *893.101(2) and (3), Fla. Stat.*

**Lack of knowledge of the illicit nature of a controlled substance is a defense to Trafficking in** (Substance Alleged)**.**

**You are permitted to infer that** (defendant) **was aware of the illicit nature of the controlled substance if you find that [he] [she] knew of the presence of the substance and exercised control or ownership over the substance.**

*Give if applicable. See McMillon v. State, 813 So. 2d 56 (Fla. 2002).*
**You are permitted to infer that a person who sells a controlled substance knows of its illicit nature.**

**If you are convinced beyond a reasonable doubt that** (defendant) **knew of the illicit nature of the controlled substance, and all of the elements of the charge have been proved, you should find [him] [her] guilty of Trafficking in** (Substance Alleged)**.**

**If you have a reasonable doubt on the question of whether** (defendant) **knew of the illicit nature of the controlled substance, you should find [him] [her] not guilty of Trafficking in** (Substance Alleged)**.**

*See State v. Weller, 590 So. 2d 923 (Fla. 1991).*
**If you find the defendant guilty of Trafficking in** (Specific Substance alleged)**, you must further determine by your verdict whether the State has proved beyond a reasonable doubt that:**

*Enhanced penalty. See § 893.135(1)(c), Fla. Stat., to verify the weights or amounts specified in the statute, as determined by the date of the offense. Give if applicable up to extent of charge.*

a. **The [morphine] [opium] [hydromorphone] [heroin]** [(specific substance alleged)] **[mixture containing [morphine] [opium] [hydromorphone] [heroin]** [(specific substance alleged)] **weighed 4 grams or more but less than 14 grams.**

b. **The [morphine] [opium] [hydromorphone] [heroin]** [(specific substance alleged)] **[mixture containing [morphine] [opium] [hydromorphone] [heroin]** [(specific substance alleged)] **weighed 14 grams or more but less than 28 grams.**

c.     The [morphine] [opium] [hydromorphone] [heroin] [(specific substance alleged)] [mixture containing [morphine] [opium] [hydromorphone] [heroin] [(specific substance alleged)] weighed 28 grams or more but less than 30 kilograms.

d.     The [morphine] [opium] [hydromorphone] [heroin] [(specific substance alleged)] [mixture containing [morphine] [opium] [hydromorphone] [heroin] [(specific substance alleged)] weighed 30 kilograms or more.

**Lesser Included Offenses**

Trafficking can be committed by sale, purchase, manufacture, delivery, bringing into this state, or actual or constructive possession of a certain amount of drugs. Each of these alternatives has its own statute for lower quantities of controlled substances. Accordingly, before deciding the appropriate lesser-included offenses, trial judges should review not only the evidence but also the charging document to see what type of trafficking was alleged. For example, if a defendant is charged *only* with Trafficking via Sale, then Possession of a Controlled Substance should not be given as a lesser-included offense.

**Comments**

There is no crime of Attempted Delivery because the definition of "delivery" in § 893.03(6), Fla. Stat., includes the attempt to transfer from one person to another. There is no crime of attempted conspiracy. *Hutchinson v. State*, 315 So. 2d 546 (Fla. 2d DCA 1975).

This instruction was adopted in 1981 and amended in 1985 [477 So. 2d 985], 1987 [509 So. 2d 917], 1989 [543 So. 2d 1205], 1997 [697 So. 2d 84], 2007 [969 So. 2d 245], 2013 [112 So. 3d 1211], 2014 [153 So. 3d 192], 2016 [191 So. 3d 291], and 2017.

**25.11(a) TRAFFICKING IN HYDROCODONE**
§ 893.135(1)(c)2. and § 893.135(1)(c)4., Fla. Stat.

**Certain drugs and chemical substances are by law known as "controlled substances." Hydrocodone [or any mixture containing hydrocodone] is a controlled substance.**

**To prove the crime of Trafficking in Hydrocodone, the State must prove the following three elements beyond a reasonable doubt:**

1. (Defendant) **knowingly [possessed] [sold] [purchased] [manufactured] [delivered] [brought into Florida] a certain substance.**

2. **The substance was [hydrocodone] [a mixture containing [hydrocodone].**

3. **The [hydrocodone] [mixture containing hydrocodone] weighed 14 grams or more.**

*If applicable under the facts of the case and pursuant to § 893.135(2), Fla. Stat., instructions on the following elements 1 and 2 should be given instead of elements 1 and 2 above. For example, if it is alleged that the defendant intended to sell heroin but actually sold hydrocodone, instructions on elements 1 and 2 below would be given.*

1. (Defendant) **intended to [sell] [purchase] [manufacture] [deliver] [bring into Florida] [possess]** (an enumerated controlled substance in § 893.135(1), Fla. Stat.)**.**

2. **The defendant actually [sold] [purchased] [manufactured] [delivered] [brought into Florida] [possessed] hydrocodone or a mixture containing hydrocodone.**

*Definitions. Give as applicable.*
*Sell.*
**"Sell" means to transfer or deliver something to another person in exchange for money or something of value or a promise of money or something of value.**

*Manufacture. § 893.02(15)(a), Fla. Stat.*
**"Manufacture" means the production, preparation, propagation, compounding, cultivating, growing, conversion, or processing of a controlled substance, either directly or indirectly, by extraction from substances of natural origin, or independently by means of chemical synthesis, or by a combination of extraction and chemical synthesis, and includes any packaging of the substance or labeling or relabeling of its container.**

*Give if applicable.*

The term "manufacture" does not include the preparation, compounding, packaging, or labeling of a controlled substance by:

1.      A practitioner or pharmacist as an incident to his or her administering or delivering of a controlled substance in the course of his or her professional practice.

2.      A practitioner, or by his or her authorized agent under the practitioner's supervision, for the purpose of, or as an incident to, research, teaching, or chemical analysis, and not for sale.

*Deliver. § 893.02(6), Fla. Stat.*
"Deliver" or "delivery" means the actual, constructive, or attempted transfer from one person to another of a controlled substance, whether or not there is an agency relationship.

*Mixture. § 893.02(16), Fla. Stat.*
"Mixture" means any physical combination of two or more substances, including, but not limited to, a blend, an aggregation, a suspension, an emulsion, a solution, or a dosage unit, whether or not such combination can be separated into its components by physical means, whether mechanical or thermal.

*Possession.*
There are two types of possession: actual possession and constructive possession.

*Actual possession.*
Actual possession means the person is aware of the presence of the substance and:

a.      The substance is in the hand of or on the person, or
b.      The substance is in a container in the hand of or on the person, or
c.      The substance is so close as to be within ready reach and is under the control of the person.

*Constructive possession.*
Constructive possession means the person is aware of the presence of the substance, the substance is in a place over which the person has control, and the person has the ability to control the substance.

*Give if applicable.*
**Mere proximity to a substance is not sufficient to establish the power and intention to control that substance when the substance is in a place that the person does not control.**

*Give if applicable.*
**In order to establish** (defendant's) **constructive possession of a substance that was in a place [he] [she] did not control, the State must prove** (defendant) **(1) knew that the substance was within [his] [her] presence and (2) exercised control or ownership over the substance itself.**

*Joint possession.*
**Possession of a substance may be sole or joint, that is, two or more persons may be aware of the presence of the substance and may jointly exercise control over it. In that case, each of those persons is considered to be in possession of the substance.**

*Give if applicable. § 893.02(19), Fla. Stat.*
**"Possession" includes temporary possession for the purpose of verification or testing, irrespective of dominion or control.**

*Inferences.*
*Exclusive control. Henderson v. State, 88 So. 3d 1060 (Fla. 1st DCA 2012); Meme v. State, 72 So. 3d 254 (Fla. 4th DCA 2011).*
**If you find that** (defendant)**:**

> a.     **had direct physical custody of the substance, [or]**
> b.     **was within ready reach of the substance and the substance was under [his] [her] control, [or]**
> c.     **had exclusive control of the place where the substance was located,**

**you may infer that [he] [she] was aware of the presence of the substance and had the power and intention to control it.**

**If** (defendant) **did not have exclusive control over the place where a substance was located, you may not infer [he] [she] had knowledge of the presence of the substance or the power and intention to control it, in the absence of other incriminating evidence.**

*Give if applicable. See Duncan v. State, 986 So. 2d 653 (Fla. 4th DCA 2008).*

However, you may infer that (defendant) knew of the presence of the substance and had the power and intention to control it if [he] [she] had joint control over the place where the substance was located, and the substance was located in a common area in plain view and in the presence of the defendant.

*Affirmative defense: Lack of knowledge of illicit nature. Give if applicable. § 893.101(2) and (3), Fla. Stat.*
Lack of knowledge of the illicit nature of a controlled substance is a defense to Trafficking in Hydrocodone. You are permitted to infer that (defendant) was aware of the illicit nature of the controlled substance if you find that [he] [she] knew of the presence of the substance and exercised control or ownership over the substance.

*Give if applicable. See McMillon v. State, 813 So. 2d 56 (Fla. 2002).*
You are permitted to infer that a person who sells a controlled substance knows of its illicit nature.

If you are convinced beyond a reasonable doubt that (defendant) knew of the illicit nature of the controlled substance, and all of the elements of the charge have been proved, you should find [him] [her] guilty of Trafficking in Hydrocodone.

If you have a reasonable doubt on the question of whether (defendant) knew of the illicit nature of the controlled substance, you should find [him] [her] not guilty of Trafficking in Hydrocodone.

*See State v. Weller, 590 So. 2d 923 (Fla. 1991).*
If you find the defendant guilty of Trafficking in Hydrocodone, you must further determine by your verdict whether the State has proved beyond a reasonable doubt that:

*Enhanced penalty. See § 893.135(1)(c), Fla. Stat., to verify the weights or amounts specified in the statute, as determined by the date of the offense. Give if applicable up to extent of charge.*

a. the [hydrocodone] [mixture containing hydrocodone] weighed 14 grams or more but less than 28 grams.

b. the [hydrocodone] [mixture containing hydrocodone] weighed 28 grams or more but less than 50 grams.

c. the [hydrocodone] [mixture containing hydrocodone] weighed 50 grams or more but less than 200 grams.

d.     the [hydrocodone] [mixture containing hydrocodone] weighed 200 grams or more but less than 30 kilograms.

e.     the [hydrocodone] [mixture containing hydrocodone] weighed 30 kilograms or more.

## Lesser Included Offenses

Trafficking can be committed by sale, purchase, manufacture, delivery, bringing into this state, or actual or constructive possession of a certain amount of drugs. Each of these alternatives has its own statute for lower quantities of controlled substances. Accordingly, before deciding the appropriate lesser-included offenses, trial judges should review not only the evidence but also the charging document to see what type of trafficking was alleged. For example, if a defendant is charged *only* with Trafficking via Sale, then Possession of a Controlled Substance should not be given as a lesser-included offense.

## Comments

There is no crime of Attempted Delivery because the definition of "delivery" in § 893.03(6), Fla. Stat., includes the attempt to transfer from one person to another. There is no crime of attempted conspiracy. *Hutchinson v. State*, 315 So. 2d 546 (Fla. 2d DCA 1975).

This instruction was adopted in 2016 [191 So. 3d 291] and amended in 2017.

## 25.11(b) TRAFFICKING IN OXYCODONE
§ 893.135(1)(c)3. and § 893.135(1)(c)4., Fla. Stat.

Certain drugs and chemical substances are by law known as "controlled substances." Oxycodone [or any mixture containing oxycodone] is a controlled substance.

To prove the crime of Trafficking in Oxycodone, the State must prove the following three elements beyond a reasonable doubt:

1.     (Defendant) knowingly [possessed] [sold] [purchased] [manufactured] [delivered] [brought into Florida] a certain substance.

2. ~~The substance was [oxycodone] [a mixture containing [oxycodone].~~

3. ~~The [oxycodone] [mixture containing oxycodone] weighed 7 grams or more.~~

*If applicable under the facts of the case and pursuant to § 893.135(2), Fla. Stat., instructions on the following elements 1 and 2 should be given instead of elements 1 and 2 above. For example, if it is alleged that the defendant intended to sell heroin but actually sold oxycodone, instructions on elements 1 and 2 below would be given.*

1. (Defendant) **intended to [sell] [purchase] [manufacture] [deliver] [bring into Florida] [possess]** (an enumerated controlled substance in § 893.135(1), Fla. Stat.).

2. ~~The defendant actually [sold] [purchased] [manufactured] [delivered] [brought into Florida] [possessed] oxycodone or a mixture containing oxycodone.~~

*Definitions. Give as applicable.*
*Sell.*
~~**"Sell" means to transfer or deliver something to another person in exchange for money or something of value or a promise of money or something of value.**~~

*Manufacture. § 893.02(15)(a), Fla. Stat.*
~~**"Manufacture" means the production, preparation, propagation, compounding, cultivating, growing, conversion, or processing of a controlled substance, either directly or indirectly, by extraction from substances of natural origin, or independently by means of chemical synthesis, or by a combination of extraction and chemical synthesis, and includes any packaging of the substance or labeling or relabeling of its container.**~~

*Give if applicable.*
~~**The term "manufacture" does not include the preparation, compounding, packaging, or labeling of a controlled substance by:**~~

1. ~~A practitioner or pharmacist as an incident to his or her administering or delivering of a controlled substance in the course of his or her professional practice.~~

  2. ~~A practitioner, or by his or her authorized agent under the practitioner's supervision, for the purpose of, or as an incident to, research, teaching, or chemical analysis, and not for sale.~~

*~~Deliver. § 893.02(6), Fla. Stat.~~*
~~"Deliver" or "delivery" means the actual, constructive, or attempted transfer from one person to another of a controlled substance, whether or not there is an agency relationship.~~

*~~Mixture. § 893.02(16), Fla. Stat.~~*
~~"Mixture" means any physical combination of two or more substances, including, but not limited to, a blend, an aggregation, a suspension, an emulsion, a solution, or a dosage unit, whether or not such combination can be separated into its components by physical means, whether mechanical or thermal.~~

*~~Possession.~~*
~~There are two types of possession: actual possession and constructive possession.~~

*~~Actual possession.~~*
~~Actual possession means the person is aware of the presence of the substance and:~~

  a. ~~The substance is in the hand of or on the person, or~~
  b. ~~The substance is in a container in the hand of or on the person, or~~
  c. ~~The substance is so close as to be within ready reach and is under the control of the person.~~

*~~Constructive possession.~~*
~~Constructive possession means the person is aware of the presence of the substance, the substance is in a place over which the person has control, and the person has the ability to control the substance.~~

*~~Give if applicable.~~*
~~Mere proximity to a substance is not sufficient to establish control over that substance when the substance is in a place that the person does not control.~~

*Give if applicable.*
In order to establish (defendant's) constructive possession of a substance that was in a place [he] [she] did not control, the State must prove (defendant) (1) knew that the substance was within [his] [her] presence and (2) exercised control or ownership over the substance itself.

*Joint possession.*
Possession of a substance may be sole or joint, that is, two or more persons may be aware of the presence of the substance and may jointly exercise control over it. In that case, each of those persons is considered to be in possession of the substance.

*Give if applicable. § 893.02(19), Fla. Stat.*
"Possession" includes temporary possession for the purpose of verification or testing, irrespective of dominion or control.

*Inferences.*
*Exclusive control. Henderson v. State, 88 So. 3d 1060 (Fla. 1st DCA 2012); Meme v. State, 72 So. 3d 254 (Fla. 4th DCA 2011).*

If you find that (defendant):

a.   had direct physical custody of the substance, [or]
b.   was within ready reach of the substance and the substance was under [his] [her] control, [or]
c.   had exclusive control of the place where the substance was located,

you may infer that [he] [she] was aware of the presence of the substance and had the power and intention to control it.

If (defendant) did not have exclusive control over the place where a substance was located, you may not infer [he] [she] had knowledge of the presence of the substance or the power and intention to control it, in the absence of other incriminating evidence.

*Give if applicable. See Duncan v. State, 986 So. 2d 653 (Fla. 4th DCA 2008).*
However, you may infer that (defendant) knew of the presence of the substance and had the power and intention to control it if [he] [she] had joint control over the place where the substance was located, and the substance was located in a common area in plain view and in the presence of the defendant.

*Affirmative defense: Lack of knowledge of illicit nature. Give if applicable. § 893.101(2) and (3), Fla. Stat.*

**Lack of knowledge of the illicit nature of a controlled substance is a defense to Trafficking in Oxycodone. You are permitted to infer that** (defendant) **was aware of the illicit nature of the controlled substance if you find that [he] [she] knew of the presence of the substance and exercised control or ownership over the substance.**

*Give if applicable. See McMillon v. State, 813 So. 2d 56 (Fla. 2002).*
**You are permitted to infer that a person who sells a controlled substance knows of its illicit nature.**

**If you are convinced beyond a reasonable doubt that** (defendant) **knew of the illicit nature of the controlled substance, and all of the elements of the charge have been proved, you should find [him] [her] guilty of Trafficking in Oxycodone.**

**If you have a reasonable doubt on the question of whether** (defendant) **knew of the illicit nature of the controlled substance, you should find [him] [her] not guilty of Trafficking in Oxycodone.**

*See State v. Weller, 590 So. 2d 923 (Fla. 1991).*
**If you find the defendant guilty of Trafficking in Oxycodone, you must further determine by your verdict whether the State has proved beyond a reasonable doubt that:**

*Enhanced penalty. See § 893.135(1)(c), Fla. Stat., to verify the weights or amounts specified in the statute, as determined by the date of the offense. Give if applicable up to extent of charge.*

    a.    **the [oxycodone] [mixture containing oxycodone] weighed 7 grams or more but less than 14 grams.**

    b.    **the [oxycodone] [mixture containing oxycodone] weighed 14 grams or more but less than 25 grams.**

    c.    **the [oxycodone] [mixture containing oxycodone] weighed 25 grams or more but less than 100 grams.**

    d.    **the [oxycodone] [mixture containing oxycodone] weighed 100 grams or more but less than 30 kilograms.**

e. the [oxycodone] [mixture containing oxycodone] weighed 30 kilograms or more.

**Lesser Included Offenses**

Trafficking can be committed by sale, purchase, manufacture, delivery, bringing into this state, or actual or constructive possession of a certain amount of drugs. Each of these alternatives has its own statute for lower quantities of controlled substances. Accordingly, before deciding the appropriate lesser-included offenses, trial judges should review not only the evidence but also the charging document to see what type of trafficking was alleged. For example, if a defendant is charged *only* with Trafficking via Sale, then Possession of a Controlled Substance should not be given as a lesser-included offense.

**Comments**

There is no crime of Attempted Delivery because the definition of "delivery" in § 893.03(6), Fla. Stat., includes the attempt to transfer from one person to another. There is no crime of attempted conspiracy. *Hutchinson v. State*, 315 So. 2d 546 (Fla. 2d DCA 1975).

This instruction was adopted in 2016 [191 So. 3d 291] and amended in 2017.

**25.12 TRAFFICKING IN PHENCYCLIDINE**
§ 893.135(1)(d), Fla. Stat.

Certain drugs and chemical substances are by law known as "controlled substances." Phencyclidine or any mixture containing phencyclidine is a controlled substance.

To prove the crime of Trafficking in Phencyclidine, the State must prove the following three elements beyond a reasonable doubt:

1. (Defendant) knowingly [possessed] [sold] [purchased] [manufactured] [delivered] [brought into Florida] a certain substance.

2. The substance was [phencyclidine] [a mixture containing phencyclidine].

3. The [phencyclidine] [mixture containing phencyclidine] weighed 28 grams or more.

*If applicable under the facts of the case and pursuant to § 893.135(2), Fla. Stat., instructions on the following elements 1 and 2 should be given instead of elements 1 and 2 above. For example, if it is alleged that the defendant intended to sell heroin but actually sold phencyclidine, instructions on elements 1 and 2 below would be given.*

1. (Defendant) **intended to [sell] [purchase] [manufacture] [deliver] [bring into Florida] [possess]** (an enumerated controlled substance in § 893.135(1), Fla. Stat.)**.**

2. **The defendant actually [sold] [purchased] [manufactured] [delivered] [brought into Florida] [possessed] phencyclidine or a mixture containing phencyclidine.**

*Definitions. Give as applicable.*
*Sell.*
**"Sell" means to transfer or deliver something to another person in exchange for money or something of value or a promise of money or something of value.**

*Manufacture. § 893.02(15)(a), Fla. Stat.*
**"Manufacture" means the production, preparation, propagation, compounding, cultivating, growing, conversion, or processing of a controlled substance, either directly or indirectly, by extraction from substances of natural origin, or independently by means of chemical synthesis, or by a combination of extraction and chemical synthesis, and includes any packaging of the substance or labeling or relabeling of its container.**

*Give if applicable.*
**The term "manufacture" does not include the preparation, compounding, packaging, or labeling of a controlled substance by:**

1. **A practitioner or pharmacist as an incident to his or her administering or delivering of a controlled substance in the course of his or her professional practice.**

2. **A practitioner, or by his or her authorized agent under the practitioner's supervision, for the purpose of, or as an incident to, research, teaching, or chemical analysis, and not for sale.**

*Deliver. § 893.02(6), Fla. Stat.*
**"Deliver" or "delivery" means the actual, constructive, or attempted transfer from one person to another of a controlled substance, whether or not there is an agency relationship.**

*Mixture. § 893.02(16), Fla. Stat.*
**"Mixture" means any physical combination of two or more substances, including, but not limited to, a blend, an aggregation, a suspension, an emulsion, a solution, or a dosage unit, whether or not such combination can be separated into its components by physical means, whether mechanical or thermal.**

*Possession.*
**There are two types of possession: actual possession and constructive possession.**

*Actual possession.*
**Actual possession means the person is aware of the presence of the substance and:**

> a. **The substance is in the hand of or on the person, or**
> b. **The substance is in a container in the hand of or on the person, or**
> c. **The substance is so close as to be within ready reach and is under the control of the person.**

*Constructive possession.*
**Constructive possession means the person is aware of the presence of the substance, the substance is in a place over which the person has control, and the person has the ability to control the substance.**

*Give if applicable.*
**Mere proximity to a substance is not sufficient to establish the power and intention to control that substance when the substance is in a place that the person does not control.**

*Give if applicable.*
**In order to establish** (defendant's) **constructive possession of a substance that was in a place [he] [she] did not control, the State must prove** (defendant)

**(1) knew that the substance was within [his] [her] presence and (2) exercised control or ownership over the substance itself.**

*Joint possession.*
**Possession of a substance may be sole or joint, that is, two or more persons may be aware of the presence of the substance and may jointly exercise control over it. In that case, each of those persons is considered to be in possession of the substance.**

*Give if applicable. § 893.02(19), Fla. Stat.*
**"Possession" includes temporary possession for the purpose of verification or testing, irrespective of dominion or control.**

*Inference.*
*Exclusive control. Henderson v. State, 88 So. 3d 1060 (Fla. 1st DCA 2012); Meme v. State, 72 So. 3d 254 (Fla. 4th DCA 2011).*
**If you find that** (defendant)**:**

>    a.    **had direct physical custody of the substance, [or]**
>    b.    **was within ready reach of the substance and the substance was under [his] [her] control, [or]**
>    c.    **had exclusive control of the place where the substance was located,**

**you may infer that [he] [she] was aware of the presence of the substance and had the power and intention to control it.**

**If** (defendant) **did not have exclusive control over the place where a substance was located, you may not infer [he] [she] had knowledge of the presence of the substance or the power and intention to control it, in the absence of other incriminating evidence.**

*Give if applicable. See Duncan v. State, 986 So. 2d 653 (Fla. 4th DCA 2008).*
**However, you may infer that** (defendant) **knew of the presence of the substance and had the power and intention to control it if [he] [she] had joint control over the place where the substance was located, and the substance was located in a common area in plain view and in the presence of the defendant.**

*Affirmative defense: Lack of knowledge of illicit nature. Give if applicable. § 893.101(2) and (3), Fla. Stat.*

**Lack of knowledge of the illicit nature of a controlled substance is a defense to Trafficking in Phencyclidine. You are permitted to presume infer that** (defendant) **was aware of the illicit nature of the controlled substance if you find that [he] [she] knew of the presence of the substance and exercised control or ownership over the substance.**

*Give if applicable. See McMillon v. State, 813 So. 2d 56 (Fla. 2002).*
**You are permitted to infer that a person who sells a controlled substance knows of its illicit nature.**

**If you are convinced beyond a reasonable doubt that** (defendant) **knew of the illicit nature of the controlled substance, and all of the elements of the charge have been proved, you should find [him] [her] guilty of Trafficking in Phencyclidine.**

**If you have a reasonable doubt on the question of whether** (defendant) **knew of the illicit nature of the controlled substance, you should find [him] [her] not guilty of Trafficking in Phencyclidine.**

*See State v. Weller, 590 So. 2d 923 (Fla. 1991).*
**If you find the defendant guilty of Trafficking in Phencyclidine, you must further determine by your verdict whether the State has proved beyond a reasonable doubt that:**

*Enhanced penalty. See § 893.135(1)(d)1.a.–c., Fla. Stat. to verify the weights or amounts specified in the statute, as determined by the date of the offense. Give if applicable up to extent of charge.*

> a.     **[The [phencyclidine] [mixture containing phencyclidine] weighed 28 grams or more but less than 200 grams.]**

> b.     **[The [phencyclidine] [mixture containing phencyclidine] weighed 200 grams or more but less than 400 grams.]**

> c.     **[The [phencyclidine] [mixture containing phencyclidine] weighed 400 grams or more.]**

**Lesser Included Offenses**

Trafficking can be committed by sale, purchase, manufacture, delivery, bringing into this state, or actual or constructive possession of a certain amount of

drugs. Each of these alternatives has its own statute for lower quantities of controlled substances. Accordingly, before deciding the appropriate lesser-included offenses, trial judges should review not only the evidence but also the charging document to see what type of trafficking was alleged. For example, if a defendant is charged *only* with Trafficking via Sale, then Possession of a Controlled Substance should not be given as a lesser-included offense.

## Comments

There is no crime of Attempted Delivery because the definition of "delivery" in § 893.03(6), Fla. Stat., includes the attempt to transfer from one person to another. There is no crime of attempted conspiracy. *Hutchinson v. State*, 315 So. 2d 546 (Fla. 2d DCA 1975).

This instruction was adopted in 1981 and amended in 1987 [509 So. 2d 917], 1989 [543 So. 2d 1205], 1997 [697 So. 2d 84], 2007 [969 So. 2d 245], 2013 [112 So. 3d 1211], 2014 [153 So. 3d 192], 2016 [191 So. 3d 291], and 2017.

## 25.13 TRAFFICKING IN METHAQUALONE
§ 893.135(1)(e), Fla. Stat.

Certain drugs and chemical substances are by law known as "controlled substances." Methaqualone or any mixture containing methaqualone is a controlled substance.

To prove the crime of Trafficking in Methaqualone, the State must prove the following three elements beyond a reasonable doubt:

1.    (Defendant) **knowingly [possessed] [sold] [purchased] [manufactured] [delivered ] [brought into Florida] a certain substance.**

2.    **The substance was [methaqualone] [a mixture containing methaqualone].**

3.    **The [methaqualone] [a mixture containing methaqualone] weighed 200 grams or more.**

*If applicable under the facts of the case and pursuant to § 893.135(2), Fla. Stat., instructions on the following elements 1 and 2 should be given instead of*

*elements 1 and 2 above. For example, if it is alleged that the defendant intended to sell heroin but actually sold methaqualone, instructions on elements 1 and 2 below would be given.*

1.  (Defendant) **intended to [sell] [purchase] [manufacture] [deliver] [bring into Florida] [possess]** (an enumerated controlled substance in § 893.135(1), Fla. Stat.)**.**

2.  **The defendant actually [sold] [purchased] [manufactured] [delivered] [brought into Florida] [possessed] methaqualone or a mixture containing methaqualone.**

*Sell.*
**"Sell" means to transfer or deliver something to another person in exchange for money or something of value or a promise of money or something of value.**

*Manufacture. § 893.02(15)(a), Fla. Stat.*
**"Manufacture" means the production, preparation, propagation, compounding, cultivating, growing, conversion, or processing of a controlled substance, either directly or indirectly, by extraction from substances of natural origin, or independently by means of chemical synthesis, or by a combination of extraction and chemical synthesis, and includes any packaging of the substance or labeling or relabeling of its container.**

*Give if applicable.*
**The term "manufacture" does not include the preparation, compounding, packaging, or labeling of a controlled substance by:**

**1.  A practitioner or pharmacist as an incident to his or her administering or delivering of a controlled substance in the course of his or her professional practice.**

**2.  A practitioner, or by his or her authorized agent under the practitioner's supervision, for the purpose of, or as an incident to, research, teaching, or chemical analysis, and not for sale.**

*Deliver. § 893.02(6), Fla. Stat.*
**"Deliver" or "delivery" means the actual, constructive, or attempted transfer from one person to another of a controlled substance, whether or not there is an agency relationship.**

*Possession.*

There are two types of possession: actual possession and constructive possession.

*Actual possession.*

Actual possession means the person is aware of the presence of the substance and:

a.    The substance is in the hand of or on the person, or

b.    The substance is in a container in the hand of or on the person, or

c.    The substance is so close as to be within ready reach and is under the control of the person.

*Constructive possession.*

Constructive possession means the person is aware of the presence of the substance, the substance is in a place over which the person has control, and the person has the ability to control the substance.

*Give if applicable.*

Mere proximity to a substance is not sufficient to establish the power and intention to control that substance when the substance is in a place that the person does not control.

*Give if applicable.*

In order to establish (defendant's) constructive possession of a substance that was in a place [he] [she] did not control, the State must prove (defendant) (1) knew that the substance was within [his] [her] presence and (2) exercised control or ownership over the substance itself.

*Joint possession.*

Possession of a substance may be sole or joint, that is, two or more persons may be aware of the presence of the substance and may jointly exercise control over it. In that case, each of those persons is considered to be in possession of the substance.

*Give if applicable. § 893.02(19), Fla. Stat.*

"Possession" includes temporary possession for the purpose of verification or testing, irrespective of dominion or control.

*Inference.*
*Exclusive control. Henderson v. State, 88 So. 3d 1060 (Fla. 1st DCA 2012);*
*Meme v. State, 72 So. 3d 254 (Fla. 4th DCA 2011).*

**If you find that** (defendant)**:**

a.      **had direct physical custody of the substance, [or]**
b.      **was within ready reach of the substance and the substance was under [his] [her] control, [or]**
c.      **had exclusive control of the place where the substance was located,**

**you may infer that [he] [she] was aware of the presence of the substance and had the power and intention to control it.**

**If** (defendant) **did not have exclusive control over the place where a substance was located, you may not infer [he] [she] had knowledge of the presence of the substance or the power and intention to control it, in the absence of other incriminating evidence.**

*Give if applicable. See Duncan v. State, 986 So. 2d 653 (Fla. 4th DCA 2008).*

**However, you may infer that** (defendant) **knew of the presence of the substance and had the power and intention to control it if [he] [she] had joint control over the place where the substance was located, and the substance was located in a common area in plain view and in the presence of the defendant.**

*Affirmative defense: Lack of knowledge of illicit nature. Give if there is evidence that the defendant 1) did not know of the presence of the substance or 2) knew of the presence of the substance, but did not know of its illicit nature. § 893.101(2) and (3), Fla. Stat.*

**Lack of knowledge of the illicit nature of a controlled substance is a defense to Trafficking in Methaqualone.** (Defendant) **has raised this defense.**

**You are permitted to infer that** (defendant) **was aware of the illicit nature of the controlled substance if you find that [he] [she] knew of the presence of the substance and exercised control or ownership over the substance.**

*Give if applicable. See McMillon v. State, 813 So. 2d 56 (Fla. 2002).*

**You are permitted to infer that a person who sells a controlled substance knows of its illicit nature.**

**If you are convinced beyond a reasonable doubt that** (defendant) **knew of the illicit nature of the controlled substance, and all of the elements of the charge have been proved, you should find [him] [her] guilty of Trafficking in Methaqualone.**

**If you have a reasonable doubt on the question of whether** (defendant) **knew of the illicit nature of the controlled substance, you should find [him] [her] not guilty of Trafficking in Methaqualone.**

*See State v. Weller, 590 So. 2d 923 (Fla. 1991).*

**If you find the defendant guilty of Trafficking in Methaqualone, you must further determine by your verdict whether the State has proved beyond a reasonable doubt that:**

*Enhanced penalty. See § 893.135(1)(e)1.a. c., Fla. Stat. to verify the weights or amounts specified in the statute, as determined by the date of the offense. Give if applicable up to extent of charge.*

    a.    **The [methaqualone][mixture containing methaqualone] weighed 200 grams or more but less than 5 kilograms.**

    b.    **The [methaqualone][mixture containing methaqualone] weighed 5 kilograms or more but less than 25 kilograms.**

    c.    **The [methaqualone][mixture containing methaqualone] weighed 25 kilograms or more.**

## Lesser Included Offenses

Trafficking can be committed by sale, purchase, manufacture, delivery, bringing into this state, or actual or constructive possession of a certain amount of drugs. Each of these alternatives has its own statute for lower quantities of controlled substances. Accordingly, before deciding the appropriate lesser-included offenses, trial judges should review not only the evidence but also the charging document to see what type of trafficking was alleged. For example, if a defendant is charged *only* with Trafficking via Sale, then Possession of a Controlled Substance should not be given as a lesser-included offense.

## Comments

There is no crime of Attempted Delivery because the definition of "delivery" in § 893.03(6), Fla. Stat., includes the attempt to transfer from one

person to another. There is no crime of attempted conspiracy. *Hutchinson v. State*, 315 So. 2d 546 (Fla. 2d DCA 1975).

This instruction was adopted in 1981 and amended in 1987 [509 So. 2d 917], 1989 [543 So. 2d 1205], 1997 [697 So. 2d 84], 2007 [969 So. 2d 245], 2013 [112 So. 3d 1211], 2014 [153 So. 3d 192], and 2016.

**25.13(a) TRAFFICKING IN [AMPHETAMINE] [METHAMPHETAMINE]**
§ 893.135(1)(f), Fla. Stat.

**Certain drugs and chemical substances are by law known as "controlled substances." [Amphetamine] [Methamphetamine] [or a mixture containing [Amphetamine] [Methamphetamine] [Phenylacetone, Phenylacetic Acid, Pseudoephedrine, or Ephedrine in conjunction with other chemicals and equipment utilized in the manufacture of Amphetamine or Methamphetamine]] is a controlled substance.**

**To prove the crime of Trafficking in [Amphetamine] [Methamphetamine], the State must prove the following three elements beyond a reasonable doubt:**

1.      (Defendant) **knowingly [possessed] [sold] [purchased] [manufactured] [delivered] [brought into Florida] a certain substance.**

2.      **The substance was [amphetamine] [methamphetamine] [a mixture containing [amphetamine] [methamphetamine] [**(specified substance)**] in conjunction with other chemicals and equipment utilized in the manufacture of Amphetamine or Methamphetamine]].**

3.      **The [amphetamine] [methamphetamine] [a mixture containing** (specified substance)**] weighed 14 grams or more.**

*If applicable under the facts of the case and pursuant to § 893.135(2), Fla. Stat., instructions on the following elements 1 and 2 should be given instead of elements 1 and 2 above. For example, if it is alleged that the defendant intended to sell heroin but actually sold methamphetamine, instructions on elements 1 and 2 below would be given.*

~~1.~~ ~~(Defendant)~~ **~~intended to [sell] [purchase] [manufacture] [deliver]~~** **~~[bring into Florida] [possess]~~** ~~(an enumerated controlled substance in § 893.135(1), Fla. Stat.)~~**~~.~~**

**~~2.~~** **~~The defendant actually [sold] [purchased] [manufactured] [delivered] [brought into Florida] [possessed] methamphetamine or a mixture containing methamphetamine.~~**

*~~Definitions. Give as applicable.~~*
*~~Sell.~~*
**~~"Sell" means to transfer or deliver something to another person in exchange for money or something of value or a promise of money or something of value.~~**

*~~Manufacture. § 893.02(15)(a), Fla. Stat.~~*
**~~"Manufacture" means the production, preparation, propagation, compounding, cultivating, growing, conversion, or processing of a controlled substance, either directly or indirectly, by extraction from substances of natural origin, or independently by means of chemical synthesis, or by a combination of extraction and chemical synthesis, and includes any packaging of the substance or labeling or relabeling of its container.~~**

*~~Give if applicable.~~*
**~~The term "manufacture" does not include the preparation, compounding, packaging, or labeling of a controlled substance by:~~**

**~~1.~~** **~~A practitioner or pharmacist as an incident to his or her administering or delivering of a controlled substance in the course of his or her professional practice.~~**

**~~2.~~** **~~A practitioner, or by his or her authorized agent under the practitioner's supervision, for the purpose of, or as an incident to, research, teaching, or chemical analysis, and not for sale.~~**

*~~Deliver. § 893.02(6), Fla. Stat.~~*
**~~"Deliver" or "delivery" means the actual, constructive, or attempted transfer from one person to another of a controlled substance, whether or not there is an agency relationship.~~**

*~~Mixture. § 893.02(16), Fla. Stat.~~*

**"Mixture" means any physical combination of two or more substances, including, but not limited to, a blend, an aggregation, a suspension, an emulsion, a solution, or a dosage unit, whether or not such combination can be separated into its components by physical means, whether mechanical or thermal.**

*Possession.*
**There are two types of possession: actual possession and constructive possession.**

*Actual possession.*
**Actual possession means the person is aware of the presence of the substance and:**

      **a.     The substance is in the hand of or on the person, or**
      **b.     The substance is in a container in the hand of or on the person, or**
      **c.     The substance is so close as to be within ready reach and is under the control of the person.**

*Constructive possession.*
**Constructive possession means the person is aware of the presence of the substance, the substance is in a place over which the person has control, and the person has the ability to control the substance.**

*Give if applicable.*
**Mere proximity to a substance is not sufficient to establish the power and intention to control that substance when the substance is in a place that the person does not control.**

*Give if applicable.*
**In order to establish** (defendant's) **constructive possession of a substance that was in a place [he] [she] did not control, the State must prove** (defendant) **(1) knew that the substance was within [his] [her] presence and (2) exercised control or ownership over the substance itself.**

*Joint possession.*
**Possession of a substance may be sole or joint, that is, two or more persons may be aware of the presence of the substance and may jointly**

exercise control over it. In that case, each of those persons is considered to be in possession of the substance.

*Give if applicable. § 893.02(19), Fla. Stat.*
"Possession" includes temporary possession for the purpose of verification or testing, irrespective of dominion or control.

*Inferences.*
*Exclusive control. Henderson v. State, 88 So. 3d 1060 (Fla. 1st DCA 2012); Meme v. State, 72 So. 3d 254 (Fla. 4th DCA 2011).*
If you find that (defendant):

    a.    had direct physical custody of the substance, [or]
    b.    was within ready reach of the substance and the substance was under [his] [her] control, [or]
    c.    had exclusive control of the place where the substance was located,

you may infer that [he] [she] was aware of the presence of the substance and had the power and intention to control it.

If (defendant) did not have exclusive control over the place where a substance was located, you may not infer [he] [she] had knowledge of the presence of the substance or the power and intention to control it, in the absence of other incriminating evidence.

*Give if applicable. See Duncan v. State, 986 So. 2d 653 (Fla. 4th DCA 2008).*
However, you may infer that (defendant) knew of the presence of the substance and had the power and intention to control it if [he] [she] had joint control over the place where the substance was located, and the substance was located in a common area in plain view and in the presence of the defendant.

*Affirmative defense: Lack of knowledge of illicit nature. Give if applicable. § 893.101(2) and (3), Fla. Stat.*
Lack of knowledge of the illicit nature of a controlled substance is a defense to Trafficking in [Amphetamine] [Methamphetamine].

You are permitted to infer that (defendant) was aware of the illicit nature of the controlled substance if you find that [he] [she] knew of the presence of the substance and exercised control or ownership over the substance.

*Give if applicable. See McMillon v. State, 813 So. 2d 56 (Fla. 2002).*
**You are permitted to infer that a person who sells a controlled substance knows of its illicit nature.**

**If you are convinced beyond a reasonable doubt that** (defendant) **knew of the illicit nature of the controlled substance, and all of the elements of the charge have been proved, you should find [him] [her] guilty of Trafficking in [Amphetamine] [Methamphetamine].**

**If you have a reasonable doubt on the question of whether** (defendant) **knew of the illicit nature of the controlled substance, you should find [him] [her] not guilty of Trafficking in [Amphetamine] [Methamphetamine].**

*See State v. Weller, 590 So. 2d 923 (Fla. 1991).*
**If you find the defendant guilty of Trafficking in [Amphetamine] [Methamphetamine], you must further determine by your verdict whether the State has proved beyond a reasonable doubt that:**

*Enhanced penalty. See § 893.135(1)(f), Fla. Stat., to verify the weights or amounts specified in the statute, as determined by the date of the offense.  Give if applicable up to extent of charge.*

    a.    **the [amphetamine] [methamphetamine] [a mixture containing** (specified substance)**] weighed 14 grams or more but less than 28 grams.**

    b.    **the [amphetamine] [methamphetamine] [a mixture containing** (specified substance)**] weighed 28 grams or more but less than 200 grams.**

    c.    **the [amphetamine] [methamphetamine] [a mixture containing** (specified substance)**] weighed 200 grams or more.**

**Lesser Included Offenses**

Trafficking can be committed by sale, purchase, manufacture, delivery, bringing into this state, or actual or constructive possession of a certain amount of drugs. Each of these alternatives has its own statute for lower quantities of controlled substances. Accordingly, before deciding the appropriate lesser-included offenses, trial judges should review not only the evidence but also the charging document to see what type of trafficking was alleged. For example, if a defendant

is charged *only* with Trafficking via Sale, then Possession of a Controlled Substance should not be given as a lesser-included offense.

## Comments

There is no crime of Attempted Delivery because the definition of "delivery" in § 893.03(6), Fla. Stat., includes the attempt to transfer from one person to another. There is no crime of attempted conspiracy. *Hutchinson v. State*, 315 So. 2d 546 (Fla. 2d DCA 1975).

This instruction was adopted in 2016 [191 So. 3d 291] and amended in 2017.

## 25.13(b) TRAFFICKING IN FLUNITRAZEPAM
§ 893.135(1)(g), Fla. Stat.

Certain drugs and chemical substances are by law known as "controlled substances." Flunitrazepam or a mixture containing flunitrazepam is a controlled substance.

To prove the crime of Trafficking in Flunitrazepam, the State must prove the following three elements beyond a reasonable doubt:

1.    (Defendant) **knowingly [possessed] [sold] [purchased] [manufactured] [delivered] [brought into Florida] a certain substance.**

2.    **The substance was [flunitrazepam] [a mixture containing flunitrazepam].**

3.    **The [flunitrazepam] [a mixture containing flunitrazepam] weighed 4 grams or more.**

*If applicable under the facts of the case and pursuant to § 893.135(2), Fla. Stat., instructions on the following elements 1 and 2 should be given instead of elements 1 and 2 above. For example, if it is alleged that the defendant intended to sell heroin but actually sold flunitrazepam, instructions on elements 1 and 2 below would be given.*

1.    (Defendant) **intended to [sell] [purchase] [manufacture] [deliver] [bring into Florida] [possess]** (an enumerated controlled substance in § 893.135(1), Fla. Stat.**).**

- 77 -

2. The defendant actually [sold] [purchased] [manufactured] [delivered] [brought into Florida] [possessed] flunitrazepam or a mixture containing flunitrazepam.

*Definitions. Give as applicable.*
*Sell.*
"Sell" means to transfer or deliver something to another person in exchange for money or something of value or a promise of money or something of value.

*Manufacture. § 893.02(15)(a), Fla. Stat.*
"Manufacture" means the production, preparation, propagation, compounding, cultivating, growing, conversion, or processing of a controlled substance, either directly or indirectly, by extraction from substances of natural origin, or independently by means of chemical synthesis, or by a combination of extraction and chemical synthesis, and includes any packaging of the substance or labeling or relabeling of its container.

*Give if applicable.*
The term "manufacture" does not include the preparation, compounding, packaging, or labeling of a controlled substance by:

1. A practitioner or pharmacist as an incident to his or her administering or delivering of a controlled substance in the course of his or her professional practice.

2. A practitioner, or by his or her authorized agent under the practitioner's supervision, for the purpose of, or as an incident to, research, teaching, or chemical analysis, and not for sale.

*Deliver. § 893.02(6), Fla. Stat.*
"Deliver" or "delivery" means the actual, constructive, or attempted transfer from one person to another of a controlled substance, whether or not there is an agency relationship.

*Mixture. § 893.02(16), Fla. Stat.*
"Mixture" means any physical combination of two or more substances, including, but not limited to, a blend, an aggregation, a suspension, an emulsion, a solution, or a dosage unit, whether or not such combination can be

**separated into its components by physical means, whether mechanical or thermal.**

*Possession.*
**There are two types of possession: actual possession and constructive possession.**

*Actual possession.*
**Actual possession means the person is aware of the presence of the substance and:**

      **a.**     **The substance is in the hand of or on the person, or**
      **b.**     **The substance is in a container in the hand of or on the person, or**
      **c.**     **The substance is so close as to be within ready reach and is under the control of the person.**

*Constructive possession.*
**Constructive possession means the person is aware of the presence of the substance, the substance is in a place over which the person has control, and the person has the ability to control the substance.**

*Give if applicable.*
**Mere proximity to a substance is not sufficient to establish the power and intention to control that substance when the substance is in a place that the person does not control.**

*Give if applicable.*
**In order to establish** (defendant's) **constructive possession of a substance that was in a place [he] [she] did not control, the State must prove** (defendant) **(1) knew that the substance was within [his] [her] presence and (2) exercised control or ownership over the substance itself.**

*Joint possession.*
**Possession of a substance may be sole or joint, that is, two or more persons may be aware of the presence of the substance and may jointly exercise control over it. In that case, each of those persons is considered to be in possession of the substance.**

*Give if applicable. § 893.02(19), Fla. Stat.*

**"Possession" includes temporary possession for the purpose of verification or testing, irrespective of dominion or control.**

*Inferences.*
*Exclusive control. Henderson v. State, 88 So. 3d 1060 (Fla. 1st DCA 2012); Meme v. State, 72 So. 3d 254 (Fla. 4th DCA 2011).*
**If you find that** (defendant)**:**

      a.      **had direct physical custody of the substance, [or]**
      b.      **was within ready reach of the substance and the substance was under [his] [her] control, [or]**
      c.      **had exclusive control of the place where the substance was located,**

**you may infer that [he] [she] was aware of the presence of the substance and had the power and intention to control it.**

**If** (defendant) **did not have exclusive control over the place where a substance was located, you may not infer [he] [she] had knowledge of the presence of the substance or the power and intention to control it, in the absence of other incriminating evidence.**

*Give if applicable. See Duncan v. State, 986 So. 2d 653 (Fla. 4th DCA 2008).*
**However, you may infer that** (defendant) **knew of the presence of the substance and had the power and intention to control it if [he] [she] had joint control over the place where the substance was located, and the substance was located in a common area in plain view and in the presence of the defendant.**

*Affirmative defense: Lack of knowledge of illicit nature. Give if applicable. § 893.101(2) and (3), Fla. Stat.*
**Lack of knowledge of the illicit nature of a controlled substance is a defense to Trafficking in Flunitrazepam. You are permitted to infer that** (defendant) **was aware of the illicit nature of the controlled substance if you find that [he] [she] knew of the presence of the substance and exercised control or ownership over the substance.**

*Give if applicable. See McMillon v. State, 813 So. 2d 56 (Fla. 2002).*
**You are permitted to infer that a person who sells a controlled substance knows of its illicit nature.**

**If you are convinced beyond a reasonable doubt that** (defendant) **knew of the illicit nature of the controlled substance, and all of the elements of the charge have been proved, you should find [him] [her] guilty of Trafficking in Flunitrazepam.**

**If you have a reasonable doubt on the question of whether** (defendant) **knew of the illicit nature of the controlled substance, you should find [him] [her] not guilty of Trafficking in Flunitrazepam.**

*See State v. Weller, 590 So. 2d 923 (Fla. 1991).*

**If you find the defendant guilty of Trafficking in Flunitrazepam, you must further determine by your verdict whether the State has proved beyond a reasonable doubt that:**

*Enhanced penalty. See § 893.135(1)(g)1., Fla. Stat., to verify the weights or amounts specified in the statute, as determined by the date of the offense. Give if applicable up to extent of charge.*

> **a.** **the [flunitrazepam] [mixture containing flunitrazepam] weighed 4 grams or more but less than 14 grams.**
>
> **b.** **the [flunitrazepam] [mixture containing flunitrazepam] weighed 14 grams or more but less than 28 grams.**
>
> **c.** **the [flunitrazepam] [mixture containing flunitrazepam] weighed 28 grams or more but less than 30 kilograms.**
>
> **d.** **the [flunitrazepam] [mixture containing flunitrazepam] weighed 30 kilograms or more.**

**Lesser Included Offenses**

Trafficking can be committed by sale, purchase, manufacture, delivery, bringing into this state, or actual or constructive possession of a certain amount of drugs. Each of these alternatives has its own statute for lower quantities of controlled substances. Accordingly, before deciding the appropriate lesser-included offenses, trial judges should review not only the evidence but also the charging document to see what type of trafficking was alleged. For example, if a defendant is charged *only* with Trafficking via Sale, then Possession of a Controlled Substance should not be given as a lesser-included offense.

**Comments**

There is no crime of Attempted Delivery because the definition of "delivery" in § 893.03(6), Fla. Stat., includes the attempt to transfer from one person to another. There is no crime of attempted conspiracy. *Hutchinson v. State*, 315 So. 2d 546 (Fla. 2d DCA 1975).

This instruction was adopted in 2016 [191 So. 3d 291] and amended in 2017.

## 25.13(c) TRAFFICKING IN [GHB] [GBL] [1,4-BUTANEDIOL]
§ 893.135(1)(h), (1)(i), and (1)(j), Fla. Stat.

Certain drugs and chemical substances are by law known as "controlled substances." [Gamma-hydroxybutyric acid (GHB)] [Gamma-butyrolactone (GBL)] [1,4-Butanediol] [or any mixture containing [GHB] [GBL] [1,4-Butanediol]] is a controlled substance.

To prove the crime of Trafficking in [GHB] [GBL] [1,4-Butanediol], the State must prove the following three elements beyond a reasonable doubt:

1.  (Defendant) knowingly [possessed] [sold] [purchased] [manufactured] [delivered] [brought into Florida] a certain substance.

2.  The substance was [GHB] [GBL] [1,4-Butanediol] [or a mixture containing [GHB] [GBL] [1,4-Butanediol]].

3.  The [GHB] [GBL] [1,4-Butanediol] [mixture containing [GHB] [GBL] [1,4-Butanediol]] weighed 1 kilogram or more.

*If applicable under the facts of the case and pursuant to § 893.135(2), Fla. Stat., instructions on the following elements 1 and 2 should be given instead of elements 1 and 2 above. For example, if it is alleged that the defendant intended to sell heroin but actually sold GHB, instructions on elements 1 and 2 below would be given.*

1.  (Defendant) intended to [sell] [purchase] [manufacture] [deliver] [bring into Florida] [possess] (an enumerated controlled substance in § 893.135(1), Fla. Stat.).

2.  The defendant actually [sold] [purchased] [manufactured] [delivered] [brought into Florida] [possessed] GHB or a mixture containing GHB.

*Definitions. Give as applicable.*
*Sell.*
**"Sell" means to transfer or deliver something to another person in exchange for money or something of value or a promise of money or something of value.**

*Manufacture. § 893.02(15)(a), Fla. Stat.*
**"Manufacture" means the production, preparation, propagation, compounding, cultivating, growing, conversion, or processing of a controlled substance, either directly or indirectly, by extraction from substances of natural origin, or independently by means of chemical synthesis, or by a combination of extraction and chemical synthesis, and includes any packaging of the substance or labeling or relabeling of its container.**

*Give if applicable.*
**The term "manufacture" does not include the preparation, compounding, packaging, or labeling of a controlled substance by:**

1. **A practitioner or pharmacist as an incident to his or her administering or delivering of a controlled substance in the course of his or her professional practice.**

2. **A practitioner, or by his or her authorized agent under the practitioner's supervision, for the purpose of, or as an incident to, research, teaching, or chemical analysis, and not for sale.**

*Deliver. § 893.02(6), Fla. Stat.*
**"Deliver" or "delivery" means the actual, constructive, or attempted transfer from one person to another of a controlled substance, whether or not there is an agency relationship.**

*Mixture. § 893.02(16), Fla. Stat.*
**"Mixture" means any physical combination of two or more substances, including, but not limited to, a blend, an aggregation, a suspension, an emulsion, a solution, or a dosage unit, whether or not such combination can be separated into its components by physical means, whether mechanical or thermal.**

*Possession.*

There are two types of possession: actual possession and constructive possession.

*Actual possession.*
Actual possession means the person is aware of the presence of the substance and:

> a.      The substance is in the hand of or on the person, or
> b.      The substance is in a container in the hand of or on the person, or
> c.      The substance is so close as to be within ready reach and is under the control of the person.

*Constructive possession.*
Constructive possession means the person is aware of the presence of the substance, the substance is in a place over which the person has control, and the person has the ability to control the substance.

*Give if applicable.*
Mere proximity to a substance is not sufficient to establish the power and intention to control that substance when the substance is in a place that the person does not control.

*Give if applicable.*
In order to establish (defendant's) constructive possession of a substance that was in a place [he] [she] did not control, the State must prove (defendant) (1) knew that the substance was within [his] [her] presence and (2) exercised control or ownership over the substance itself.

*Joint possession.*
Possession of a substance may be sole or joint, that is, two or more persons may be aware of the presence of the substance and may jointly exercise control over it. In that case, each of those persons is considered to be in possession of the substance.

*Give if applicable. § 893.02(19), Fla. Stat.*
"Possession" includes temporary possession for the purpose of verification or testing, irrespective of dominion or control.

*Inferences.*

*Exclusive control. Henderson v. State, 88 So. 3d 1060 (Fla. 1st DCA 2012); Meme v. State, 72 So. 3d 254 (Fla. 4th DCA 2011).*

**If you find that** (defendant)**:**

    a.    **had direct physical custody of the substance, [or]**
    b.    **was within ready reach of the substance and the substance was under [his] [her] control, [or]**
    c.    **had exclusive control of the place where the substance was located,**

**you may infer that [he] [she] was aware of the presence of the substance and had the power and intention to control it.**

**If** (defendant) **did not have exclusive control over the place where a substance was located, you may not infer [he] [she] had knowledge of the presence of the substance or the power and intention to control it, in the absence of other incriminating evidence.**

*Give if applicable. See Duncan v. State, 986 So. 2d 653 (Fla. 4th DCA 2008).*

**However, you may infer that** (defendant) **knew of the presence of the substance and had the power and intention to control it if [he] [she] had joint control over the place where the substance was located, and the substance was located in a common area in plain view and in the presence of the defendant.**

*Affirmative defense: Lack of knowledge of illicit nature. Give if applicable. § 893.101(2) and (3), Fla. Stat.*

**Lack of knowledge of the illicit nature of a controlled substance is a defense to Trafficking in [GHB] [GBL] [1,4-Butanediol]. You are permitted to infer that** (defendant) **was aware of the illicit nature of the controlled substance if you find that [he] [she] knew of the presence of the substance and exercised control or ownership over the substance.**

*Give if applicable. See McMillon v. State, 813 So. 2d 56 (Fla. 2002).*

**You are permitted to infer that a person who sells a controlled substance knows of its illicit nature.**

**If you are convinced beyond a reasonable doubt that** (defendant) **knew of the illicit nature of the controlled substance, and all of the elements of the charge have been proved, you should find [him] [her] guilty of Trafficking in [GHB] [GBL] [1,4-Butanediol].**

**If you have a reasonable doubt on the question of whether** (defendant) **knew of the illicit nature of the controlled substance, you should find [him] [her] not guilty of Trafficking in [GHB] [GBL] [1,4-Butanediol].**

*See State v. Weller, 590 So. 2d 923 (Fla. 1991).*

**If you find the defendant guilty of Trafficking in [GHB] [GBL] [1,4-Butanediol], you must further determine by your verdict whether the State has proved beyond a reasonable doubt that:**

*Enhanced penalty. See § 893.135(1)(h), (1)(i), and (1)(j), Fla. Stat., to verify the weights or amounts specified in the statute, as determined by the date of the offense. Give if applicable up to extent of charge.*

      a.    **the [GHB] [GBL] [1,4-Butanediol] [mixture containing [GHB] [GBL] [1,4-Butanediol]] weighed 1 kilogram or more but less than 5 kilograms.**

      b.    **the [GHB] [GBL] [1,4-Butanediol] [mixture containing [GHB] [GBL] [1,4-Butanediol]] weighed 5 kilograms or more but less than 10 kilograms.**

      c.    **the [GHB] [GBL] [1,4-Butanediol] [mixture containing [GHB] [GBL] [1,4-Butanediol]] weighed 10 kilograms or more.**

**Lesser Included Offenses**

Trafficking can be committed by sale, purchase, manufacture, delivery, bringing into this state, or actual or constructive possession of a certain amount of drugs. Each of these alternatives has its own statute for lower quantities of controlled substances. Accordingly, before deciding the appropriate lesser-included offenses, trial judges should review not only the evidence but also the charging document to see what type of trafficking was alleged. For example, if a defendant is charged *only* with Trafficking via Sale, then Possession of a Controlled Substance should not be given as a lesser-included offense.

**Comments**

There is no crime of Attempted Delivery because the definition of "delivery" in § 893.03(6), Fla. Stat., includes the attempt to transfer from one person to

another. There is no crime of attempted conspiracy. *Hutchinson v. State*, 315 So. 2d 546 (Fla. 2d DCA 1975).

This instruction was adopted in 2016 [191 So. 3d 291] and amended in 2017.

**25.13(d) TRAFFICKING IN PHENETHYLAMINES (INCLUDES MDMA)**
§ 893.135(1)(k), Fla. Stat.

**Certain drugs and chemical substances are by law known as "controlled substances." [**(Specified substance)**] [Analogs, Isomers, or any mixture containing** (specified substance(s))**] is a controlled substance.**

**To prove the crime of Trafficking in Phenethylamines, the State must prove the following three elements beyond a reasonable doubt:**

1. (Defendant) **knowingly [possessed] [sold] [purchased] [manufactured] [delivered] [brought into Florida] a certain substance.**

2. **The substance was [**(specified substance)**] [an analog, isomer, or mixture containing** (specified substance(s))**].**

3. **The [**(specified substance)**] [analog, isomer, or mixture containing** (specified substance(s))**] weighed 10 grams or more.**

*If applicable under the facts of the case and pursuant to § 893.135(2), Fla. Stat., instructions on the following elements 1 and 2 should be given instead of elements 1 and 2 above. For example, if it is alleged that the defendant intended to sell heroin but actually sold MDMA, instructions on elements 1 and 2 below would be given.*

1. (Defendant) **intended to [sell] [purchase] [manufacture] [deliver] [bring into Florida] [possess]** (an enumerated controlled substance in § 893.135(1), Fla. Stat.)**.**

2. **The defendant actually [sold] [purchased] [manufactured] [delivered] [brought into Florida] [possessed] MDMA or a mixture containing MDMA.**

*Definitions. Give as applicable.*
*Sell.*

**"Sell"** means to transfer or deliver something to another person in exchange for money or something of value or a promise of money or something of value.

*Manufacture. § 893.02(15)(a), Fla. Stat.*
**"Manufacture"** means the production, preparation, propagation, compounding, cultivating, growing, conversion, or processing of a controlled substance, either directly or indirectly, by extraction from substances of natural origin, or independently by means of chemical synthesis, or by a combination of extraction and chemical synthesis, and includes any packaging of the substance or labeling or relabeling of its container.

*Give if applicable.*
**The term "manufacture" does not include the preparation, compounding, packaging, or labeling of a controlled substance by:**

1. A practitioner or pharmacist as an incident to his or her administering or delivering of a controlled substance in the course of his or her professional practice.

2. A practitioner, or by his or her authorized agent under the practitioner's supervision, for the purpose of, or as an incident to, research, teaching, or chemical analysis, and not for sale.

*Deliver. § 893.02(6), Fla. Stat.*
**"Deliver"** or **"delivery"** means the actual, constructive, or attempted transfer from one person to another of a controlled substance, whether or not there is an agency relationship.

*Analog. § 893.02(2), Fla. Stat.*
**"Analog"** means a structural derivative of a parent compound that is a controlled substance.

*Mixture. § 893.02(16), Fla. Stat.*
**"Mixture"** means any physical combination of two or more substances, including, but not limited to, a blend, an aggregation, a suspension, an emulsion, a solution, or a dosage unit, whether or not such combination can be separated into its components by physical means, whether mechanical or thermal.

*Possession.*
There are two types of possession: actual possession and constructive possession.

*Actual possession.*
Actual possession means the person is aware of the presence of the substance and:

a. The substance is in the hand of or on the person, or
b. The substance is in a container in the hand of or on the person, or
c. The substance is so close as to be within ready reach and is under the control of the person.

*Constructive possession.*
Constructive possession means the person is aware of the presence of the substance, the substance is in a place over which the person has control, and the person has the ability to control the substance.

*Give if applicable.*
Mere proximity to a substance is not sufficient to establish the power and intention to control that substance when the substance is in a place that the person does not control.

*Give if applicable.*
In order to establish (defendant's) constructive possession of a substance that was in a place [he] [she] did not control, the State must prove (defendant) (1) knew that the substance was within [his] [her] presence and (2) exercised control or ownership over the substance itself.

*Joint possession.*
Possession of a substance may be sole or joint, that is, two or more persons may be aware of the presence of the substance and may jointly exercise control over it. In that case, each of those persons is considered to be in possession of the substance.

*Give if applicable. § 893.02(19), Fla. Stat.*
"Possession" includes temporary possession for the purpose of verification or testing, irrespective of dominion or control.

*Inferences.*

*Exclusive control. Henderson v. State, 88 So. 3d 1060 (Fla. 1st DCA 2012); Meme v. State, 72 So. 3d 254 (Fla. 4th DCA 2011).*

**If you find that** (defendant)**:**

   a.   **had direct physical custody of the substance, [or]**

   b.   **was within ready reach of the substance and the substance was under [his] [her] control, [or]**

   c.   **had exclusive control of the place where the substance was located,**

**you may infer that [he] [she] was aware of the presence of the substance and had the power and intention to control it.**

**If** (defendant) **did not have exclusive control over the place where a substance was located, you may not infer [he] [she] had knowledge of the presence of the substance or the power and intention to control it, in the absence of other incriminating evidence.**

*Give if applicable. See Duncan v. State, 986 So. 2d 653 (Fla. 4th DCA 2008).*

**However, you may infer that** (defendant) **knew of the presence of the substance and had the power and intention to control it if [he] [she] had joint control over the place where the substance was located, and the substance was located in a common area in plain view and in the presence of the defendant.**

*Affirmative defense: Lack of knowledge of illicit nature. Give if applicable. § 893.101(2) and (3), Fla. Stat.*

**Lack of knowledge of the illicit nature of a controlled substance is a defense to Trafficking in Phenethylamines. You are permitted to infer that** (defendant) **was aware of the illicit nature of the controlled substance if you find that [he] [she] knew of the presence of the substance and exercised control or ownership over the substance.**

*Give if applicable. See McMillon v. State, 813 So. 2d 56 (Fla. 2002).*

**You are permitted to infer that a person who sells a controlled substance knows of its illicit nature.**

**If you are convinced beyond a reasonable doubt that** (defendant) **knew of the illicit nature of the controlled substance, and all of the elements of the charge have been proved, you should find [him] [her] guilty of Trafficking in Phenethylamines.**

- 90 -

**If you have a reasonable doubt on the question of whether** (defendant) **knew of the illicit nature of the controlled substance, you should find [him] [her] not guilty of Trafficking in Phenethylamines.**

*See State v. Weller, 590 So. 2d 923 (Fla. 1991).*

**If you find the defendant guilty of Trafficking in Phenethylamines, you must further determine by your verdict whether the State has proved beyond a reasonable doubt that:**

*Enhanced penalty. See § 893.135(1)(k), Fla. Stat., to verify the weights or amounts specified in the statute, as determined by the date of the offense. Give if applicable up to extent of charge.*

a.     **the [**(specified substance)**] [analog, isomer, or mixture containing** (specified substance(s))**] weighed 10 grams or more but less than 200 grams.**

b.     **the [**(specified substance)**] [analog, isomer, or mixture containing** (specified substance(s))**] weighed 200 grams or more but less than 400 grams.**

c.     **the [**(specified substance)**] [analog, isomer, or mixture containing** (specified substance(s))**] weighed 400 grams or more.**

**Lesser Included Offenses**

Trafficking can be committed by sale, purchase, manufacture, delivery, bringing into this state, or actual or constructive possession of a certain amount of drugs. Each of these alternatives has its own statute for lower quantities of controlled substances. Accordingly, before deciding the appropriate lesser-included offenses, trial judges should review not only the evidence but also the charging document to see what type of trafficking was alleged. For example, if a defendant is charged *only* with Trafficking via Sale, then Possession of a Controlled Substance should not be given as a lesser-included offense.

**Comments**

There is no crime of Attempted Delivery because the definition of "delivery" in § 893.03(6), Fla. Stat., includes the attempt to transfer from one person to

another. There is no crime of attempted conspiracy. *Hutchinson v. State*, 315 So. 2d 546 (Fla. 2d DCA 1975).

This instruction was adopted in 2016 [191 So. 3d 291] and amended in 2017.


**25.13(e) TRAFFICKING IN LSD**
§ 893.135(1)(*l*), Fla. Stat.


**Certain drugs and chemical substances are by law known as "controlled substances." Lysergic Acid Diethylamide (LSD) or any mixture containing LSD is a controlled substance.**

**To prove the crime of Trafficking in LSD, the State must prove the following three elements beyond a reasonable doubt:**

1. (Defendant) **knowingly [possessed] [sold] [purchased] [manufactured] [delivered] [brought into Florida] a certain substance.**

2. **The substance was [LSD] [a mixture containing LSD].**

3. **The [LSD] [mixture containing LSD] weighed 1 gram or more.**

*If applicable under the facts of the case and pursuant to § 893.135(2), Fla. Stat., instructions on the following elements 1 and 2 should be given instead of elements 1 and 2 above. For example, if it is alleged that the defendant intended to sell heroin but actually sold LSD, instructions on elements 1 and 2 below would be given.*

1. (Defendant) **intended to [sell] [purchase] [manufacture] [deliver] [bring into Florida] [possess]** (an enumerated controlled substance in § 893.135(1), Fla. Stat.)**.**

2. **The defendant actually [sold] [purchased] [manufactured] [delivered] [brought into Florida] LSD or a mixture containing LSD.**

*Definitions. Give as applicable.*
*Sell.*

**"Sell"** means to transfer or deliver something to another person in exchange for money or something of value or a promise of money or something of value.

*Manufacture. § 893.02(15)(a), Fla. Stat.*
**"Manufacture"** means the production, preparation, propagation, compounding, cultivating, growing, conversion, or processing of a controlled substance, either directly or indirectly, by extraction from substances of natural origin, or independently by means of chemical synthesis, or by a combination of extraction and chemical synthesis, and includes any packaging of the substance or labeling or relabeling of its container.

*Give if applicable.*
The term "manufacture" does not include the preparation, compounding, packaging, or labeling of a controlled substance by:

1.     A practitioner or pharmacist as an incident to his or her administering or delivering of a controlled substance in the course of his or her professional practice.

2.     A practitioner, or by his or her authorized agent under the practitioner's supervision, for the purpose of, or as an incident to, research, teaching, or chemical analysis, and not for sale.

*Deliver. § 893.02(6), Fla. Stat.*
**"Deliver"** or **"delivery"** means the actual, constructive, or attempted transfer from one person to another of a controlled substance, whether or not there is an agency relationship.

*Mixture. § 893.02(16), Fla. Stat.*
**"Mixture"** means any physical combination of two or more substances, including, but not limited to, a blend, an aggregation, a suspension, an emulsion, a solution, or a dosage unit, whether or not such combination can be separated into its components by physical means, whether mechanical or thermal.

*Possession.*
There are two types of possession: actual possession and constructive possession.

*Actual possession.*

**Actual possession means the person is aware of the presence of the substance and:**

>    a.    **The substance is in the hand of or on the person, or**
>    b.    **The substance is in a container in the hand of or on the person, or**
>    c.    **The substance is so close as to be within ready reach and is under the control of the person.**

*Constructive possession.*

**Constructive possession means the person is aware of the presence of the substance, the substance is in a place over which the person has control, and the person has the ability to control the substance.**

*Give if applicable.*

**Mere proximity to a substance is not sufficient to establish the power and intention to control that substance when the substance is in a place that the person does not control.**

*Give if applicable.*

**In order to establish** (defendant's) **constructive possession of a substance that was in a place [he] [she] did not control, the State must prove** (defendant) **(1) knew that the substance was within [his] [her] presence and (2) exercised control or ownership over the substance itself.**

*Joint possession.*

**Possession of a substance may be sole or joint, that is, two or more persons may be aware of the presence of the substance and may jointly exercise control over it. In that case, each of those persons is considered to be in possession of the substance.**

*Give if applicable. § 893.02(19), Fla. Stat.*

**"Possession" includes temporary possession for the purpose of verification or testing, irrespective of dominion or control.**

*Inferences.*
*Exclusive control. Henderson v. State, 88 So. 3d 1060 (Fla. 1st DCA 2012); Meme v. State, 72 So. 3d 254 (Fla. 4th DCA 2011).*
**If you find that** (defendant)**:**

> ~~a.    had direct physical custody of the substance, [or]~~
> ~~b.    was within ready reach of the substance and the substance was under [his] [her] control, [or]~~
> ~~c.    had exclusive control of the place where the substance was located,~~

~~you may infer that [he] [she] was aware of the presence of the substance and had the power and intention to control it.~~

~~**If** (defendant) **did not have exclusive control over the place where a substance was located, you may not infer [he] [she] had knowledge of the presence of the substance or the power and intention to control it, in the absence of other incriminating evidence.**~~

*~~Give if applicable. See Duncan v. State, 986 So. 2d 653 (Fla. 4th DCA 2008).~~*
~~**However, you may infer that** (defendant) **knew of the presence of the substance and had the power and intention to control it if [he] [she] had joint control over the place where the substance was located, and the substance was located in a common area in plain view and in the presence of the defendant.**~~

*~~Affirmative defense: Lack of knowledge of illicit nature. Give if applicable. § 893.101(2) and (3), Fla. Stat.~~*
~~**Lack of knowledge of the illicit nature of a controlled substance is a defense to Trafficking in LSD. You are permitted to infer that** (defendant) **was aware of the illicit nature of the controlled substance if you find that [he] [she] knew of the presence of the substance and exercised control or ownership over the substance.**~~

*~~Give if applicable. See McMillon v. State, 813 So. 2d 56 (Fla. 2002).~~*
~~**You are permitted to infer that a person who sells a controlled substance knows of its illicit nature.**~~

~~**If you are convinced beyond a reasonable doubt that** (defendant) **knew of the illicit nature of the controlled substance, and all of the elements of the charge have been proved, you should find [him] [her] guilty of Trafficking in LSD.**~~

~~**If you have a reasonable doubt on the question of whether** (defendant) **knew of the illicit nature of the controlled substance, you should find [him] [her] not guilty of Trafficking in LSD.**~~

*See State v. Weller, 590 So. 2d 923 (Fla. 1991).*

**If you find the defendant guilty of Trafficking in LSD, you must further determine by your verdict whether the State has proved beyond a reasonable doubt that:**

*Enhanced penalty. See § 893.135(1)(l)1., Fla. Stat., to verify the weights or amounts specified in the statute, as determined by the date of the offense. Give if applicable up to extent of charge.*

> **a.      the LSD weighed 1 gram or more but less than 5 grams.**
>
> **b.      the LSD weighed 5 grams or more but less than 7 grams.**
>
> **c.      the LSD weighed 7 grams or more.**

**Lesser Included Offenses**

Trafficking can be committed by sale, purchase, manufacture, delivery, bringing into this state, or actual or constructive possession of a certain amount of drugs. Each of these alternatives has its own statute for lower quantities of controlled substances. Accordingly, before deciding the appropriate lesser-included offenses, trial judges should review not only the evidence but also the charging document to see what type of trafficking was alleged. For example, if a defendant is charged *only* with Trafficking via Sale, then Possession of a Controlled Substance should not be given as a lesser-included offense.

**Comments**

There is no crime of Attempted Delivery because the definition of "delivery" in § 893.03(6), Fla. Stat., includes the attempt to transfer from one person to another. There is no crime of attempted conspiracy. *Hutchinson v. State*, 315 So. 2d 546 (Fla. 2d DCA 1975).

This instruction was adopted in 2016 [191 So. 3d 291] and amended in 2017.

**25.14 USE OR POSSESSION WITH INTENT TO USE
DRUG PARAPHERNALIA**
§ 893.147(1), Fla. Stat.

**To prove the crime of Use or Possession With Intent to Use Drug Paraphernalia, the State must prove the following two elements beyond a reasonable doubt:**

1.  (Defendant) **knew of the presence of drug paraphernalia.**

2.  (Defendant) **[used the drug paraphernalia] [or] [possessed the drug paraphernalia with intent to use it] to:**

    **[plant] [propagate] [cultivate] [grow] [harvest] [manufacture] [compound] [convert] [produce] [process] [prepare] [test] [analyze] [pack] [repack] [store] [contain] [conceal] a controlled substance;**

    **or**

    **[inject] [ingest] [inhale] [or] [introduce] a controlled substance into the human body.**

**The Court instructs you that** (name of substance) **is a controlled substance.**

*Definitions.*
*Possession.*
~~There are two types of possession: actual possession and constructive possession.~~

*~~Actual possession.~~*
~~Actual possession of drug paraphernalia means the person is aware of the presence of the drug paraphernalia and:~~

   ~~a.   The drug paraphernalia is in the hand of or on the person, or~~
   ~~b.   The drug paraphernalia is in a container in the hand of or on the person, or~~
   ~~c.   The drug paraphernalia is so close as to be within ready reach and is under the control of the person.~~

*~~Constructive possession.~~*
~~Constructive possession of drug paraphernalia means the person is aware of the presence of the drug paraphernalia, the drug paraphernalia is in~~

**a place over which the person has control, and the person has the ability to control the drug paraphernalia.**

*Give if applicable.*
**Mere proximity to drug paraphernalia is not sufficient to establish the power and intention to control that drug paraphernalia when the drug paraphernalia is in a place that the person does not control.**

*Give if applicable.*
**In order to establish** (defendant's) **constructive possession of drug paraphernalia that was in a place [he] [she] did not control, the State must prove** (defendant) **(1) knew that the drug paraphernalia was within [his] [her] presence and (2) exercised control or ownership over the drug paraphernalia itself.**

*Joint possession.*
**Possession of drug paraphernalia may be sole or joint, that is, two or more persons may be aware of the presence of the drug paraphernalia and may jointly exercise control over it.  In that case, each of those persons is considered to be in possession of the drug paraphernalia.**

*Inferences.*
*Exclusive control. Henderson v. State, 88 So. 3d 1060 (Fla. 1st DCA 2012); Meme v. State, 72 So. 3d 254 (Fla. 4th DCA 2011).*
**If you find that** (defendant)**:**

> a. **had direct physical custody of the drug paraphernalia, [or]**
> b. **was within ready reach of the drug paraphernalia and the drug paraphernalia was under [his] [her] control, [or]**
> c. **had exclusive control of the place where the drug paraphernalia was located,**

**you may infer that [he] [she] was aware of the presence of the drug paraphernalia and had the power and intention to control it.**

**If** (defendant) **did not have exclusive control over the place where drug paraphernalia was located, you may not infer [he] [she] had knowledge of the presence of the drug paraphernalia or the power and intention to control it, in the absence of other incriminating evidence.**

*Give if applicable. Duncan v. State, 986 So. 2d 653 (Fla. 4th DCA 2008).*

**However, you may infer that** (defendant) **knew of the presence of the drug paraphernalia and had the power and intention to control it if [he] [she] had joint control over the place where the drug paraphernalia was located, and the drug paraphernalia was located in a common area in plain view and in the presence of the defendant.**

**To prove** (defendant) **"possessed drug paraphernalia," the State must prove beyond a reasonable doubt that [he] [she] a) knew of the existence of the drug paraphernalia and b) intentionally exercised control over that drug paraphernalia.**

*Give if applicable.*
**Control can be exercised over drug paraphernalia whether the drug paraphernalia is carried on a person, near a person, or in a completely separate location. Mere proximity to drug paraphernalia does not establish that the person intentionally exercised control over the drug paraphernalia in the absence of additional evidence. Control can be established by proof that** (defendant) **had direct personal power to control the drug paraphernalia or the present ability to direct its control by another.**

*Joint possession. Give if applicable.*
**Possession of drug paraphernalia may be sole or joint, that is, two or more persons may possess drug paraphernalia.**

*Drug Paraphernalia. § 893.145, Fla. Stat.*
**The term "drug paraphernalia" means all equipment, products, and materials of any kind which are used, intended for use, or designed for use in planting, propagating, cultivating, growing, harvesting, manufacturing, compounding, converting, producing, processing, preparing, testing, analyzing, packaging, repackaging, storing, containing, concealing, transporting, injecting, ingesting, inhaling, or otherwise introducing into the human body a controlled substance or a substance listed in § 877.111, Florida Statutes]. The Court instructs you that** (name of substance) **is a substance listed in § 877.111, Florida Statutes.**

**It includes, but is not limited to:**
*Give specific definition as applicable.*
1. **Kits used, intended for use, or designed for use in planting, propagating, cultivating, growing, or harvesting of any species of plant which is a controlled substance or from which a controlled substance can be derived.**

2.  **Kits used, intended for use, or designed for use in manufacturing, compounding, converting, producing, processing, or preparing controlled substances.**

3.  **Isomerization devices used, intended for use, or designed for use in increasing the potency of any species of plant which is a controlled substance.**

4.  **Testing equipment used, intended for use, or designed for use in identifying, or in analyzing the strength, effectiveness, or purity of, controlled substances.**

5.  **Scales and balances used, intended for use, or designed for use in weighing or measuring controlled substances.**

6.  **Diluents and adulterants, such as quinine hydrochloride, caffeine, dimethyl sulfone, mannitol, mannite, dextrose, and lactose used, intended for use, or designed for use in diluting controlled substances or substances such as damiana leaf, marshmallow leaf, and mullein leaf, used, intended for use, or designed for use as carrier mediums of controlled substances.**

7.  **Separation gins and sifters used, intended for use, or designed for use in removing twigs and seeds from, or in otherwise cleaning or refining, cannabis.**

8.  **Blenders, bowls, containers, spoons, and mixing devices used, intended for use, or designed for use in compounding controlled substances.**

9.  **Capsules, balloons, envelopes, and other containers used, intended for use, or designed for use in packaging small quantities of controlled substances.**

10. **Containers and other objects used, intended for use, or designed for use in storing or concealing controlled substances.**

11. **Hypodermic syringes, needles, and other objects used, intended for use, or designed for use in parenterally injecting controlled substances into the human body.**

12. **Objects used, intended for use, or designed for use in ingesting, inhaling, or otherwise introducing controlled substances or a**

substance listed in § 877.111, Florida Statutes, into the human body, such as:

a. Metal, wooden, acrylic, glass, stone, plastic, or ceramic pipes with or without screens, permanent screens, hashish heads, or punctured metal bowls.

b. Water pipes.

c. Carburetion tubes and devices.

d. Smoking and carburetion masks.

e. Roach clips: meaning objects used to hold burning material, such as a cannabis cigarette, that has become too small or too short to be held in the hand.

f. Miniature cocaine spoons, and cocaine vials.

g. Chamber pipes.

h. Carburetor pipes.

i. Electric pipes.

j. Air-driven pipes.

k. Chillums.

l. Bongs.

m. Ice pipes or chillers.

*Relevant factors. § 893.146, Fla. Stat.*
In addition to all other logically relevant factors, the following factors shall be considered in determining whether an object is drug paraphernalia:

1. Statements by an owner or by anyone in control of the object concerning its use.

2. The proximity of the object, in time and space, to a direct violation of the drug laws.

3. The proximity of the object to controlled substances.

4.    The existence of any residue of controlled substances on the object.

5.    Evidence of the intent of an owner, or of anyone in control of the object, to deliver it to persons whom [he] [she] knows, or should reasonably know, intend to use the object to facilitate a violation of the drug laws. The innocence of an owner, or of anyone in control of the object, as to a direct violation of the drug laws shall not prevent a finding that the object is intended for use, or designed for use, as drug paraphernalia.

6.    Instructions, oral or written, provided with the object concerning its use.

7.    Descriptive materials accompanying the object which explain or depict its use.

8.    Any advertising concerning its use.

9.    The manner in which the object is displayed for sale.

10.   Whether the owner, or anyone in control of the object, is a legitimate supplier of like or related items to the community, such as a licensed distributor or dealer of tobacco products.

11.   Evidence of the ratio of sales of the object or objects to the total sales of the business enterprise.

12.   The existence and scope of legitimate uses for the object in the community.

13.   Expert testimony concerning its use.

## Lesser Included Offenses

| USE OR POSSESSION ~~OF~~ WITH INTENT TO USE DRUG PARAPHERNALIA — 893.147(1) | | | |
|---|---|---|---|
| CATEGORY ONE | CATEGORY TWO | FLA. STAT. | INS. NO. |
| None | | | |
| | Attempt | 777.04(1) | 5.1 |

## Comment

This instruction was adopted in 1981 and amended in 1989 [543 So. 2d 1205], 1992 [603 So. 2d 1175], 1997 [697 So. 2d 84], 2007 [969 So. 2d 245], 2014 [153 So. 3d 192], 2016 [191 So. 3d 291], ~~and~~ 2017 [216 So. 3d 497], and 2019.

## 25.15 DELIVERY, POSSESSION WITH INTENT TO DELIVER, OR MANUFACTURE WITH INTENT TO DELIVER DRUG PARAPHERNALIA
§ 893.147(2), Fla. Stat.

**To prove the crime of** (crime charged)**, the State must prove the following three elements beyond a reasonable doubt:**

1.      (Defendant) **[delivered] [possessed with intent to deliver] [manufactured with intent to deliver] drug paraphernalia.**

2.      (Defendant) **had knowledge of the presence of the drug paraphernalia.**

3.      (Defendant) **knew or reasonably should have known that the drug paraphernalia would be used to plant, propagate, cultivate, grow, harvest, manufacture, compound, convert, produce, process, prepare, test, analyze, pack, repack, store, contain, conceal, inject, ingest, inhale or otherwise introduce a controlled substance into the human body.**

**The Court instructs you that** (name of substance) **is a controlled substance.**

*Definitions.*
*Possession. Give if possession with intent to deliver is charged.*
~~**There are two types of possession: actual possession and constructive possession.**~~

~~*Actual possession.*~~
~~**Actual possession of drug paraphernalia means the person is aware of the presence of the paraphernalia and:**~~

~~a.      **The drug paraphernalia is in the hand of or on the person, or**~~

- 103 -

> b. The drug paraphernalia is in a container in the hand of or on the person, or
>
> c. The drug paraphernalia is so close as to be within ready reach and is under the control of the person.

*Constructive possession.*
**Constructive possession of drug paraphernalia means the person is aware of the presence of the drug paraphernalia, the drug paraphernalia is in a place over which the person has control, and the person has the ability to control the drug paraphernalia.**

*Give if applicable.*
**Mere proximity to drug paraphernalia is not sufficient to establish the power and intention to control that drug paraphernalia when the drug paraphernalia is in a place that the person does not control.**

*Give if applicable.*
**In order to establish** (defendant's) **constructive possession of drug paraphernalia that was in a place [he] [she] did not control, the State must prove** (defendant) **(1) knew that the drug paraphernalia was within [his] [her] presence and (2) exercised control or ownership over the drug paraphernalia itself.**

*Joint possession.*
**Possession of drug paraphernalia may be sole or joint, that is, two or more persons may be aware of the presence of the drug paraphernalia and may jointly exercise control over it. In that case, each of those persons is considered to be in possession of the drug paraphernalia.**

*Inferences.*
*Exclusive control. Henderson v. State, 88 So. 3d 1060 (Fla. 1st DCA 2012); Meme v. State, 72 So. 3d 254 (Fla. 4th DCA 2011).*
**If you find that** (defendant)**:**

> a. had direct physical custody of drug paraphernalia, [or]
>
> b. was within ready reach of drug paraphernalia and the drug paraphernalia was under [his] [her] control, [or]
>
> c. had exclusive control of the place where drug paraphernalia was located,

**you may infer that [he] [she] was aware of the presence of the drug paraphernalia and had the power and intention to control it.**

**If** (defendant) **did not have exclusive control over the place where the drug paraphernalia was located, you may not infer [he] [she] had knowledge of the presence of the drug paraphernalia or the power and intention to control it, in the absence of other incriminating evidence.**

*Give if applicable. See Duncan v. State, 986 So. 2d 653 (Fla. 4th DCA 2008).*

**However, you may infer that** (defendant) **knew of the presence of the drug paraphernalia and had the power and intention to control it if [he] [she] had joint control over the place where the drug paraphernalia was located, and the drug paraphernalia was located in a common area in plain view and in the presence of the defendant.**

**To prove** (defendant) **"possessed drug paraphernalia," the State must prove beyond a reasonable doubt that [he] [she] a) knew of the existence of the drug paraphernalia and b) intentionally exercised control over that drug paraphernalia.**

*Give if applicable.*

**Control can be exercised over drug paraphernalia whether the drug paraphernalia is carried on a person, near a person, or in a completely separate location. Mere proximity to drug paraphernalia does not establish that the person intentionally exercised control over the drug paraphernalia in the absence of additional evidence. Control can be established by proof that** (defendant) **had direct personal power to control the drug paraphernalia or the present ability to direct its control by another.**

*Joint possession. Give if applicable.*

**Possession of drug paraphernalia may be sole or joint, that is, two or more persons may possess drug paraphernalia.**

*Drug Paraphernalia. § 893.145, Fla. Stat.*

**The term "drug paraphernalia" means all equipment, products, and materials of any kind which are used, intended for use, or designed for use in planting, propagating, cultivating, growing, harvesting, manufacturing, compounding, converting, producing, processing, preparing, testing, analyzing, packaging, repackaging, storing, containing, concealing, transporting, injecting, ingesting, inhaling, or otherwise introducing into the human body a controlled substance or a substance listed in § 877.111, Florida**

**Statutes].** **The Court instructs you that** (name of substance) **is a substance listed in § 877.111, Florida Statutes.**

*Give specific definition as applicable.*

1.   **Kits used, intended for use, or designed for use in planting, propagating, cultivating, growing, or harvesting of any species of plant which is a controlled substance or from which a controlled substance can be derived.**

2.   **Kits used, intended for use, or designed for use in manufacturing, compounding, converting, producing, processing, or preparing controlled substances.**

3.   **Isomerization devices used, intended for use, or designed for use in increasing the potency of any species of plant which is a controlled substance.**

4.   **Testing equipment used, intended for use, or designed for use in identifying, or in analyzing the strength, effectiveness, or purity of, controlled substances.**

5.   **Scales and balances used, intended for use, or designed for use in weighing or measuring controlled substances.**

6.   **Diluents and adulterants, such as quinine hydrochloride, caffeine, dimethyl sulfone, mannitol, mannite, dextrose, and lactose used, intended for use, or designed for use in diluting controlled substances or substances such as damiana leaf, marshmallow leaf, and mullein leaf, used, intended for use, or designed for use as carrier mediums of controlled substances.**

7.   **Separation gins and sifters used, intended for use, or designed for use in removing twigs and seeds from, or in otherwise cleaning or refining, cannabis.**

8.   **Blenders, bowls, containers, spoons, and mixing devices used, intended for use, or designed for use in compounding controlled substances.**

9.   **Capsules, balloons, envelopes, and other containers used, intended for use, or designed for use in packaging small quantities of controlled substances.**

10. Containers and other objects used, intended for use, or designed for use in storing or concealing controlled substances.

11. Hypodermic syringes, needles, and other objects used, intended for use, or designed for use in parenterally injecting controlled substances into the human body.

12. Objects used, intended for use, or designed for use in ingesting, inhaling, or otherwise introducing controlled substances or a substance listed in § 877.111, Florida Statutes, into the human body, such as:

   a. Metal, wooden, acrylic, glass, stone, plastic, or ceramic pipes with or without screens, permanent screens, hashish heads, or punctured metal bowls.

   b. Water pipes.

   c. Carburetion tubes and devices.

   d. Smoking and carburetion masks.

   e. Roach clips: meaning objects used to hold burning material, such as a cannabis cigarette, that has become too small or too short to be held in the hand.

   f. Miniature cocaine spoons, and cocaine vials.

   g. Chamber pipes.

   h. Carburetor pipes.

   i. Electric pipes.

   j. Air-driven pipes.

   k. Chillums.

   l. Bongs.

   m. Ice pipes or chillers.

*Relevant factors. § 893.146, Fla. Stat.*
**In addition to all other logically relevant factors, the following factors shall be considered in determining whether an object is drug paraphernalia:**

1.    Statements by an owner or by anyone in control of the object concerning its use.

2.    The proximity of the object, in time and space, to a direct violation of the drug laws.

3.    The proximity of the object to controlled substances.

4.    The existence of any residue of controlled substances on the object.

5.    Evidence of the intent of an owner, or of anyone in control of the object, to deliver it to persons whom [he] [she] knows, or should reasonably know, intend to use the object to facilitate a violation of the drug laws. The innocence of an owner, or of anyone in control of the object, as to a direct violation of the drug laws shall not prevent a finding that the object is intended for use, or designed for use, as drug paraphernalia.

6.    Instructions, oral or written, provided with the object concerning its use.

7.    Descriptive materials accompanying the object which explain or depict its use.

8.    Any advertising concerning its use.

9.    The manner in which the object is displayed for sale.

10.   Whether the owner, or anyone in control of the object, is a legitimate supplier of like or related items to the community, such as a licensed distributor or dealer of tobacco products.

11.   Evidence of the ratio of sales of the object or objects to the total sales of the business enterprise.

12.   The existence and scope of legitimate uses for the object in the community.

13.   Expert testimony concerning its use.

### Lesser Included Offenses

| DELIVERY, POSSESSION WITH INTENT TO DELIVER, OR MANUFACTURE WITH INTENT TO DELIVER DRUG PARAPHERNALIA — 893.147(2) | | | |
|---|---|---|---|
| **CATEGORY ONE** | **CATEGORY TWO** | **FLA. STAT.** | **INS. NO.** |
| \* Use or Possession ~~of~~ With Intent to Use Drug Paraphernalia, if Possession of Drug Paraphernalia with Intent to Deliver is charged | | 893.147(1) | 25.14 |
| | Attempt | 777.04(1) | 5.1 |

**Comments**

*It is unclear if the courts will determine that a person charged with either Delivery of Drug Paraphernalia or Manufacture with Intent to Deliver Drug Paraphernalia is necessarily charged with Use or Possession With Intent to Use Drug Paraphernalia.

This instruction was adopted in 1981 and amended in 1989 [543 So. 2d 1205], 1997 [697 So. 2d 84], 2007 [969 So. 2d 245], 2014 [153 So. 3d 192], 2016 [191 So. 3d 291], ~~and~~ 2017 [216 So. 3d 497], and 2019.

### 25.17 CONTRABAND IN COUNTY DETENTION FACILITY
§ 951.22, Fla. Stat.

**To prove the crime of Contraband in a County Detention Facility, the State must prove the following three elements beyond a reasonable doubt:**

1.    (Defendant) **had knowledge of the presence of an item.**

2.    (Defendant)

*Give as applicable.*
a.    **introduced the item into a county detention facility.**

> b. possessed the item upon the grounds of a county detention facility.
>
> c. gave the item to an inmate of a county detention facility.
>
> d. received the item from an inmate of a county detention facility.
>
> e. took the item from a county detention facility.
>
> f. attempted to [take] [send] the item from a county detention facility.

3. The item was:

*Give as applicable.*
> a. a written communication to give to or receive from an inmate.
>
> b. a recorded communication to give to or receive from an inmate.
>
> c. currency or coin to give to or receive from an inmate.
>
> d. an article of [food] [clothing] to give to or receive from an inmate.
>
> e. a tobacco product.
>
> f. a cigarette.
>
> g. a cigar.
>
> h. a beverage that causes or may cause an intoxicating effect.
>
> i. a narcotic, hypnotic, or excitative drug or drug of any kind or nature.
>
> j. a controlled substance.
>
> k. a firearm.
>
> l. any instrumentality customarily used or which is intended to be used as a dangerous weapon.

**m.** any instrumentality of any nature that may be or is intended to be used as an aid in effecting or attempting to effect an escape from a county facility.

*Definitions.*
*Give in all cases. § 951.23(1)(a), Fla. Stat.*
**"County detention facility" means a county jail, a county stockade, a county work camp, a county residential probation center, and any other place except a municipal detention facility used by a county or county officer for the detention of persons charged with or convicted of either felony or misdemeanor.**

*§ 951.23(1)(b), Fla. Stat.*
**"County residential probation center" means a county-operated facility housing offenders serving misdemeanor sentences or first-time felony sentences.**

*§ 951.23(1)(d), Fla. Stat.*
**"Municipal detention facility" means a city jail, a city stockade, a city prison camp, and any other place except a county detention facility used by a municipality or municipal officer for the detention of persons charged with or convicted of violation of municipal laws or ordinances.**

*Give as applicable.*
**To "introduce" means to put inside or into.**

*Give when the evidence involves an inmate who is not in the facility.*
**It is unlawful to [give] [receive] a contraband item [to] [from] an inmate of a county detention facility even if the inmate was outside the facility at the time the contraband item was [given] [received].**

*Give if clothing is alleged. State v. Becton, 665 So. 2d 358 (Fla. 5th DCA 1995).*
**"Clothing" means things worn to cover the body and limbs.**

*Give if currency is alleged. State v. Becton, 665 So. 2d 358 (Fla. 5th DCA 1995).*
**"Currency" means money or another commodity which is in circulation as a medium of exchange.**

*Give if weapon is alleged. State v. Fleming, 606 So. 2d 1229 (Fla. 1st DCA 1992).*

**A "weapon" is an instrument that is designed and constructed for use as a weapon, or, if the instrument is capable of being used as a weapon, the defendant used, threatened to use, or intended to use the instrument as a weapon.**

*Give if tobacco product is alleged. § 210.25(11), Fla. Stat.*

**"Tobacco products" means loose tobacco suitable for smoking; snuff; snuff flour; cavendish; plug and twist tobacco; fine cuts and other chewing tobaccos; shorts; refuse scraps; clippings, cuttings, and sweepings of tobacco, and other kinds and forms of tobacco prepared in such manner as to be suitable for chewing; but "tobacco products" does not include cigarettes or cigars.**

*Give if cigarette is alleged. § 210.01(1), Fla. Stat.*

**"Cigarette" means any roll for smoking, except one of which the tobacco is fully naturally fermented, without regard to the kind of tobacco or other substances used in the inner roll or the nature or composition of the material in which the roll is wrapped, which is made wholly or in part of tobacco irrespective of size or shape and whether such tobacco is flavored, adulterated or mixed with any other ingredient.**

*Give if a drug or controlled substance is alleged.*

**A "drug of any kind" includes [nasal inhalators] [sleeping pills] [barbiturates] [a controlled substance].** (Name of drug or controlled substance) **is a [drug] [controlled substance].**

*Give if firearm is alleged. § 790.001(6), Fla. Stat.*

**"Firearm" means any weapon (including a starter gun) which will, is designed to, or may readily be converted to expel a projectile by the action of an explosive [; the frame or receiver of any such weapon] [any firearm muffler or firearm silencer] [any destructive device] [any machine gun]. [A destructive device is** *(insert definition in § 790.001(4), Fla. Stat.)***.] [A "machine gun" is** *(insert definition in § 790.001(9), Fla. Stat.)***.]**

*Give if possession is alleged.*

~~**There are two types of possession: actual possession and constructive possession.**~~

*Actual possession.*

**Actual possession means the person is aware of the presence of the object and**

> a. **the object is in the hand of or on the person, or**
> b. **the object is in a container in the hand of or on the person, or**
> c. **the object is so close as to be within ready reach and is under the control of the person.**

*Constructive possession.*

**Constructive possession means the person is aware of the presence of the object, the object is in a place over which the person has control, and the person has the ability to control the object.**

*Give if applicable.*

**Mere proximity to an object is not sufficient to establish the power and intention to control that object when the object is in a place that the person does not control.**

*Give if applicable.*

**In order to establish** (defendant's) **constructive possession of an object that was in a place [he] [she] did not control, the State must prove** (defendant) **(1) knew that the object was within [his] [her] presence and (2) exercised control or ownership over the object itself.**

*Joint possession.*

**Possession of an object may be sole or joint, that is, two or more persons may be aware of the presence of an object and may jointly exercise control over it. In that case, each of those persons is considered to be in possession of that object.**

*Inferences.*
*Exclusive control. Henderson v. State, 88 So. 3d 1060 (Fla. 1st DCA 2012); Meme v. State, 72 So. 3d 254 (Fla. 4th DCA 2011).*
**If you find that** (defendant)**:**

> a. **had direct physical custody of the object, [or]**
> b. **was within ready reach of the object and the object was under [his] [her] control, [or]**

> c. had exclusive control of the place where the object was located,

you may infer that [he] [she] was aware of the presence of the substance and had the power and intention to control it.

If (defendant) did not have exclusive control over the place where an object was located, you may not infer [he] [she] had knowledge of the presence of the object or the power and intention to control it, in the absence of other incriminating evidence.

*Give if applicable. Duncan v. State, 986 So. 2d 653 (Fla. 4th DCA 2008).*
However, you may infer that (defendant) knew of the presence of the object and had the power and intention to control it if [he] [she] had joint control over the place where the object was located, and the object was located in a common area in plain view and in the presence of the defendant.
To prove (defendant) **"possessed an item," the State must prove beyond a reasonable doubt that [he] [she] a) knew of the existence of the item and b) intentionally exercised control over that item.**

*Give if applicable.*
Control can be exercised over an item whether the item is carried on a person, near a person, or in a completely separate location. Mere proximity to an item does not establish that the person intentionally exercised control over the item in the absence of additional evidence. Control can be established by proof that (defendant) had direct personal power to control the item or the present ability to direct its control by another.

*Joint possession. Give if applicable.*
Possession of an item may be sole or joint, that is, two or more persons may possess an item.

*Affirmative defense: Lack of knowledge of illicit nature. Give if applicable. § 893.101(2) and (3), Fla. Stat.*
Lack of knowledge of the illicit nature of a controlled substance is a defense to possession of a controlled substance. Accordingly, the defendant is not guilty of possessing a controlled substance if [he] [she] did not know of the illicit nature of the substance.

You ~~are permitted~~may but are not required to infer that (defendant) was aware of the illicit nature of the controlled substance if you find that [he] [she]

- 114 -

~~knew of the presence of~~possessed the controlled substance ~~and exercised management, control, or ownership over the substance.~~

If you are convinced beyond a reasonable doubt that (defendant) **knew of the illicit nature of the controlled substance, and all of the elements of the charge have been proved, you should find [him] [her] guilty.**

If you have a reasonable doubt on the question of whether (defendant) **knew of the illicit nature of the controlled substance, you should find [him] [her] not guilty of possession of a controlled substance.**

*Affirmative defense of permission. Give if the defendant has satisfied his or her burden of production. See Wright v. State, 442 So. 2d 1058 (Fla. 1st DCA 1983).*
**It is a defense to the crime of Contraband in a County Detention Facility if the defendant used regular channels and was authorized by the sheriff or officer in charge of the detention facility to [introduce] [possess] [give] [receive] [take] [attempt to take or send] the contraband item [into] [from] the facility. The defendant has raised this defense.**

If you have a reasonable doubt as to whether the defendant used regular channels and had authorization from the sheriff or officer in charge of the detention facility, you should find [him] [her] not guilty.

If the State proved beyond a reasonable doubt that the defendant did not use regular channels or did not have authorization from the sheriff or officer in charge of the detention facility, you should find [him] [her] guilty, if all the elements of the charge have also been proven beyond a reasonable doubt.

**Lesser Included Offenses**

| CONTRABAND IN COUNTY DETENTION FACILITIES — 951.22 | | | |
|---|---|---|---|
| **CATEGORY ONE** | **CATEGORY TWO** | **FLA. STAT.** | **INS. NO.** |
| *Possession of a Controlled Substance if a controlled substance is the contraband alleged | | 893.13(6) | 25.7 |
| | Carrying a Concealed Firearm | 790.01(2) | 10.1 |

| | Carrying a Concealed Weapon | 790.01(1) | 10.1 |
|---|---|---|---|
| | Attempt | 777.04(1) | 5.1 |

**Comments**

*It is unclear if the courts will determine that Possession of a Controlled Substance is necessarily included in a charge of Contraband in County Detention Facility, for elements other than #2b. Possession is not a necessary lesser-included offense of either Sale or Manufacture of a Controlled Substance. *State v. McCloud*, 577 So. 2d 939 (Fla. 1991); *Anderson v. State*, 447 So. 2d 236 (Fla. 1st DCA 1983).

This instruction was adopted in 1987 and amended in 1989 [543 So. 2d 1205], 2014 [153 So. 3d 192], 2016 [191 So. 3d 291], and 2017 [216 So. 3d 497], and 2019.

## 25.18 CONTRABAND IN JUVENILE [DETENTION FACILITY] [COMMITMENT PROGRAM]
§ 985.711, Fla. Stat.

**To prove the crime of Contraband in Juvenile [Detention Facility] [Commitment Program], the State must prove the following three elements beyond a reasonable doubt:**

1. (Defendant) **had knowledge of the presence of an item.**

2. (Defendant)
   *Give as applicable.*

   a. **possessed an item while upon the grounds of a juvenile [detention facility] [commitment program].**

   b. **introduced the item into or upon the grounds of a juvenile [detention facility] [commitment program].**

   c. **[took] [attempted to take] [sent] [attempted to send] an item from a juvenile [detention facility] [commitment program].**

- 116 -

      **d.**    **[transmitted] [attempted to transmit] an item to a juvenile offender into or upon the grounds of a juvenile [detention facility] [commitment program].**

      **e.**    **[caused] [attempted to cause] an item to be [transmitted to] [received by] a juvenile offender upon the grounds of a juvenile [detention facility] [commitment program].**

**3.**    **The item was:**

*Give as applicable.*
    **a.**    **an unauthorized article of [food] [clothing].**

    **b.**    **a beverage that causes or may cause an intoxicating effect.**

    **c.**    **a controlled substance.** (Name of controlled substance alleged) **is a controlled substance.**

    **d.**    **a prescription or nonprescription drug that has a hypnotic, stimulating, or depressing effect.**

    **e.**    **a firearm.**

    **f.**    **a weapon of any kind.**

    **g.**    **an explosive substance.**

*Definitions. Give as applicable.*
*§ 985.03(19), Fla. Stat.*
**A "juvenile detention facility" is a facility used pending court adjudication or disposition or execution of a court order for the temporary care of a child alleged or found to have committed a violation of law.**

**A "juvenile commitment program" is a facility used for the commitment of adjudicated delinquents.**

**"Introduce" means to put inside or into.**

*Give if clothing is alleged. State v. Becton, 665 So. 2d 358 (Fla. 5th DCA 1995).*
**"Clothing" means things worn to cover the body and limbs.**

*Give if weapon is alleged. State v. Fleming, 606 So. 2d 1229 (Fla. 1st DCA 1992).*

A "weapon" is an instrument that is designed and constructed for use as a weapon, or, if the instrument is capable of being used as a weapon, the defendant used, threatened to use, or intended to use the instrument as a weapon.

*Give if firearm is alleged. § 790.001(6), Fla. Stat.*
"Firearm" means any weapon (including a starter gun) which will, is designed to, or may readily be converted to expel a projectile by the action of an explosive [; the frame or receiver of any such weapon] [any firearm muffler or firearm silencer] [any destructive device] [any machine gun]. [A destructive device is *(insert definition in § 790.001(4), Fla. Stat.)*.] [A "machine gun" is *(insert definition in § 790.001(9), Fla. Stat.)*.]

*Give if possession is alleged.*
There are two types of possession: actual possession and constructive possession.

*Actual possession.*
Actual possession means the person is aware of the presence of the object and
> a. the object is in the hand of or on the person, or
> b. the object is in a container in the hand of or on the person, or
> c. the object is so close as to be within ready reach and is under the control of the person.

*Constructive possession.*
Constructive possession means the person is aware of the presence of the object, the object is in a place over which the person has control, and the person has the ability to control the object.

*Give if applicable.*
Mere proximity to an object is not sufficient to establish the power and intention to control that object when the object is in a place that the person does not control.

*Give if applicable.*
In order to establish (defendant's) constructive possession of an object that was in a place [he] [she] did not control, the State must prove (defendant)

**(1) knew that the object was within [his] [her] presence and (2) exercised management, control, or ownership over the object itself.**

*Joint possession.*
**Possession of an object may be sole or joint, that is, two or more persons may be aware of the presence of an object and may jointly exercise control over it. In that case, each of those persons is considered to be in possession of that object.**

*Inferences.*
*Exclusive control. Henderson v. State, 88 So. 3d 1060 (Fla. 1st DCA 2012); Meme v. State, 72 So. 3d 254 (Fla. 4th DCA 2011).*
**If you find that** (defendant)**:**

> a.    **had direct physical custody of the object, [or]**
> b.    **was within ready reach of the object and the object was under [his] [her] control, [or]**
> c.    **had exclusive control of the place where the object was located,**

**you may infer that [he] [she] was aware of the presence of the substance and had the power and intention to control it.**

**If** (defendant) **did not have exclusive control over the place where an object was located, you may not infer [he] [she] had knowledge of the presence of the object or the power and intention to control it, in the absence of other incriminating evidence.**

*Give if applicable. Duncan v. State, 986 So. 2d 653 (Fla. 4th DCA 2008).*
**However, you may infer that** (defendant) **knew of the presence of the object and had the power and intention to control it if [he] [she] had joint control over the place where the object was located, and the object was located in a common area in plain view and in the presence of the defendant.**
**To prove** (defendant) **"possessed an item," the State must prove beyond a reasonable doubt that [he] [she] a) knew of the existence of the item and b) intentionally exercised control over that item.**

*Give if applicable.*
**Control can be exercised over an item whether the item is carried on a person, near a person, or in a completely separate location. Mere proximity to an item does not establish that the person intentionally exercised control over the item in the absence of additional evidence. Control can be established by**

**proof that** (defendant) **had direct personal power to control the item or the present ability to direct its control by another.**

*Joint possession. Give if applicable.*
**Possession of an item may be sole or joint, that is, two or more persons may possess an item.**

*Affirmative defense: Lack of knowledge of illicit nature. Give if applicable. § 893.101(2) and (3), Fla. Stat.*
**Lack of knowledge of the illicit nature of a controlled substance is a defense to possession of a controlled substance. Accordingly, the defendant is not guilty of possessing a controlled substance if [he] [she] did not know of the illicit nature of the substance.**

**You** ~~are permitted~~**may but are not required to infer that** (defendant) **was aware of the illicit nature of the controlled substance if you find that [he] [she]** ~~knew of the presence of the substance and exercised control or ownership over~~ **possessed the controlled substance.**

**If you are convinced beyond a reasonable doubt that** (defendant) **knew of the illicit nature of the controlled substance, and all of the elements of the charge have been proved, you should find [him] [her] guilty.**

**If you have a reasonable doubt on the question of whether** (defendant) **knew of the illicit nature of the controlled substance, you should find [him] [her] not guilty of possession of a controlled substance.**

*Affirmative defense of permission. Give if the defendant has satisfied his or her burden of production. See Wright v. State, 442 So. 2d 1058 (Fla. 1st DCA 1983).*
**It is a defense to the crime of Contraband in Juvenile [Detention Facility] [Commitment Program] if the defendant was authorized through program policy or operating procedure or had the permission of the facility superintendent, program director, or manager of the [detention facility] [commitment program] to [possess] [introduce] [take] [attempt to take] [send] [attempt to send] [transmit] [attempt to transmit] [cause to transmit] [attempt to cause to transmit] the contraband item [into] [from] the facility. The defendant has raised this defense.**

**If you have a reasonable doubt as to whether the defendant was authorized through program policy or operating procedure or had the permission of the facility superintendent, program director, or manager of the**

[detention facility] [commitment program], you should find [him] [her] not guilty of Contraband in a Juvenile [Detention Facility] [Commitment Program].

If the State proved beyond a reasonable doubt that the defendant did not have authorization through program policy or operating procedure or did not have the permission of the facility superintendent, program director, or manager of the [detention facility] [commitment program], you should find [him] [her] guilty, if all the elements of the charge have also been proven beyond a reasonable doubt.

**Lesser Included Offenses**

| CONTRABAND IN JUVENILE FACILITY — 985.~~4046~~711 | | | |
|---|---|---|---|
| **CATEGORY ONE** | **CATEGORY TWO** | **FLA. STAT.** | **INS. NO.** |
| ~~None~~*Possession of a Controlled Substance if a controlled substance is the contraband alleged | | | |
| | Attempt (although some attempts are included as elements) | 777.04(1) | 5.1 |

**Comments**

\*It is unclear if the courts will determine that Possession of a Controlled Substance is necessarily included in a charge of Contraband in Juvenile [Detention Facility] [Commitment Program], for elements other than #2a. Possession is not a necessary lesser-included offense of either Sale or Manufacture of a Controlled Substance. *State v. McCloud*, 577 So. 2d 939 (Fla. 1991); *Anderson v. State*, 447 So. 2d 236 (Fla. 1st DCA 1983).

This instruction was adopted in March 2000 and amended in 2014 [153 So. 3d 192], 2016 [191 So. 3d 291], ~~and~~ 2017 [216 So. 3d 497], and 2019.


**25.19  UNLAWFUL SALE, MANUFACTURE, ALTERATION, DELIVERY, UTTERING OR POSSESSION OF COUNTERFEIT-RESISTANT PRESCRIPTION BLANKS FOR CONTROLLED SUBSTANCES**

§ 831.311, Fla. Stat.

**To prove the crime of Unlawful Sale, Manufacture, Alteration, Delivery, Uttering or Possession of Counterfeit-Resistant Prescription Blanks for Controlled Substances, the State must prove the following three elements beyond a reasonable doubt:**

1. (Defendant) **[sold] [manufactured] [altered] [delivered] [uttered] [possessed] any counterfeit-resistant prescription blanks for controlled substances.**

2. **The counterfeit-resistant prescription blanks for controlled substances were in the form and content established by the Department of Health pursuant to law.**

3. (Defendant) **intended [to injure or defraud any person] [to facilitate** (insert the alleged violation of s.§ 893.13, Fla. Stat. as charged in the Information)**].**

*Definitions. Give as applicable.*
**To "utter" means to pass, present or publish.**

*Possession.*
**To prove** (defendant) **"possessed counterfeit-resistant prescription blanks for controlled substances," the State must prove beyond a reasonable doubt that [he] [she] a) knew of the existence of the prescription blanks and b) intentionally exercised control over them.**

*Give if applicable.*
**Control can be exercised over prescription blanks whether they are carried on a person, near a person, or in a completely separate location. Mere proximity to prescription blanks does not establish that the person intentionally exercised control over them in the absence of additional evidence. Control can be established by proof that** (defendant) **had direct personal power to control the prescription blanks or the present ability to direct their control by another.**

*Joint possession. Give if applicable.*
**Possession of prescription blanks may be sole or joint, that is, two or more persons may possess prescription blanks.**

| UNLAWFUL SALE, MANUFACTURE, ALTERATION, DELIVERY, UTTERING OR POSSESSION OF COUNTERFEIT-RESISTANT PRESCRIPTION BLANKS FOR CONTROLLED SUBSTANCES — 831.311 | | | |
|---|---|---|---|
| **CATEGORY ONE** | **CATEGORY TWO** | **FLA. STAT.** | **INS. NO.** |
| None | | | |
| | Attempt | 777.04(1) | 5.1 |

**Comments**

The Department of Health is directed by section§ 893.065, Florida StatutesFla. Stat., to develop and adopt by rule the form and content for a counterfeit-resistant prescription blank which may be used by practitioners for the purpose of prescribing a controlled substance listed in Schedule II, Schedule III, or Schedule IV.

This instruction was adopted in 2009 [3 So. 3d 1172], and amended in 2019.

## 25.20 POSSESSION OF CONTRABAND [IN] [UPON THE GROUNDS OF] A STATE CORRECTIONAL INSTITUTION
§ 944.47(1)(c) Fla. Stat.

**To prove the crime of Possession of Contraband [In] [Upon the Grounds of] a State Correctional Facility, the State must prove the following two elements beyond a reasonable doubt:**

1. (Defendant) **possessed**

   *Give as applicable.*
   a. **[written or recorded communication] [currency or coin] [an article of [food][clothing]] that was [given or transmitted] [intended to be given or transmitted] to an inmate of a state correctional institution.**

**b.** [an intoxicating beverage] [a beverage which causes or may cause an intoxicating effect.]

**c.** a controlled substance. (Name of controlled substance) **is a controlled substance.**

**d.** any prescription or non-prescription drug having a hypnotic, stimulating, or depressing effect.

**e.** [a firearm] [a weapon of any kind] [an explosive substance].

**f.** any [cellular telephone] [portable communication device] intentionally and unlawfully introduced inside the secure perimeter of the state correctional institution.

**2.** At the time, (defendant) **was [an inmate] [upon the grounds] of a state correctional facility.**

*Give in all cases. § 944.02(8), Fla. Stat.*
**"State correctional facility" means any prison, road camp, prison industry, prison forestry camp, or any prison camp or prison farm or other correctional facility, temporary or permanent, in which prisoners are housed, worked, or maintained, under the custody and jurisdiction of the Department of Corrections.**

*Give if clothing is alleged. State v. Becton, 665 So. 2d 358 (Fla. 5th DCA 1995).*
**"Clothing" means things worn to cover the body and limbs.**

*Give if currency is alleged. State v. Becton, 665 So. 2d 358 (Fla. 5th DCA 1995).*
**"Currency" means money or another commodity which is in circulation as a medium of exchange.**

*Give if weapon is alleged. State v. Fleming, 606 So. 2d 1229 (Fla. 1st DCA 1992).*
**A "weapon" is an instrument that is designed and constructed for use as a weapon, or, if the instrument is capable of being used as a weapon, the defendant used, threatened to use, or intended to use the instrument as a weapon.**

*Give if firearm is alleged. § 790.001(6), Fla. Stat.*
**"Firearm" means any weapon (including a starter gun) which will, is designed to, or may readily be converted to expel a projectile by the action of an explosive [; the frame or receiver of any such weapon] [any firearm muffler or firearm silencer] [any destructive device] [any machine gun]. [A destructive device is** *(insert definition in § 790.001(4), Fla. Stat.)***.] [A "machine gun" is** *(insert definition in § 790.001(9), Fla. Stat.)***.]**

*Give if portable communication device is alleged. § 944.47(1)(a)6, Fla. Stat.*
**The term "portable communication device" means any device carried, worn, or stored which is designed or intended to receive or transmit verbal or written messages, access or store data, or connect electronically to the Internet or any other electronic device and which allows communications in any form. Such devices include, but are not limited to, portable two-way pagers, hand-held radios, cellular telephones, Blackberry-type devices, personal digital assistants or PDA's, laptop computers, or any components of these devices which are intended to be used to assemble such devices. The term also includes any new technology that is developed for similar purposes. [Excluded from this definition is any device having communication capabilities which has been approved or issued by the department for investigative or institutional security purposes or for conducting other state business.]**

*Possession.*
~~**There are two types of possession: actual possession and constructive possession.**~~

*~~Actual possession.~~*
~~**Actual possession means the person is aware of the presence of the object and**~~

> ~~a. **the object is in the hand of or on the person, or**~~
> ~~b. **the object is in a container in the hand of or on the person, or**~~
> ~~c. **the object is so close as to be within ready reach and is under the control of the person.**~~

*~~Constructive possession.~~*
~~**Constructive possession means the person is aware of the presence of the object, the object is in a place over which the person has control, and the person has the ability to control the object.**~~

*Give if applicable.*
**Mere proximity to an object is not sufficient to establish the power and intention to control that object when the object is in a place that the person does not control.**

*Give if applicable.*
**In order to establish** (defendant's) **constructive possession of an object that was in a place [he] [she] did not control, the State must prove** (defendant) **(1) knew that the object was within [his] [her] presence and (2) exercised control or ownership over the object itself.**

*Joint possession.*
**Possession of an object may be sole or joint, that is, two or more persons may be aware of the presence of an object and may jointly exercise control over it. In that case, each of those persons is considered to be in possession of that object.**

*Inferences.*
*Exclusive control. Henderson v. State, 88 So. 3d 1060 (Fla. 1st DCA 2012); Meme v. State, 72 So. 3d 254 (Fla. 4th DCA 2011).*
**If you find that** (defendant)**:**

> a.     **had direct physical custody of the object, [or]**
> b.     **was within ready reach of the object and the object was under [his] [her] control, [or]**
> c.     **had exclusive control of the place where the object was located,**

**you may infer that [he] [she] was aware of the presence of the substance and had the power and intention to control it.**

**If** (defendant) **did not have exclusive control over the place where an object was located, you may not infer [he] [she] had knowledge of the presence of the object or the power and intention to control it, in the absence of other incriminating evidence.**

*Give if applicable. Duncan v. State, 986 So. 2d 653 (Fla. 4th DCA 2008).*
**However, you may infer that** (defendant) **knew of the presence of the object and had the power and intention to control it if [he] [she] had joint**

**control over the place where the object was located, and the object was located in a common area in plain view and in the presence of the defendant.**

**To prove** (defendant) **"possessed an item," the State must prove beyond a reasonable doubt that [he] [she] a) knew of the existence of the item and b) intentionally exercised control over that item.**

*Give if applicable.*
**Control can be exercised over an item whether the item is carried on a person, near a person, or in a completely separate location. Mere proximity to an item does not establish that the person intentionally exercised control over the item in the absence of additional evidence. Control can be established by proof that** (defendant) **had direct personal power to control the item or the present ability to direct its control by another.**

*Joint possession. Give if applicable.*
**Possession of an item may be sole or joint, that is, two or more persons may possess anitem.**

*Affirmative defense: Lack of knowledge of illicit nature. Give if applicable. § 893.101(2) and (3), Fla. Stat.*
**Lack of knowledge of the illicit nature of a controlled substance is a defense to the crime of Possession of a Controlled Substance. Accordingly, the defendant is not guilty of possessing a controlled substance if [he] [she] did not know of the illicit nature of the substance.**

**You** ~~are permitted~~**may but are not required to infer that** (defendant) **was aware of the illicit nature of the controlled substance if you find that [he] [she]** ~~knew of the presence of the substance and exercised control or ownership over~~ **possessed the controlled substance.**

**If you are convinced beyond a reasonable doubt that** (defendant) **knew of the illicit nature of the controlled substance, and all of the elements of the charge have been proved, you should find [him] [her] guilty.**

**If you have a reasonable doubt on the question of whether** (defendant) **knew of the illicit nature of the controlled substance, you should find [him] [her] not guilty of possession of a controlled substance.**

*Affirmative defense: Authorization. Give if the defendant has satisfied his or her burden of production. See Wright v. State, 442 So. 2d 1058 (Fla. 1st DCA 1983).*

It is a defense to the crime of Possession of Contraband [In] [Upon the Grounds of] a State Correctional Facility if the defendant was authorized by the officer in charge of the correctional institution to possess the item [in] [upon the grounds of] a state correctional institution. The defendant has raised this defense.

If you have a reasonable doubt as to whether the defendant had authorization from the officer in charge of the correctional institution, you should find [him] [her] not guilty.

If the State proved beyond a reasonable doubt that the defendant did not have authorization from the officer in charge of the correctional institution, you should find [him] [her] guilty, if all the elements of the charge have also been proven beyond a reasonable doubt.

**Lesser Included Offenses**

| POSSESSION OF CONTRABAND [IN] [UPON THE GROUNDS OF] A STATE CORRECTIONAL INSTITUTION — 944.47(1)(c) | | | |
|---|---|---|---|
| CATEGORY ONE | CATEGORY TWO | FLA. STAT. | INS. NO. |
| Possession of a Controlled Substance, if a controlled substance is the contraband alleged | | 893.13 | 25.7 |
| | Possession of a Firearm or a Concealed Weapon By a Convicted Felon, if a firearm or concealed weapon is the contraband alleged and the possessor is an inmate. | 790.23 | 10.15 |
| | Carrying a Concealed Firearm | 790.01(2) | 10.1 |
| | Carrying a Concealed Weapon | 790.01(1) | 10.1 |
| | Attempt | 777.04(1) | 5.1 |

**Comment**

This instruction was adopted in 2014 [153 So. 3d 192] and amended in 2016 [191 So. 3d 291], ~~and~~ 2017 [216 So. 3d 497], and 2019.

**25.21 [INTRODUCTION] [REMOVAL] OF CONTRABAND [INTO] [FROM] A STATE CORRECTIONAL INSTITUTION**
§ 944.47(1)(a), Fla. Stat.

**To prove the crime of [Introduction] [Removal] of Contraband [into] [from] a State Correctional Institution, the State must prove the following [three] [four] elements beyond a reasonable doubt:**

1.  (Defendant) **[introduced into or upon the grounds of] [took] [attempted to [take] [send]] an item [into] [from] a state correctional institution.**

2.  (Defendant) **had knowledge of the presence of the item.**

3.  **The item was:**

    *Give as applicable.*
    a.  **a [written] [recorded] communication.**

    b.  **[currency] [or] [coin].**

    c.  **an article of [food] [clothing].**

    d.  **an intoxicating beverage or a beverage which causes or may cause an intoxicating effect.**

    e.  **a controlled substance.** (Name of controlled substance) **is a controlled substance.**

    f.  **any prescription or nonprescription drug having a hypnotic, stimulating, or depressing effect.**

    g.  **[a firearm] [a weapon of any kind] [an explosive substance].**

> h. any [cellular telephone] [or] [portable communication device] intentionally and unlawfully introduced inside the secure perimeter of a state correctional institution].

*Give element #4 if element #3a, 3b, or 3c is given.*

**4.** (Defendant) **[gave or transmitted] [or] [intended to give or transmit] the [written communication] [recorded communication] [currency] [coin] [article of food] [article of clothing] to an inmate of the state correctional institution.**

*Give in all cases. State Correctional Facility. § 944.02(8), Fla. Stat.*
**"State correctional facility" means any prison, road camp, prison industry, prison forestry camp, or any prison camp or prison farm or other correctional facility, temporary or permanent, in which prisoners are housed, worked, or maintained, under the custody and jurisdiction of the Department of Corrections.**

*Give if firearm is alleged. § 790.001(6), Fla. Stat.*
**"Firearm" means any weapon (including a starter gun) which will, is designed to, or may readily be converted to expel a projectile by the action of an explosive [; the frame or receiver of any such weapon] [any firearm muffler or firearm silencer] [any destructive device] [any machine gun]. [A destructive device is** *(insert definition in § 790.001(4), Fla. Stat.)*.**] [A "machine gun" is** *(insert definition in § 790.001(9), Fla. Stat.)*.**]**

*Give if clothing is alleged. State v. Becton, 665 So. 2d 358 (Fla. 5th DCA 1995).*
**"Clothing" means things worn to cover the body and limbs.**

*Give if currency is alleged. State v. Becton, 665 So. 2d 358 (Fla. 5th DCA 1995).*
**"Currency" means money or another commodity which is in circulation as a medium of exchange.**

*Give if weapon is alleged. State v. Fleming, 606 So. 2d 1229 (Fla. 1st DCA 1992).*
**A "weapon" is an instrument that is designed and constructed for use as a weapon, or, if the instrument is capable of being used as a weapon, the defendant used, threatened to use, or intended to use the instrument as a weapon.**

*Give if portable communication device is alleged. § 944.47(1)(a)(6), Fla. Stat.*

**"Portable communication device" means any device carried, worn, or stored which is designed or intended to receive or transmit verbal or written messages, access or store data, or connect electronically to the Internet or any other electronic device and which allows communications in any form. Such devices include, but are not limited to, portable two-way pagers, hand-held radios, cellular telephones, Blackberry-type devices, personal digital assistants or PDA's, laptop computers, or any components of these devices which are intended to be used to assemble such devices. The term also includes any new technology that is developed for similar purposes. [Excluded from this definition is any device having communication capabilities which has been approved or issued by the department for investigative or institutional security purposes or for conducting other state business.]**

*Affirmative defense: Lack of knowledge of illicit nature. Give if applicable. § 893.101(2) and (3), Fla. Stat.*

**Lack of knowledge of the illicit nature of a controlled substance is a defense to this charge. Accordingly, the defendant is not guilty of this charge if [he] [she] did not know of the illicit nature of the controlled substance.**

**You ~~are permitted~~may but are not required to infer that** (defendant) **was aware of the illicit nature of the controlled substance if you find that [he] [she] ~~knew of the presence of the substance and exercised control or ownership over~~ possessed the controlled substance.**

**To prove** (defendant) **"possessed a substance," the State must prove beyond a reasonable doubt that [he] [she] a) knew of the existence of the substance and b) intentionally exercised control over that substance.**

*Give if applicable.*
**Control can be exercised over a substance whether the substance is carried on a person, near a person, or in a completely separate location. Mere proximity to a substance does not establish that the person intentionally exercised control over the substance in the absence of additional evidence. Control can be established by proof that** (defendant) **had direct personal power to control the substance or the present ability to direct its control by another.**

*Joint possession. Give if applicable.*

**Possession of a substance may be sole or joint, that is, two or more persons may possess a substance.**

**If you are convinced beyond a reasonable doubt that** (defendant) **knew of the illicit nature of the controlled substance, and all of the elements of the charge have been proven, you should find [him] [her] guilty.**

**If you have a reasonable doubt as to whether** (defendant) **knew of the illicit nature of the controlled substance, you should find [him] [her] not guilty.**

*Affirmative defense: Authorization. Give if the defendant has satisfied his or her burden of production. See Wright v. State, 442 So. 2d 1058 (Fla. 1st DCA 1983).*

**It is a defense to the crime of [Introduction] [Removal] of Contraband [into] [from] a State Correctional Institution if the defendant used regular channels and was authorized by the officer in charge of the correctional institution to [introduce] [take] [send] the item [into] [from] the state correctional institution. The defendant has raised this defense.**

**If you have a reasonable doubt as to whether the defendant used regular channels and had authorization from the officer in charge of the correctional institution, you should find [him] [her] not guilty.**

**If the State proved beyond a reasonable doubt that the defendant did not use regular channels or did not have authorization from the officer in charge of the correctional institution, you should find [him] [her] guilty, if all the elements of the charge have also been proven beyond a reasonable doubt.**

**Lesser Included Offenses**

| [INTRODUCTION] [REMOVAL] OF CONTRABAND [INTO] [FROM] A STATE CORRECTIONAL INSTITUTION — 944.47(1)(a) | | | |
|---|---|---|---|
| CATEGORY ONE | CATEGORY TWO | FLA. STAT. | INS. NO. |
| *Possession of a Controlled Substance, if a controlled substance is the contraband alleged | | 893.13 | 25.7 |
| | Possession of a Firearm or a Concealed Weapon By | 790.23 | 10.15 |

| | | | |
|---|---|---|---|
| | a Convicted Felon, if a firearm or concealed weapon is the contraband alleged and the possessor is an inmate. | | |
| | Carrying a Concealed Firearm | 790.01(2) | 10.1 |
| | Carrying a Concealed Weapon | 790.01(1) | 10.1 |

**Comments**

*It is unclear if the courts will determine that Possession of a Controlled Substance is necessarily included in a charge of [Introduction] [Removal] of Contraband [Into] [From] a State Correctional Institution. Possession is not a necessary lesser-included offense of either Sale or Manufacture of a Controlled Substance. *State v. McCloud*, 577 So. 2d 939 (Fla. 1991); *Anderson v. State*, 447 So. 2d 236 (Fla. 1st DCA 1983).

This instruction was adopted in 2014 [153 So. 3d 192] and amended in 2016 [191 So. 3d 291], and 2017 [216 So. 3d 497], and 2019.